Jeffrey L. Chase
E-mail: *jchase@herzfeld-rubin.com*
Michael B. Gallub
E-mail: *mgallub@herzfeld-rubin.com*
Homer B. Ramsey
E-mail: hramsey@herzfeld-rubin.com
Herzfeld & Rubin, P.C.
125 Broad Street
New York, N.Y. 10004
Telephone (212) 471-8500; Facsimile (212) 344-3333
(Admitted *Pro Hac Vice*)

Craig L. Winterman (Bar No. 75220)
E-mail: *cwinterman@hrllp-law.com*
Herzfeld & Rubin LLP
10866 Wilshire Boulevard, Suite 800
Los Angeles, CA 90024
Telephone: (310) 553-0451; Facsimile (310) 553-0648
Attorneys for Defendant,
VOLKSWAGEN GROUP OF AMERICA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY COFFENG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VOLKSWAGEN AKTIENGESELLSCHAFT, AUDI AKTIENGESELSCHAFT AND VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Defendants. | Case No. 3:17-cv-01825-JD <br><br> **VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:  September 21, 2017 <br> Time:  10:00 a.m. <br> Courtroom: 11 <br> Judge: Hon. James Donato |

**NOTICE OF MOTION AND MOTION TO DISMISS:**

    **PLEASE TAKE NOTICE** that on September 21, 2017 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable James Donato in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Volkswagen Group of America, Inc. will, and hereby does, move the Court for an order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b).

    VWGoA seeks dismissal of the Complaint on the grounds that Plaintiff fails to state any claim upon which relief can be granted and lacks Article III standing to pursue some of his claims.

    This Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, the Complaint and matters incorporated or referenced therein, the Declaration of Robert Cameron, matters that may be judicially noticed, other documents filed in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  August 14, 2017                    Respectfully submitted,

                                           Herzfeld & Rubin, P.C.


                                           By: /s/ Michael B. Gallub (Pro Hac Vice)
                                              ATTORNEYS FOR DEFENDANT
                                              VOLKSWAGEN GROUP OF AMERICA, INC.

## TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ................................................................................. III

STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3) ............................ VII

STATEMENT OF RELEVANT FACTS AND PRELIMINARY STATEMENT ...................... 1

ARGUMENT .................................................................................................... 3

   I.     THE EXPRESS WARRANTY CLAIM MUST BE DISMISSED........................ 3

   II.    THE IMPLIED WARRANTY CLAIM MUST BE DISMISSED........................ 6

   III.   PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM
        FAILS .............................................................................................7

   IV.   PLAINTIFF'S CLRA AND UCL CLAIMS MUST BE DISMISSED.................7

      A.    Plaintiff's CLRA and UCL Claims are Time Barred ................................7

      B.    Plaintiff's CLRA and UCL Claims Fail to Satisfy Rule 9(b) ....................9

      C.    Plaintiff's UCL and CLRA Claims Seek Solely Equitable
           Relief and Must Be Dismissed Because Plaintiff Has
           Pleaded Remedies at Law and Lacks Standing ...................................... 11

      D.    Plaintiff Fails to Adequately Plead that VWGoA Knew of
           the Alleged Defect at the Time of His Purchase ..................................... 12

      E.    Plaintiff Fails to Adequately Plead Reliance.............................................. 13

   V.    PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM
        FAILS ............................................................................................. 14

   VI.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS ................................. 14

   VII.  DISMISSAL OF CLAIM FOR INJUNCTIVE AND DECLARATORY
        RELIEF ........................................................................................... 15

CONCLUSION.................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am. Inc.*,
    795 F.2d 238 (2d Cir. 1986) ................................................................................................. 3

*Aron v. U-Haul Co. of Cal.*
    143 Cal. App. 4th 796 (2006) ........................................................................................... 3, 4

*Baba v. Hewlett Packard Co.*,
    2011 U.S. Dist. LEXIS 8527 (N.D. Cal. Jan. 28, 2011) .................................................... 12

*Berenblat v. Apple, Inc.*,
    2009 U.S. Dist. LEXIS 80734 (N.D. Cal. Aug. 21, 2009) .................................................. 9

*Bird v. First Alert, Inc.*,
    2014 U.S. Dist. LEXIS 176390 (N.D. Cal. Dec. 19, 2014) ............................................... 11

*Burdt v. Whirlpool Corp.*,
    2015 U.S. Dist. LEXIS 102761 (N.D. Cal. Aug. 5, 2015) ................................................. 12

*Callaghan v. BMW of North America, LLC*,
    2014 U.S. Dist. LEXIS 164290 (N.D. Cal. Nov. 21, 2014) ............................................... 12

*Cardinal Health 301, Inc. v. Tyco elec. Corp.*,
    169 Cal. App. 4th 116 (2008) .............................................................................................. 7

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ......................................................................................... 3, 6

*Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*,
    2011 U.S. Dist. LEXIS 38656 (M.D. Fla. Apr. 8, 2011) ................................................... 10

*Daugherty v. American Honda Motor Co.*, Inc.,
    144 Cal. App. 4th 824 (2006) .............................................................................................. 3

*Dean Witter Reynolds, Inc. v. Super. Ct.*,
    211 Cal. App. 3d 758 (1989) ............................................................................................... 4

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (Cal. Ct. App. 2010) ................................................................... 15

*Durkee v. Ford Motor Co.*,
    2014 U.S. Dist. LEXIS 122857 (N.D. Cal. Sep. 2, 2014) ................................................. 11

*Durkee v. Ford Motor Co.*,
    2014 U.S. Dist. LEXIS 177339 (N.D. Cal. Dec. 24, 2014) ............................................. 6, 7

iii

*Ehrlich v. BMW of N. Am., LLC,*
    801 F. Supp. 2d 908 (C.D. Cal. Aug. 11, 2010) ..................................................... 13, 14

*Elias v. Hewlett-Packard Co.,*
    903 F. Supp. 2d 843 (N.D. Cal. 2012) .................................................................. 3

*Elias v. Hewlett-Packard Co.,*
    950 F. Supp. 2d 1123 (N.D. Cal. 2013) ................................................................ 12

*Fonseca v. Goya Foods, Inc.,*
    2016 U.S. Dist. LEXIS 121716 (N.D. Cal. Sep. 8, 2016) .................................. 11, 15

*Gertz v. Toyota Motor Corp.,*
    2011 U.S. Dist. LEXIS 94183 (C.D. Cal. Aug. 22, 2011) ..................................... 5

*Gonzales v. Mazda Motor Corp.,*
    2017 U.S. Dist. LEXIS 2318 (N.D. Cal. Jan 5, 2017) ........................................ 6

*Grodzitsky v. Am. Honda Motor Co.,*
    2013 U.S. Dist. LEXIS 33387 (C.D. Cal. Feb. 19 2013) ..................................... 12

*Hall v. Sea World Entm't, Inc.,*
    2015 U.S. Dist. LEXIS 174294 (S.D. Cal. Dec. 23, 2015) ................................. 14

*Harris v. Bank of Am., NA,*
    596 Fed. Appx. 581 (9th Cir. 2015) .................................................................. 9

*In re Seagate Tech. LLC Litig.,*
    2017 U.S. Dist. LEXIS 18745 (N.D. Cal. Feb. 9, 2017) ...................................... 6

*In re Sony PS3 Other OS Litig.,*
    551 F. Appx. 916 (9th Cir. 2014) .................................................................... 7

*Kay v. Wells Fargo & Co. N.A.,*
    2007 U.S. Dist. LEXIS 55519 (N.D. Cal. July 24, 2007) ................................... 8

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ......................................................................... 9

*Keilholtz v. Lennox Hearth Prods.,*
    2009 U.S. Dist. LEXIS 81108 (N.D. Cal. Sep. 8, 2009) ................................. 7, 8, 15

*Kirsopp v. Yamaha Motor Co. Ltd.,*
    2015 U.S. Dist. LEXIS 68639 (C.D. Cal. Jan. 7, 2015) .................................... 6, 8

*Lee v. Toyota Motor Sales, U.S.A., Inc.,*
    992 F. Supp. 2d 962 (C.D. Cal. 2014) ............................................................. 5, 9

*Marchante v. Sony Corp. of Am., Inc.,*
    801 F. Supp. 2d 1013 (S.D. Cal. 2011) ............................................................ 4

iv

*Marchetti v. Superior Court of California*,
2016 U.S. Dist. LEXIS 120899 (N.D. Cal. Sept. 7, 2016).....................................15

*Martinez v. Wells Fargo Home Mortg., Inc.*,
598 F.3d 549 (9th Cir. 2010).....................................13

*McCarn v. HSBC USA, Inc.*,
2012 U.S. Dist. LEXIS 162257 (E.D. Cal. Nov. 9, 2012) .....................................8

*McKinney v. Google, Inc.*,
2011 U.S. Dist. LEXIS 97958 (N.D. Cal. Aug. 30, 2011) .....................................13

*Minkler v. Apple, Inc.*,
65 F. Supp. 3d 810 (N.D. Cal. Aug. 20, 2014).....................................14

*Moss v. Infinity Ins. Co.*,
2016 U.S. Dist. LEXIS 91757 (N.D. Cal. July 14, 2016) .....................................11

*Myers v. BMW of N. Am., LLC*,
2016 U.S. Dist. LEXIS 140768 (N.D. Cal. Oct. 11, 2016) .....................................13, 14

*Palmer v. Apple Inc.*,
2016 U.S. Dist. LEXIS 51823 (N.D. Cal. Apr. 15, 2016).....................................10

*Park-Kim v. Daikin Indus.*,
2016 U.S. Dist. LEXIS 158056 (C.D. Cal. Nov. 14, 2016) .....................................11

*Perez v. Nidek Co.*,
711 F.3d 1109 (9th Cir. 2013).....................................11

*Resnick v. Hyundai Motor Am., Inc.*,
2016 U.S. Dist. LEXIS 160179 (C.D. Cal. Nov. 14, 2016) .....................................4

*Richards v. Safeway Inc.*,
2014 U.S. Dist. LEXIS 143936 (N.D. Cal. Sep. 22, 2014).....................................9, 11

*Saliter v. Pierce Brothers Mortuaries*,
81 Cal. App. 3d 292 (Cal. Ct. App. 1978).....................................7

*Sears, Roebuck & Co. v. Tyco Fire Prods. LP*,
833 F. Supp. 2d 892 (N.D. Ill. 2011) .....................................10

*Sloan v. Gm LLC*,
2017 U.S. Dist. LEXIS 120851 (N.D. Cal. Aug. 1, 2017).....................................5, 13

*Smith v. Ford Motor Co.*,
749 F. Supp. 2d 980 (N.D. Cal. Sep. 13, 2010) .....................................4

*Smith v. LG Elecs. U.S.A., Inc*,
2014 U.S. Dist. LEXIS 31577 (N.D. Cal. March 11, 2014) .....................................5, 9

v

*Troup v. Toyota Motor Corp.*,
     545 F. App'x. 668 (9th Cir. 2013)...................................................................4, 7

*Wilson v. Hewlett-Packard Co.*,
     668 F.3d 1136 (9th Cir. 2012)...................................................................12

*Yamauchi v. Cotterman*,
     84 F. Supp. 3d 993 (N.D. Cal. Mar. 24, 2015) ......................................14

*Yumul v. Smart Balance, Inc.*,
     733 F. Supp. 2d 1117 (C.D. Cal. May 24, 2010) ....................................8

**Statutes**

Cal. Comm. Code § 2316 .............................................................................6

Cal. Comm. Code § 2725 ..........................................................................5, 7

**Other Authorities**

Fed. R. Civ. P. 9(b)...........................................................................*passim*

Fed. R. Civ. P. 12(b)(1) .............................................................................15

Fed. R. Civ. P. 12(b)(6) .............................................................................15

Rule 8 ...................................................................................................viii, 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HERZFELD&
RUBIN,P.C.
ATTORNEYS AT LAW

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

<u>STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(a)(3)</u>

1.  Whether Plaintiff's first, second, third, and seventh causes of action for alleged breach of express warranty, implied warranty of merchantability, Magnuson-Moss Warranty Act, and unjust enrichment should be dismissed pursuant to the applicable statutes of limitations and for failure to allege facts plausibly stating a claim upon which relief can be granted.

2.  Whether Plaintiff's fourth, fifth, and sixth causes of action under the Consumers Legal Remedies Act, Unfair Competition Law, and negligent misrepresentation, sounding in fraud, should be dismissed pursuant to the applicable statutes of limitations and for failure to plead said claims with the particularity required by Rule 9(b), and failure to allege facts plausibly stating a claim upon which relief can be granted under Rule 8.

3.   Whether Plaintiff's eighth cause of action for injunctive and declaratory relief should be dismissed because it is not an independent cause of action, and whether Plaintiff lacks Article III standing to assert his injunctive relief claims.

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

## STATEMENT OF RELEVANT FACTS AND PRELIMINARY STATEMENT

Plaintiff, a California resident, allegedly purchased a new 2011 Audi A4 (the "vehicle") from a California Audi dealer.  Compl. ¶ 10.  As reflected in the Retail Installment Sale Contract, attached as Exhibit B to the Cameron Declaration, Plaintiff purchased the vehicle on December 9, 2010.  The Complaint alleges that the vehicle contained a "defective" water pump, which purportedly fails after the expiration of the  4-year/50,000 written express warranty but prior to what Plaintiff unilaterally declares to be the 120,000 mile "useful life" of the engine. Compl. ¶¶ 6, 42-43, n.7.  While Plaintiff asserts a vague and conclusory allegation, without date(s), vehicle mileage or other details, that he purportedly complained about smelling engine coolant to an Audi dealer during the warranty period, *id*., ¶ 10, Plaintiff admits that the water pump failure occurred after the expiration of the warranty period.  *Id*., ¶ 43.

All of Plaintiff's claims are barred by the applicable statutes of limitations.  The longest statute of limitations for any of Plaintiff's claims is the four-year statute for breach of warranty claims and claims under California's Unfair Competition Law, both of which began to run at the time of purchase.  Plaintiff commenced this action more than six years after he purchased his vehicle on December 9, 2010, rendering all of his claims time-barred.  As explained in detail below, Plaintiff's conclusory allegations of tolling—which do not satisfy Rule 8 standards, let alone the heightened particularity requirements of Rule 9(b) where applicable—do not require a different result.

Plaintiff's claims also fail because this action is essentially an impermissible attempt to circumvent the 4-year/50,000-mile term of the New Vehicle Limited Warranty ("NVLW") provided with Plaintiff's vehicle and transform it into a "lifetime" warranty.  Compl. n. 7; Cameron Decl. Ex. A, p.7.  Plaintiff does <u>not</u> allege that the water pump of his, or any other Audi or Volkswagen vehicle, ever failed within its express warranty period.  Although Plaintiff alleges that his vehicle "exhibited unmistakable symptoms (known only by the defendants) of degradation and impending premature failure" during the warranty period, his express warranty claim is foreclosed by his specific admission that his water pump functioned throughout the warranty period and did not fail until after its expiration.  *See* Compl. ¶¶ 42-43.

1      Furthermore, Plaintiff does not and cannot allege that Defendant Volkswagen Group of

2 America, Inc. ("VWGoA") ever stated that the subject vehicle, including its water pump, would

3 function without incident and/or not need repairs for the so-called "lifetime" of the vehicle.

4 Indeed, the Complaint admits that the water pump was covered only for the earlier of 4 years or

5 50,000 miles.  Compl., at n.7.  Despite the express limitations of the warranty, and in the absence

6 of any affirmative contrary representations by VWGoA, Plaintiff relies on the allegation that

7 "USA Warranty and Maintenance booklets for Class Vehicles have maintenance schedules that

8 extend to 120,000 miles" and "[t]here is no scheduled maintenance or replacement recommended

9 for…water pumps."  Compl. at n.4.  Plaintiff thus asserts—incredibly—that because the water

10 pump system was not mentioned in a maintenance schedule, Defendant somehow guaranteed that

11 it would never malfunction.  It simply does not follow (and no reasonable consumer could

12 conclude) that VWGoA affirmatively represented that the water pump would be impervious to

13 wear or malfunction for 120,000 miles.

14      Nor does the Complaint plead facts sufficient to support a fraudulent omission claim.

15 Plaintiff relies on design changes and complaints to the National Highway Traffic Safety

16 Administration ("NHTSA")—which post-date Plaintiff's purchase of his vehicle—to suggest that

17 VWGoA knew of and failed to disclose a defect in the water pump.  First, Plaintiff pleads no

18 facts as to how any redesign addressed any purported defect in the water pump and thus fails to

19 demonstrate VWGoA's knowledge of any defect based on any redesign.  Additionally, Plaintiff

20 does not and cannot plead any facts demonstrating that VWGoA received or was aware of any

21 complaints made to NHTSA or of any other consumer complaints regarding the subject vehicle's

22 water pump before he purchased his vehicle.

23      In addition to statutory fraud claims and breach of express and implied warranty claims,

24 the Complaint also asserts claims for violation of the Magnuson-Moss Warranty Act, negligent

25 misrepresentation, unjust enrichment, and injunctive and declaratory relief.  As demonstrated

26 below, all of these claims, no matter how clothed, are transparent attempts to circumvent the

27 written warranty and should be dismissed for the reasons discussed below.

28

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

**ARGUMENT**

**I.      THE EXPRESS WARRANTY CLAIM MUST BE DISMISSED**

Plaintiff's claim for breach of express warranty premised upon the NVLW must be dismissed.  The rule in California "is that an express warranty 'does not cover repairs made after the applicable time or mileage periods have elapsed.'"  *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006), quoting *Abraham v. Volkswagen of Am. Inc.*, 795 F.2d 238, 251 (2d Cir. 1986).  Since the Complaint concedes that the subject water pump allegedly failed and needed replacement after the expiration of the applicable warranty period, Plaintiff's claim must be dismissed.  Compl. ¶¶ 42-43; *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008) ("The repairs in this case were made after the warranty period expired. Therefore, we affirm the dismissal of the express warranty claims."); *Elias v. Hewlett-Packard Co.,* 903 F. Supp. 2d 843, 850 (N.D. Cal. 2012).  Plaintiff's allegation that Defendants "knew" of the alleged defect prior to sale does not save his barred claim.  Compl. ¶ 70; *see Clemens,* 534 F.3d at 1022 (affirming dismissal of breach of express warranty claim even though plaintiff alleged that the defect "existed before the warranty expired, and that DaimlerChrysler had knowledge of the defect at the time of sale"); *Daugherty,* 144 Cal. App. 4th at 830 ("[V]irtually all product failures discovered in automobiles after expiration of the warranty can be attributed to a 'latent defect' that existed at the time of sale or during the term of the warranty. All parts will wear out sooner or later and thus have a limited effective life. Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. … [M]anufacturers … can always be said to 'know' that many parts will fail after the warranty period has expired. A rule that would make failure of a part actionable based on such 'knowledge' would render meaningless time/mileage limitations in warranty coverage.").

Plaintiff cannot circumvent the dismissal of his claim by alleging the time and mileage limitations to be "unconscionable."  Compl. ¶¶ 66.  A contract or clause is unconscionable when it is both procedurally and substantively unconscionable.  *Aron v. U-Haul Co. of Cal.*  143 Cal.

3

App. 4th 796, 808 (2006). Plaintiff fails sufficiently to allege either here. Procedural unconscionability focuses on "oppression and surprise," such as plaintiff's ability to review the terms of the contract and the existence of a meaningful choice at the time of contracting. *Id.*; *Resnick v. Hyundai Motor Am., Inc.,* 2016 U.S. Dist. LEXIS 160179, *25 (C.D. Cal. Nov. 14, 2016). The NVLW applicable to Plaintiff's vehicle is not procedurally unconscionable. Plaintiff does not and cannot allege that he lacked meaningful choices including brand, year, make, model, and warranties of vehicles available for purchase, or that he was deprived of the opportunity to read, review, and understand the warranty terms for the vehicle he purchased. *Resnick,* 2016 U.S. Dist. LEXIS 160179, at *26 (holding that where plaintiffs "do not plead that they lacked any other reasonable alternatives (i.e., other vehicles they could have purchased), or that the manufacturer failed to offer any extended warranty options, Plaintiffs fail to establish procedural unconscionability"); *Marchante v. Sony Corp. of Am., Inc.*, 801 F. Supp. 2d 1013, 1022 (S.D. Cal. 2011) (rejecting claim of procedural unconscionability because "[p]laintiffs do not allege that they lacked other options for purchasing high-definition televisions"); *Dean Witter Reynolds, Inc. v. Super. Ct.,* 211 Cal. App. 3d 758, 771 (1989) ("the existence of meaningful alternatives available to such contracting party in the form of other sources of supply tends to defeat any claim of unconscionability").

Nor is the NVLW substantively unconscionable, where the agreement creates "overly harsh or one-sided results as to shock the conscience." *Aron,* 143 Cal. App. 4th at 808 (internal citations omitted). The 4-year/50,000 mile NVLW for Plaintiff's vehicle meets or exceeds similar warranties enforced by courts throughout the country, including courts in California. *Resnick,* 2016 U.S. Dist. LEXIS 160179, at *27 (enforcing 3-year/36,000 mile warranty); *Smith v. Ford Motor Co.,* 749 F. Supp. 2d 980, 993-94 (N.D. Cal. Sep. 13, 2010) (same).

The express warranty claim must also be dismissed because the NVLW covers only repairs "to correct a defect in *manufacturer's material and workmanship*." Cameron Decl., Ex. A, at p. 7 (emphasis added). Such language does not cover purported design defects. *See Troup v. Toyota Motor Corp.*, 545 F. App'x. 668, 668 (9th Cir. 2013) ("The Toyota Prius's alleged design defect does not fall within the scope of Toyota's Basic Warranty against 'defects in

1   materials or workmanship,'" as "express warranties covering defects in materials and

2   workmanship exclude defects in design.").  Plaintiff's allegations that the purported water pump

3   defect existed in every putative class vehicle is necessarily a design defect claim not covered

4   under the express terms of the applicable NVLW.  Compl. ¶ 1; *Sloan v. Gm LLC,* 2017 U.S. Dist.

5   LEXIS 120851, *29-30 (N.D. Cal. Aug. 1, 2017); *Gertz v. Toyota Motor Corp.*, 2011 U.S. Dist.

6   LEXIS 94183, *10-11 (C.D. Cal. Aug. 22, 2011) (dismissing, in a putative class action, express

7   warranty claim where applicable warranty covered "repairs or adjustments for defects in

8   materials or workmanship" -- i.e., a manufacturing defect-- because defect allegedly shared by all

9   putative class vehicles constitutes a design defect).

10          The Complaint also purports to allege a breach of express warranty premised upon

11   various vague, subjective and generalized statements in VWGoA's advertising campaigns, such

12   as "superior in construction," "superior design and manufacture," and "safety," which make no

13   representation concerning the vehicle's water pump.  Compl. ¶ 107.  Such alleged statements

14   constitute, at most, non-actionable puffery which does not create an express warranty.  *Smith v.*

15   *LG Elecs. U.S.A., Inc,* 2014 U.S. Dist. LEXIS 31577, *16 (N.D. Cal. March 11, 2014) (words

16   regarding "safety" and "fitness for use" are vague and general and thus nonactionable).  In

17   addition, the Complaint does not allege that Plaintiff saw or read such advertisements, much less

18   relied upon them.  *See Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 979 (C.D.

19   Cal. 2014) (dismissing express warranty claim premised on language in a marketing brochure

20   "because plaintiffs do not allege that they read or relied on the 'marketing brochure' before

21   making their purchases").

22          Finally, Plaintiff's express warranty claim is time barred.  An action for breach of warranty is

23   governed by a four-year statute of limitations that begins when tender of delivery is made

24   "regardless of the aggrieved party's lack of knowledge of the breach."  Cal. Comm. Code § 2725.

25   Plaintiff purchased his vehicle on December 9, 2010.  *See* Cameron Decl., Ex. B.  Since this

26   action was commenced on March 31, 2017, more than four years later, Plaintiff's claim is time

27   barred.  Plaintiff cannot avail himself of the exception provided for warranties that explicitly

28   extend to future performance, pursuant to which a claim accrues "when the breach is or should

HERZFELD &
RUBIN P.C.
ATTORNEYS AT LAW

have been discovered," Cal. Comm. Code § 2725.  Even if the NVLW "explicitly extends to future performance," Plaintiff fails to plead when he discovered the alleged defect, or that he even discovered the alleged defect within four years of commencing this action.  *See Durkee v. Ford Motor Co.,* 2014 U.S. Dist. LEXIS 177339, *15 (N.D. Cal. Dec. 24, 2014) (holding that to rely on discovery toll, plaintiff "must specifically plead facts showing the time and manner of discovery and the inability to have made earlier discovery despite reasonable diligence").  In addition, as discussed *infra,* § IV, Plaintiff has failed to plead the requisites for a fraudulent concealment toll.

## II.      THE IMPLIED WARRANTY CLAIM MUST BE DISMISSED

Plaintiff's implied warranty claim fails because the implied warranty applicable to his vehicle does not extend beyond the 4-years/50,000 mile NVLW, and, as discussed, *supra,* Plaintiff does not allege that his water pump failed within this warranty period.  *See* NVLW, Ex. A to Cameron Decl. at p. 9, which states: "Any implied warranty . . . is limited in duration to the stated period of these written warranties." *See also* Cal. Comm. Code § 2316.

The claim also fails for lack of vertical privity—a prerequisite for recovery under the implied warranty provision of the California Commercial Code.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *Gonzales v. Mazda Motor Corp.,* 2017 U.S. Dist. LEXIS 2318, *9 (N.D. Cal. Jan 5, 2017). The Complaint alleges that Plaintiff purchased his vehicle not from VWGoA, but from an authorized California dealership. Compl.  ¶ 10.  Plaintiff cannot dodge the privity requirement by conclusorily alleging that he is a third-party beneficiary of some undefined "contract implemented by the defendants" because no such exception to the privity rule exists under California law.  Compl. ¶128; *Gonzales,* 2017 U.S. Dist. LEXIS 2318, at *9-10; *In re Seagate Tech. LLC Litig.,* 2017 U.S. Dist. LEXIS 18745, *20-22 (N.D. Cal.  Feb. 9, 2017).  Moreover, even if such an exception were to apply, Plaintiff has failed to invoke it as the Complaint fails to even allege the parties to the so-called "contract," let alone describe the contract under which he claims to be an intended beneficiary.  *Kirsopp v. Yamaha Motor Co. Ltd.,* 2015 U.S. Dist. LEXIS 68639, *19 (C.D. Cal. Jan. 7, 2015) (rejecting attempt to circumvent privity requirement where Complaint alleged Plaintiffs are "intended third party beneficiaries of

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

any contract for sale that takes place between Yamaha and its authorized dealers" because Plaintiffs "do not provide specific allegations identifying or describing the agreements under which [they] claim third party beneficiary status").

Finally, claims for breach of implied warranty under the Commercial Code are subject to a four-year limitations period running from "tender of delivery" "regardless of the aggrieved party's lack of knowledge of the breach."  Cal. Comm. Code § 2725.  As Plaintiff purchased his vehicle in December 2010, his implied warranty claim is time barred.  *See Durkee v. Ford Motor Co.,* 2014 U.S. Dist. LEXIS 177339, *12 (N.D. Cal. Dec. 24, 2014) (implied warranty claim time barred, since implied warranties are not subject to delayed accrual until discovery); *Cardinal Health 301, Inc. v. Tyco elec. Corp.,* 169 Cal. App. 4th 116, 134 (2008).

### III.     PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM FAILS

A Magnuson-Moss Warranty Act ("Magnuson-Moss") claim is entirely derived from state warranty law.  *In re Sony PS3 Other OS Litig.*, 551 F. Appx. 916, 920 (9th Cir. 2014).  Since Plaintiff has failed to state a breach of warranty claim under California law, his derivative Magnuson-Moss Warranty Act claim must be dismissed as well.  *Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668, 669 (9th Cir. 2013).

### IV.     PLAINTIFF'S CLRA AND UCL CLAIMS MUST BE DISMISSED

A.  Plaintiff's CLRA and UCL Claims are Time Barred

Claims under the CLRA and UCL are governed, respectively, by three-year and four-year statutes of limitations running, at the latest, from the date in which Plaintiff purchased his vehicle. *Keilholtz v. Lennox Hearth Prods.,* 2009 U.S. Dist. LEXIS 81108, *8 (N.D. Cal. Sep. 8, 2009). As this action was commenced more than four years after Plaintiff purchased his vehicle in 2010, these claims are untimely.

Plaintiff's reliance on the delayed discovery rule and fraudulent concealment to toll the statute of limitations is not supported by any facts alleged in the Complaint.  In order to invoke the delayed discovery rule, plaintiff must plead facts showing (1) the time and manner of discovery, and (2) the inability to have discovered the alleged defect earlier despite reasonable

7

1   diligence. *Keilholtz,* 2009 U.S. Dist. LEXIS 81108, at *9; *Saliter v. Pierce Brothers Mortuaries*,

2   81 Cal. App. 3d 292, 297 (Cal. Ct. App. 1978).  None of these facts has been pled in this case.

3   The Complaint fails to plead when the alleged defect was purportedly discovered, or even that

4   Plaintiff discovered the alleged defect within four years of commencing this action.  *See McCarn*

5   *v. HSBC USA, Inc.,* 2012 U.S. Dist. LEXIS 162257, *28 (E.D. Cal. Nov. 9, 2012) (holding that

6   because "Plaintiff fails to allege the time or manner of discovery at all other than that it was made

7   with the assistance of counsel," plaintiff has failed to invoke the delayed discovery toll).

8          Similarly, to establish fraudulent concealment, the complaint must factually plead "(1)

9   when the fraud was discovered; (2) the circumstances under which it was discovered; (3) and that

10  plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of

11  facts sufficient to put him on inquiry." *Keilholtz,* 2009 U.S. Dist. LEXIS 81108, at *14.  As

12  discussed above, the Complaint fails to allege these requisite facts.  Moreover, the factual basis

13  for a fraudulent concealment toll must be pled with particularity under Rule 9(b), which is

14  completely absent here.  *Yumul v. Smart Balance, Inc.,* 733 F. Supp. 2d 1117, 1132 (C.D. Cal.

15  May 24, 2010); *Kay v. Wells Fargo & Co. N.A.*, 2007 U.S. Dist. LEXIS 55519, *13 (N.D. Cal.

16  July 24, 2007).

17         In addition, only affirmative and active concealment—not simply mere omission or

18  nondisclosure—can toll the statute of limitations based on fraudulent concealment.  *Yumul,* 733

19  F. Supp. 2d at 1131.  Plaintiff's only arguable "affirmative conduct" allegation is that defendants

20  "fraudulently attributed the failings of . . . water pumps to other factors and/or exculpating

21  conditions for which the defendants had no responsibility."  ¶ 30.  However, this allegation is

22  wholly conclusory with no supporting factual averments establishing the required "who, what,

23  when, where, and how" of the alleged fraudulent concealment.  The Complaint fails to allege the

24  specific content of the misrepresentations, when these misrepresentations were allegedly made,

25  which Defendant allegedly made these statements, or that Plaintiff was even the recipient of any

26  such alleged misrepresentation.

27         Finally, only active conduct "above and beyond the wrongdoing upon which the

28  plaintiff's claim is filed" can toll the statute of limitations.  *Kirsopp v. Yamaha Motor Co.,* 2015

8

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

U.S. Dist. LEXIS 68639, *12 (C.D. Cal. Jan. 7, 2015); *see Kay,* 2007 U.S. Dist. LEXIS 55519, at

*13.  Here, Plaintiff's allegations of fraudulent concealment also partially form the basis for his

consumer-fraud claims, and, thus, the fraudulent concealment toll is not available for this reason

alone.

B.   Plaintiff's CLRA and UCL Claims Fail to Satisfy Rule 9(b)

Plaintiff's CLRA and UCL claims, premised on allegations of misrepresentation and

concealment or nondisclosure, must satisfy the heightened pleading requirements of Rule 9(b).

Plaintiff's Complaint fails to allege the "who" "what," "when," "where" and "how" of any

alleged fraudulent conduct, as it must to pass muster under Rule 9(b).  *Kearns v. Ford Motor Co.,*

567 F.3d 1120, 1125 (9th Cir. 2009); *Richards v. Safeway Inc.,* 2014 U.S. Dist. LEXIS 143936,

*4 (N.D. Cal. Sep. 22, 2014) (Donato, J.).

Plaintiff alleges that Defendants violated the CLRA and UCL by "misrepresenting the

supposed quality and reliability attributes of" the subject vehicles.  Compl. ¶ 160.  However, the

Complaint fails to set forth the particulars of any such misrepresentation allegedly made by

VWGoA.  The Ninth Circuit has held that to satisfy Rule 9(b), a complaint sounding in fraud

must plead the "time, place, and specific content of the false representations as well as the

identities of the parties to the misrepresentation."  *Harris v. Bank of Am., NA,* 596 Fed. Appx.

581, 583 (9th Cir. 2015).  The Complaint contains no such facts.  Moreover, the Complaint fails

to allege the existence of any representation made by VWGoA relating to the vehicle's water

pump, let alone anything untruthful.  *See Lee v. Toyota Motor Sales, U.S.A., Inc.,* 992 F. Supp. 2d

962, 974 (C.D. Cal. 2014) (dismissing CLRA claim because plaintiffs "failed to identify any

statement made by Toyota that misrepresents the performance of [the] automatic pre-collision

braking feature"); *Berenblat v. Apple, Inc.,* 2009 U.S.  Dist. LEXIS 80734, *20 (N.D. Cal. Aug.

21, 2009) (dismissing claim where the "complaint does not allege that Apple made any specific

representation with respect to" the alleged defect).[1]

---

[1] To the extent that Plaintiff's CLRA and UCL claims rely on vague buzzwords allegedly gleaned
from advertisements–none of which are alleged to have been read or relied upon by Plaintiff—the
claims must be dismissed as  non-actionable puffery.  *See* Point I, *supra; Smith v. LG Elecs.
U.S.A., Inc.,* 2014 U.S. Dist. LEXIS 31577, *16 (N.D. Cal. Mar. 11, 2014).

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

1    Likewise, Plaintiff cannot legitimately assert that Defendants represented that the water

2    pump would last for what Plaintiff conclusorily refers to as its "reasonably expected useful life"

3    simply because it was not mentioned in the maintenance schedule.  Compl. ¶ 6, n. 4; *see*, *e.g.*,

4    *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 U.S. Dist. LEXIS 38656, at *14

5    (M.D. Fla. Apr. 8, 2011) (rejecting argument that manufacturer's  inspection and maintenance

6    recommendations for *some* aircraft components provide a specific warranty as to the useful life of

7    the aircraft or other components); *Sears, Roebuck & Co. v. Tyco Fire Prods. LP*, 833 F. Supp. 2d

8    892, 899 (N.D. Ill. 2011) (An "agree[ment] to inspect…sprinklers [following 50 years of use] in

9    accordance with certain [statutory] standards is not the equivalent of an express written warranty

10   of the sprinkler head's useful life").  The vehicle contains many component parts that are not

11   specifically discussed in the maintenance schedule, yet nothing there, or in the NVLW which sets

12   forth the time/mileage limitations within which parts are to be covered, represents or even

13   suggests that all such components, including the water pump, are guaranteed not to fail or require

14   repair throughout the entire life of the vehicle.  Plaintiff's improper attempt to premise a CLRA

15   or UCL claim on the allegation that the maintenance schedule, which merely recommends service

16   to certain vehicle components at certain intervals, somehow implicitly represents that every 2011

17   Audi A4 vehicle has a "useful life" of at least 120,000 miles before which it or any of its

18   component parts will not require repair, cannot stand, *Sears, Roebuck & Co.*, 833 F. Supp. 2d at

19   899, and would render meaningless the terms and limitations of the NVLW.

20   Plaintiff's failure to disclose/omission-based claim fares no better.  To "plead the

21   circumstances of omission with specificity, plaintiff must describe the content of the omission

22   and where the omitted information should or could have been revealed, as well as provide

23   representative samples of advertisements, offers, or other representations that plaintiff relied on to

24   make her purchase and that failed to include the allegedly omitted information."  *Palmer v. Apple*

25   *Inc.,* 2016 U.S. Dist. LEXIS 51823, *14 (N.D. Cal. Apr. 15, 2016).  As Plaintiff fails to identify

26   any specific advertisement or representation by VWGoA that he relied upon to make his purchase

27

28

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

1   that failed to include the allegedly omitted information, the CLRA and UCL omission-based

2   claims must be dismissed.

3           C.   Plaintiff's UCL and CLRA Claims Seek Solely Equitable Relief and Must Be

4                Dismissed Because Plaintiff Has Pleaded Remedies at Law and Lacks Standing

5           The UCL only provides for equitable relief, *i.e.,* restitution and injunctive relief.  *See*

6   *Fonseca v. Goya Foods, Inc.*, 2016 U.S. Dist. LEXIS 121716, at *20 (N.D. Cal. Sep. 8, 2016).

7   Similarly, Plaintiff's CLRA claim only seeks injunctive relief.  Compl. at n.2 ("With respect to

8   the California CLRA claim, California plaintiffs only assert a claim for injunctive relief").  "A

9   plaintiff seeking equitable relief must establish that there is no adequate remedy at law available."

10  *Durkee v. Ford Motor Co.,* 2014 U.S. Dist. LEXIS 122857, at *6 (N.D. Cal. Sep. 2, 2014).  Here,

11  Plaintiff's Complaint fails to allege the absence of an adequate remedy at law.  In fact, it asserts

12  three breach of warranty claims, thereby alleging the existence of an adequate remedy at law.  As

13  such, Plaintiff's claims for relief under the UCL and CLRA must be dismissed.  *See Fonseca v.*

14  *Goya Foods, Inc.,* , 2016 U.S. Dist. LEXIS 121716, at *21 (N.D. Cal. Sep. 8, 2016) (dismissing

15  UCL, FAL, and CLRA claim seeking equitable relief because plaintiff has an adequate remedy at

16  law in her other claims); *Moss v. Infinity Ins. Co.*, 2016 U.S. Dist. LEXIS 91757, at *22 (N.D.

17  Cal. July 14, 2016) (dismissing UCL claim and noting this is the correct result "even if all of

18  plaintiff's non-UCL claims ultimately fail"); *Bird v. First Alert, Inc.*, 2014 U.S. Dist. LEXIS

19  176390, at *15 (N.D. Cal. Dec. 19, 2014); *Durkee,* 2014 U.S. Dist. LEXIS 122857, at *6 (same).

20          Plaintiff also lacks standing to claim injunctive relief under the CLRA and UCL.  To state

21  a claim for injunctive relief, Plaintiff must plead facts demonstrating that she "faces 'a real or

22  immediate threat of an irreparable injury.'"  *Perez v. Nidek Co.*, 711 F.3d 1109, 1114 (9th Cir.

23  2013).  Plaintiff, who alleges that his economic injury already occurred and that he has already

24  replaced his water pump, has not done so here.  *See Richards v. Safeway Inc.,* 2014 U.S. Dist.

25  LEXIS 143936, *8 (N.D. Cal. Sep. 22, 2014) (Donato, J.).  In any event, the possibility of

26  damages arising out of future repair costs does not support the granting of injunctive relief.  *See*

27  *Park-Kim v. Daikin Indus.*, 2016 U.S. Dist. LEXIS 158056, *46 (C.D. Cal. Nov. 14, 2016).

28

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825

D. Plaintiff Fails to Adequately Plead that VWGoA Knew of the Alleged Defect at the Time of His Purchase

Under the "CLRA and UCL, 'plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss.'"  *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1137 (N.D. Cal. 2013); *see Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.5 (9th Cir. 2012) ("The failure to disclose a defect that a manufacturer does not have a duty to disclose, *i.e.,* a defect of which it is not aware, does not constitute an unfair or fraudulent practice" under the UCL.).  The Complaint is devoid of any well-pleaded facts demonstrating that VWGoA was aware of the alleged defect at the time of Plaintiff's purchase in December 2010.

Plaintiff's allegations of knowledge are premised on consumer complaints to NHTSA, pre-release testing data and warranty claims, and the alleged revision of the specifications for the water pump.  Compl.¶¶ 25, 26, 34, 38, 56.  None of these allegations impute knowledge to VWGoA at the time of sale in 2010.  First, all alleged NHTSA complaints post-date the sale of the subject vehicle, with the earliest complaint appearing in 2013.  Compl. ¶ 26; *see Callaghan v. BMW of North America, LLC*, 2014 U.S. Dist. LEXIS 164290, *11 (N.D. Cal. Nov. 21, 2014) (Donato, J.) (rejecting knowledge based upon NHTSA complaints that post-date the relevant purchases); *see also Baba v. Hewlett Packard Co.*, 2011 U.S. Dist. LEXIS 8527, at *10 (N.D. Cal. Jan. 28, 2011) (holding that awareness of a few customer complaints, even dated and posted on defendant's website, "does not establish knowledge of an alleged defect").

Second, the FAC's conclusory allegations of knowledge due to internal pre-release testing data and warranty claims are insufficient.  *See Burdt v. Whirlpool Corp.,* 2015 U.S. Dist. LEXIS 102761, *11-12 (N.D. Cal. Aug. 5, 2015) (rejecting allegations of knowledge based upon pre-release testing as "merely speculative," and specifically noting that "the fact that the alleged defect did not appear until eleven months after purchase suggests that the pre-release testing may not have revealed an alleged defect that only appeared after such extended use"); *Grodzitsky v. Am. Honda Motor Co.,*2013 U.S. Dist. LEXIS 33387, *18 (C.D. Cal. Feb. 19 2013) (rejecting "knowledge" and "duty to disclose" allegations premised on claim that Honda knew of a defect

12

HERZFELD & RUBIN, P.C.
ATTORNEYS AT LAW

1   based on "pre-release testing data, early consumer complaints to Honda and dealers, testing done

2   in response to complaints, replacement part sales data, aggregate data from Honda dealers, and

3   other internal sources").

4           Finally, the conclusory allegation of knowledge based upon an upgrade or revision to the

5   subject water pump (Compl. ¶¶ 34, 38) is of no moment because the Complaint fails to plead that

6   any such upgrade prior to the sale of Plaintiff's vehicle addressed any problem that plaintiff has

7   identified with the water pump.  Thus, the alleged redesign or change does not demonstrate

8   VWGoA's knowledge of the alleged defect at the time of Plaintiff's purchase.  *See Sloan v. GM*

9   *LLC,* 2017 U.S. Dist. LEXIS 120851, *23 (N.D. Cal. Aug. 1, 2017) (rejecting claim of

10  "knowledge" based upon a redesign of the engine where there was no specific allegation that GM

11  redesigned only the "allegedly defective component").

12          E.   Plaintiff Fails to Adequately Plead Reliance

13          Plaintiff's CLRA and UCL claims must also be dismissed because the Complaint fails to

14  plead any facts, much less particularized facts, establishing reliance—a deficiency that applies

15  with equal force regardless of whether the UCL claims are predicated upon "unfairness," "fraud"

16  or "unlawfulness."[2]  *See Myers v. BMW of N. Am., LLC*, 2016 U.S. Dist. LEXIS 140768, at *16

17  (N.D. Cal. Oct. 11, 2016) (CLRA and UCL claims require "actual reliance"); *Ehrlich v. BMW of*

18  *N. Am., LLC,* 801 F. Supp. 2d 908, 919 (C.D. Cal. Aug. 11, 2010).  As discussed, the Complaint

19  fails to identify any specific misrepresentation relating to the vehicle's water pump in any

20  publication or advertisement issued by VWGoA, let alone a misrepresentation that Plaintiff saw

21  or relied upon prior to purchase.  *See McKinney v. Google, Inc.,* 2011 U.S. Dist. LEXIS 97958,

22  *15-16 (N.D. Cal. Aug. 30, 2011) (holding "that the mere assertion of 'reliance' is insufficient"

23  and that "plaintiff must allege the specifics of his or her reliance on the misrepresentation to show

24  a bona fide claim of actual reliance").

25  ---

[2] Plaintiff's claim under the UCL's "unlawful" prong must also be dismissed because, as
26  demonstrated herein, Plaintiff has failed to sufficiently allege a cause of action for breach of
    warranty or under the CLRA.  Compl. ¶ 159; *Martinez v. Wells Fargo Home Mortg., Inc.*, 598
27  F.3d 549, 557 (9th Cir. 2010).

28

HERZFELD &
RUBIN P.C.
ATTORNEYS AT LAW

1      Similarly, to prove reliance on an omission, Plaintiff must show that "had the omitted

2  information been disclosed, one would have been aware of it and behaved differently." *Myers*,

3  2016 U.S. Dist. LEXIS 140768, at \*17; *Hall v. Sea World Entm't, Inc.,* 2015 U.S. Dist. LEXIS

4  174294, \*20 (S.D. Cal. Dec. 23, 2015).  Because Plaintiff does not allege that he reviewed any

5  website or brochure from VWGoA prior to purchase, or that he had any specific interaction with

6  any authorized representative or sales associate at the dealership at which he purchased his

7  vehicle, he cannot plausibly plead that he "would have been aware of" the alleged defect if

8  disclosed.  *See Myers,* 2016 U.S. Dist. LEXIS 140768, at \*19-20 (dismissing CLRA and UCL

9  claims, including "unfair" prong claim, for failure to plead reliance); *Hall,* 2015 U.S. Dist.

10  LEXIS 174294, at \*20; *Ehrlich*, 801 F. Supp. 2d at 919-20.

## V.  __PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM FAILS__

12      Plaintiff's negligent misrepresentation claim fails for several reasons.  First, negligent

13  misrepresentation claims are subject to a two-year statute of limitations, which expired years

14  before this action was commenced.  *See Yamauchi v. Cotterman,* 84 F. Supp. 3d 993, 1010 (N.D.

15  Cal. Mar. 24, 2015).  As discussed *supra,* Plaintiff failed to plead the requisites for a discovery or

16  fraudulent concealment toll.  Second,  the elements of a negligent misrepresentation claim are

17  "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground

18  for believing it to be true, (3)  made with the intent to induce another's reliance on the fact

19  misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Id.*

20  Here, as discussed *supra,* the Complaint fails to allege any affirmative misrepresentation by

21  VWGoA relating to the subject water pump, let alone with the particularity mandated by Rule

22  9(b).  *See id.* at 1019 (noting that negligent misrepresentation claims require an affirmative

23  representation and cannot be based on nondisclosure).  Finally, Plaintiff's negligent

24  misrepresentation claim seeking only pure economic damages is barred by the economic loss

25  doctrine.  *Minkler v. Apple, Inc.,* 65 F. Supp. 3d 810, 820 (N.D. Cal. Aug. 20, 2014) (negligent

26  misrepresentation claim barred by economic loss rule because plaintiff "failed to allege any

27  personal injury or property damage or special relationship").

## VI.    __PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS__

HERZFELD &
RUBIN,P.C.
ATTORNEYS AT LAW

1   Under California law, a claim for unjust enrichment is unavailable where the parties are

2   bound to an express contract, which, in this case, is the 4-year/50,000 mile limited express

3   warranty.  *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1370 (Cal. Ct. App. 2010) ("As a

4   matter of law, an unjust enrichment claim does not lie where the parties have an enforceable

5   express contract.").  Moreover, where adequate remedies at law exist, equitable remedies such as

6   restitution for unjust enrichment are not permitted.  *See Fonseca v. Goya Foods, Inc.,* 2016 U.S.

7   Dist. LEXIS 121716, *20-21 (N.D. Cal. Sep. 8, 2016).  As Plaintiff does not, and cannot, plead

8   that he has no adequate remedy at law, his claim for unjust enrichment must fail.  Finally, unjust

9   enrichment claims are subject to a three-year statute of limitations.  *Keilholtz v. Lennox Hearth*

10   *Prods.,* 2009 U.S. Dist. LEXIS 81108, *8 (N.D. Cal. Sep. 8, 2009).  Because the statute of

11   limitations is not subject to any tolling doctrine here, this claim must be dismissed as time barred.

12   **VII.    DISMISSAL OF CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF**

13   Plaintiff's final claim must be dismissed because injunctive and declaratory relief are not

14   independent causes of action, rather they are mere remedies.  *Marchetti v. Superior Court of*

15   *California*, 2016 U.S. Dist. LEXIS 120899, *25 (N.D. Cal. Sept. 7, 2016).  Because the

16   complaint fails to state a claim under which any relief can be granted, Plaintiff is not entitled to

17   either injunctive or declaratory relief.

18                                    **CONCLUSION**

19   For the foregoing reasons, VWGoA respectfully requests that this action be dismissed

20   pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) and 9(b), together with costs and disbursements,

21   and such other relief as the Court deems just and proper.

22

23   Dated:  August 14, 2017                    Respectfully submitted,

24                                              Herzfeld & Rubin, P.C.

25                                              By: */s/ Michael B. Gallub (Pro Hac Vice)*
                                                ATTORNEYS FOR DEFENDANT
26                                              VOLKSWAGEN GROUP OF AMERICA, INC.

27

28

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT- CASE NO. 17-CV-01825