# EXHIBIT A

FULLY SIGNED AGREEMENT

## SETTLEMENT AGREEMENT

Plaintiffs Gregory Coffeng, Mark Glaser and Jordan Wilson ("Plaintiffs") and

Volkswagen Group of America, Inc. ("VWGoA" or "Defendant") (collectively, the "Parties"),

by and through their counsel, enter into this Settlement Agreement ("Settlement Agreement" or

"Agreement"), providing for settlement ("Settlement") of all claims that were asserted or that

could have been asserted in the Action described below, pursuant to the terms and conditions set

forth below, and subject to the approval of the Court in the Action.

## RECITALS

WHEREAS, Plaintiffs filed a putative class action against Defendant on March 31, 2017

entitled *Gregory Coffeng, et al. v. Volkswagen Group of America, Inc.*, Civil Action No. 3:17-cv-

01825-JD, in the United States District Court for the Northern District of California (hereinafter,

the "Action"), claiming a defect in the primary engine water pump in the Settlement Class

Vehicles;

WHEREAS, Defendant denies Plaintiffs' allegations and claims, and Defendant

maintains, *inter alia*, that the Settlement Class Vehicles and their primary engine water pumps

are not defective, that no applicable warranties were breached, that no applicable statutes, laws,

rules or regulations were violated, that the Settlement Class Vehicles were properly designed,

manufactured, distributed, marketed, advertised, warranted and sold, and that Defendant has not

engaged in any wrongdoing;

WHEREAS, the Parties, following certain pretrial proceedings, discovery, investigation

and careful analysis of their respective claims and defenses, and with full understanding of the

risks, expense and uncertainty of continued litigation, desire to compromise and settle all issues

and claims that were or could have been brought in the Action by or on behalf of Plaintiffs and

members of the Settlement Class;

1

WHEREAS, the Parties agree that neither this Settlement Agreement, nor the underlying settlement, shall constitute or be construed as any admission of liability or wrongdoing on the part of Defendant or any Released Party, which is expressly denied, or that the Plaintiffs' claims or similar claims are or would be suitable for class treatment if the Action proceeded through litigation and trial;

WHEREAS, this Settlement Agreement is the result of arm's length negotiations between the Parties, and is fair, adequate and reasonable;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I.   DEFINITIONS

### A.   "Action" or "Lawsuit"

·"Action" or "Lawsuit" refers to Civil Action No. 3:17-cv-01825-JD, entitled *Gregory Coffeng et al. v. Volkswagen Group of America, Inc.*, pending in the United States District Court for the Northern District of California.

### B.   "Claim Administrator"

The "Claim Administrator" will be Epiq Global.

### C.   "Claim" or "Claim for Reimbursement"

"Claim" or "Claim for Reimbursement" shall mean the timely submission of the required form and proof in which a Settlement Class Member seeks to claim reimbursement available under this Settlement Agreement.

### D.   "Claim Form"

"Claim Form" refers to the form used to request reimbursement under this Agreement, substantially in the form attached hereto as Exhibit 1.

E.    **"Class Counsel" or "Plaintiffs' Counsel"**

"Class Counsel" or "Plaintiffs' Counsel" shall mean Gary S. Graifman, Thomas P. Sobran and Patrice L. Bishop.

F.    **"Class Notice Plan"**

"Class Notice Plan" means the plan for disseminating class notice to the Settlement Class as set forth in Section V of this Settlement Agreement and includes any further notice provisions agreed upon by the Parties.

G.    **"Court"**

"Court" refers to the United States District Court for the Northern District of California.

H.    **"Effective Date"**

"Effective Date" means the first date after (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form attached hereto as Exhibit 2, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs or incentive payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

I.    **"Final Order and Judgment"**

The "Final Order and Judgment" means the Final Order and Judgment approving the Settlement Agreement and dismissing the Action with prejudice as to Defendant.

J.    **"In-Service Date"**

"In-Service Date" shall mean the date on which a Settlement Class Vehicle was first delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

3

**K.**    **"Lead Class Counsel" or "Lead Settlement Class Counsel"**

"Lead Class Counsel" or "Lead Settlement Class Counsel" are Gary S. Graifman and

Thomas P. Sobran.

**L.**    **"Notice Date"**

"Notice Date" means the date by which Defendant shall mail notice of this Settlement to

the Settlement Class.  The Notice Date shall be agreed upon by the Parties but in no event more

than seventy five (75) days after the Court enters a Preliminary Approval Order, substantially in

the form attached hereto as Exhibit 3.

**M.**    **"Proof of Adherence to the Vehicle's Maintenance Schedule"**

"Proof of Adherence to the Vehicle's Maintenance Schedule" shall mean (1) submission

of documents evidencing the Settlement Class Member's adherence to those aspects of the

Settlement Class Vehicle's maintenance schedule set forth in the Warranty and Maintenance

Booklet that are relevant to the function of the coolant system, including use of the specification

of coolant fluid recommended by VW and Audi, during the time he/she/it owned and/or leased

the vehicle up to the date/mileage of repair or replacement, within a variance of ten percent

(10%) of the scheduled time/mileage requirements; (2)  In the event maintenance records cannot

be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit

a Declaration under penalty of perjury detailing what efforts were made to obtain the records,

who he/she/it communicated with and when, why the records are not available and attesting to

adherence to the vehicle maintenance schedule, up to the date/mileage of replacement/repair,

within the ten percent (10%) variance set forth above.  Disputes as to the sufficiency of

documentation verifying the primary engine water pump reimbursement claim, shall be

submitted to and resolved by the Claims Administrator agreed to by the parties.  In the event the

Claims Administrator makes a preliminary determination that the proof submitted is insufficient,

4

the Claims Administrator will send the Settlement Class Member a letter advising of the deficiencies. The Settlement Class Member will have thirty (30) days to cure the deficiencies or the claim will be rejected, unless the Settlement Class Member requests attorney review within fifteen (15) days after the Claims Administrator's mailing of the rejection letter and the rejection letter citing such deficiencies will indicate that the Settlement Class Member may request such attorney review. Upon such request, Lead Class Counsel and defense counsel will meet and confer to resolve the disputed claims.

### N.    "Proof of Repair Expense"

"Proof of Repair Expense" shall take the form of an original or legible copy of a repair invoice containing claimant's name, the make, model and vehicle identification number (VIN) of the Settlement Class Vehicle, the name and address of the authorized Audi or VW dealer or independent servicing center that performed the repair, the date of repair, a description of the repair work performed including the parts repaired/replaced and a breakdown of parts and labor costs, the vehicle's mileage at the time of repair, and proof of the Settlement Class Member's payment of same. If reimbursement is sought for a damaged or failed engine due to a failure of the primary engine water pump under the terms of this Settlement, the Proof of Repair Expense must also show that the engine damage or failure that required repair/replacement was due to a failure of the primary engine water pump. In the event the Claims Administrator makes a preliminary determination that the documentary proof submitted is insufficient, the Claims Administrator will send the Settlement Class Member a letter advising of the deficiencies. The Settlement Class Member will have thirty (30) days to cure the deficiencies or the claim will be rejected, unless the Settlement Class Member requests attorney review within fifteen (15) days after the Claims Administrator's mailing of the rejection letter and the rejection letter citing such deficiencies will indicate that the Settlement Class Member may request such attorney review.

Upon such request, Lead Class Counsel and defense counsel will meet and confer to resolve the disputed claims.

### O.   "Released Claims" or "Settled Claims"

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which in any way relate to the primary engine water pump of Settlement Class Vehicles, including, but not limited to all matters that were or could have been asserted in the Action, and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description arising under any state, federal or local statute, law, rule and/or regulation, under any consumer protection, consumer fraud, unfair business practices or deceptive trade practices statutes or laws, under common law, and under any legal or equitable theories whatsoever including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express and/or implied warranty, Magnuson-Moss Warranty Act, Song-Beverly Consumer Warranty Act, California Commercial Code, Uniform Commercial Code and any federal, state or local derivations thereof, any Lemon Law, New York General Business Law §349, *et seq.*, secret warranty and/or any other theory of liability and/or recovery, whether in law or in equity, and for any and all injuries, losses, damages, remedies, recoveries or entitlements of any kind, nature and description, in law or in equity, under statutory and/or common law, including, but not limited to, compensatory damages, economic losses or damages, exemplary

6

damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, and any other legal or equitable relief. This release expressly exempts claims for personal injuries and property damage (other than damage to the Settlement Class Vehicle related to the primary engine water pump).

**P.     "Released Parties"**

"Released Parties" shall mean Volkswagen Group of America, Inc., Audi AG, Volkswagen AG, Volkswagen Credit, Inc., Audi of America LLC, Volkswagen de México S.A. de C.V., all designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of the Settlement Class Vehicles and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees and representatives.

**Q.     "Settlement Class" or "Settlement Class Members"**

"Settlement Class" or "Settlement Class Members" refers to: "All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I (R) of this Agreement, in the United States of America and Puerto Rico."

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who

7

purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**R.    "Settlement Class Vehicles"**

Settlement Class Vehicles means the model and model year VW and Audi vehicles designated by VIN on Exhibit 4, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

**II.    SETTLEMENT CONSIDERATION**

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendant agrees to provide the following consideration to the Settlement Class:

**A.    Warranty Extension for Current Owners or Lessees of Settlement Class Vehicles**

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover primary engine water pump repairs or replacement, by an authorized VW or Audi dealer, during a period of ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, provided that the Settlement Class member submits, to the dealer, Proof of Adherence to the Vehicle's Maintenance Schedule, including if applicable, the Declaration under penalty of perjury required by Section I(M)(2) above (hereinafter, the

8

"Extended Warranty"). The Extended Warranty will include the primary engine water pump and all parts and labor necessary to effectuate the repair.

The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty and Warranty Information Booklet, except that repairs under this subsection of the Agreement are permissible pursuant to the terms and time and mileage limitations herein.  Damages resulting from abuse, alteration or modification, a collision or crash, vandalism and/or other impact shall be excluded and not covered by the Extended Warranty.

The Extended Warranty will go into effect on the Notice Date.  If the primary engine water pump fails more than twenty (20) days after the Notice Date and within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member must take the vehicle to an authorized Audi or VW dealer for repair or replacement pursuant to the terms of the Extended Warranty. There will be no reimbursement under Section II.B. below for repairs or replacements performed more than twenty (20) days after the Notice Date, the remedy intended under that circumstance being that the Settlement Class Member bring the Settlement Class Vehicle to the VW/Audi dealer, which will make the covered repair or replacement under the Extended Warranty at VWGoA's expense.

The warranty, as extended, is fully transferable to subsequent owners.

**B.     Reimbursement for Out-of-Pocket Expenses for Repair or Replacement of the Primary Engine Water Pump Within 10 Years or 100,000 Miles (Whichever Occurs First) from the Vehicle's In-Service Date and Prior to the Notice Date.**

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses as follows:

9

1.    <u>Primary Engine Water Pump Repair/Replacement:</u>

  a. If the primary engine water pump was repaired or replaced at an authorized Audi or VW dealer within eight (8) years or eighty thousand (80,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle and prior to twenty (20) days after the Notice Date, the Settlement Class Member shall receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor, limited to one repair or replacement per Settlement Class Vehicle.

  b. If the repair or replacement of the primary engine water pump by an authorized Audi or VW dealer was made after eight (8) years or eighty thousand (80,000) miles (whichever occurs first), but prior to ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, and prior to twenty (20) days after the Notice Date, the Settlement Class Member shall receive seventy percent (70%) of the paid dealer invoice amount for the covered part(s) and labor, limited to one repair or replacement per Settlement Class Vehicle.

  c. However, notwithstanding Paragraph 1(a) and (b) above, if the primary engine water pump was repaired or replaced at an independent service center and not an authorized Audi or VW dealer, the paid invoice amount, from which the Settlement Class Member shall receive a refund for the covered parts and labor pursuant to the percentages in Paragraphs 1(a) and (b) above, shall be limited to a maximum of $950.00. Thus, for example, if the amount of the repair invoice exceeds $950.00, the Settlement Class Member will receive a reimbursement of one-hundred percent (100%) of $950.00 if Paragraph 1(a) applies, or seventy percent (70%) of $950.00 if paragraph 1(b) applies.

2.    Limitations:

      a.    Any reimbursement shall be reduced by goodwill or other concession paid by an authorized Audi or VW dealer or any other entity (including insurers and providers of extended warranties or service contracts), up to no reimbursement if the Settlement Class Member received free replacement or repair.

      b.    Defendant shall not be responsible for, and shall not warrant, repair/replacement work performed at an independent service center that is not an authorized VW or Audi dealer.  If the VW or Audi replacement covered part(s), purchased by the customer or the independent service center from an authorized VW or Audi dealer, fails within one (1) year or twelve thousand (12,000) miles of installation (whichever occurs first), VWGoA shall provide a free replacement of the covered part(s) only.

3.    Required Proof:

    In order to obtain the benefits provided for in this section, the Settlement Class Member must provide both (A) Proof of Repair Expense and (B) Proof of Adherence to the Vehicle's Maintenance Schedule.

**C.    Reimbursement for Out-of-Pocket Expenses to Repair or Replace Damaged or Failed Engine Due to Primary Engine Water Pump Failure, Within 10 years or 100,000 miles (Whichever Occurs First) from the Vehicle's In-Service Date.**

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses incurred to repair or replace a failed or damaged engine due to primary engine water pump failure, within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, as follows:

11

1.      If the Settlement Class Vehicle's engine was repaired or replaced at an authorized Audi or VW dealer, and the engine damage that required the repair/replacement was due to failure of the primary engine water pump, the Settlement Class Member may receive a refund of the paid invoice amount subject to the time/mileage parameters in Table 1, below.

2.      However, notwithstanding Paragraph 1 above, if the Settlement Class Vehicle's engine was repaired or replaced at an independent service center and not an authorized Audi or VW dealer, the maximum reimbursement amount is $4,000.00, subject to the time/mileage parameters in Table 1, below.

**TABLE 1: PERCENTAGES OF REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES INCURRED FOR DAMAGED OR FAILED ENGINE DUE TO PRIMARY ENGINE WATER PUMP FAILURE**

| Time from In-Service Date | Less than 50,000 miles | 50,001 to 60,000 miles | 60,001-70,000 miles | 70,001-80,000 miles | 80,001 to 100,000 miles |
|---|---|---|---|---|---|
| 4 years | 100% (under original warranty) | 70% | 50% | 40% | 25% |
| 4-5 years* | 70% | 50% | 40% | 30% | 20% |
| 5-6 years | 50% | 40% | 35% | 25% | 15% |
| 6-7 years | 40% | 30% | 25% | 20% | 10% |
| 7-8 years | 30% | 25% | 20% | 15% | 10% |
| 8-10 years | 25% | 20% | 15% | 10% | 5% |

   * For VW Settlement Class Vehicles in which the New Vehicle Limited Warranty period is 5 years or 60,000 miles (whichever occurs first) from the In-Service Date, the reimbursement percentage shall be one hundred percent (100%) for unreimbursed out-of-pocket expenses incurred within the said 5 years or 60,000 miles (whichever occurs first) warranty period, but not exceeding the maximum reimbursement amount of $4,000.00 if the repair/replacement was

performed by an independent service center and not an authorized VW dealer (Paragraph 2 above).

3.   Limitations:

a.   Any reimbursement pursuant to this Settlement Agreement shall be reduced by goodwill or other concession paid by an authorized Audi or VW Dealer or any other entity (including insurers and providers of extended warranties or service contracts), up to no reimbursement if the Settlement Class Member received free replacement or repair.

b.   Defendant shall only pay for labor and parts for one initial repair or replacement by an independent service center that is not an authorized Audi or VW dealer.  Defendant shall not be responsible for, and shall not warrant repair or replacement work performed at an independent service center that is not an authorized Audi or VW dealer.

c.   Any replacement engine shall be subject to the warranty terms and conditions accompanying that replacement engine. Nothing in this Settlement Agreement modifies that warranty.

4.   Required Proof:

In order to obtain the benefits provided for in this Section, the Settlement Class Member must provide both (A) Proof of Repair Expense and (B) Proof of Adherence to the Vehicle's Maintenance Schedule.

13

III.     **The following proof must be submitted, and conditions satisfied, in order for a Settlement Class Member to be eligible for a reimbursement under Sections II.B. and II.C. of this Agreement:**

               A.     The Claim is mailed to the Claim Administrator, post-marked no later than one hundred fifty (150) days after the Notice Date;

               B.     The Claim contains a properly completed and executed Claim Form;

               C.     If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim contains proof that the claimant is a Settlement Class Member and that the vehicle is a Settlement Class Vehicle;

               D.     The Claim contains the proper Proof of Repair Expense and Proof of Adherence to the Vehicle's Maintenance Schedule demonstrating the Settlement Class Member's right to reimbursement under the terms of this Settlement Agreement; and

               E.     The Settlement Class Member has not previously been reimbursed for his/her/its expenses as is provided by the Settlement.

               F.     The Claim Administrator's denial of any Claim shall be binding and non-appealable, except that Lead Class Counsel and Defendant's counsel may confer and attempt to resolve any disputed denial by the Claim Administrator.

IV.     **CLAIMS ADMINISTRATION**

      A.     **Costs of Administration and Notice**

Defendant shall be responsible for the costs of class notice and settlement administration. The Parties retain the right to audit and review the claims handling by the Claim Administrator, and the Claim Administrator shall report to both parties jointly.

14

**B.    Administration**

   1. For each approved reimbursement claim, the Claim Administrator, on behalf of Defendant, shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check to be sent within seventy-five (75) days of the date of receipt of the Claim, or within seventy-five (75) days of the Effective Date, whichever is later.

**V.    NOTICE**

   a. To Attorney General:  In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides.

   b. To The Settlement Class:  The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

   1. On an agreed upon date with the Claim Administrator, but in no event more than seventy five (75) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached hereto as Exhibit 5, together with the Claim Form, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members.  Defendant may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Lead Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for dissemination of the Class Notice.

15

2.     For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from IHS Markit the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, and the VINs of Settlement Class Vehicles.

3.     Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Vehicle owners and lessees. For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided. For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

4.     The Claim Administrator shall diligently, and/or as reasonably requested by Lead Class Counsel or Defendant's counsel, report to Lead Class Counsel and Defendant's counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

5.     The Claim Administrator shall, upon request, provide Lead Class Counsel and Defendant's counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

6.     The Claim Administrator shall implement a Settlement website containing

(i)     instructions on how to submit a Claim for reimbursement either by mail or online submission;

16

(ii)    instructions on how to contact the Claim Administrator, Defendant's Counsel and Lead Class Counsel for assistance;

(iii)   A portal for Settlement Class Members to insert the VIN number of their Class Vehicle to confirm it is a Settlement Class Vehicle;

(iv)   a copy of the Claim Form, Class Notice and this Settlement Agreement; and

(v)    any other relevant information agreed upon by counsel for the Parties.

7.    No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit to Lead Class Counsel and Defendant's counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court.

8.    To Authorized VW and Audi Dealers: Prior to the Notice Date, Defendant will advise each of its VW and Audi Dealers of the basic terms of the Settlement Agreement relating to the Extended Warranty, so that authorized dealers may effectively communicate with Settlement Class Members and repair eligible Settlement Class Vehicles pursuant to the terms of the Extended Warranty. Defendant's counsel will advise Class Counsel that VW and Audi dealers were provided such notification.

## VI.   RESPONSE TO NOTICE

### A.   Objection to Settlement

Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, file any such objection via the Court's electronic filing system, and if not filed via the Court's electronic system, must mail the objection to the Court, and serve by first-class mail

17

copies of the objection upon: Gary S. Graifman, Kantrowitz, Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977 on behalf of Class Counsel, and Michael B. Gallub, Herzfeld & Rubin, P.C., 125 Broad Street, New York, New York 10004 on behalf of Defendant, and the Claim Administrator, Epiq Global, 777 Third Avenue, 12th Floor, New York, NY 10017.

Any objecting Settlement Class Member must include with his or her or its objection:

1.     the objector's full name, address, and telephone number,

2.     the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

3.     a written statement of all grounds for the objection accompanied by any legal support for such objection; and

4.     copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

5.     In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

6.     Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person by counsel, at the final fairness hearing to explain why the

18

proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the fairness hearing by the objection deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the fairness hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

**B.      Request for Exclusion from the Settlement**

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claim Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice.  To be effective, the Request for Exclusion must be sent to the specified address and:

1.      include the Settlement Class Member's full name, address and telephone number;

2.      identify the model, model year and VIN of the Settlement Class Vehicle; and

3.      specifically and unambiguously state his, her or its desire to be excluded from the Settlement Class.

19

4.      Any request or exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately forty-five (45) days after the date of the mailing of Notice to Settlement Class Members. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

5.      The Claim Administrator will receive purported Requests for Exclusion and will follow guidelines developed jointly by Lead Class Counsel and the Defendant's counsel for determining whether they meet the requirements of a Request for Exclusion. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation, if possible. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution. The Claim Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Lead Class Counsel and Defendant's counsel. The Claim Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court, Lead Class Counsel and Defendant's Counsel within eighteen (18) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

20

VII.   WITHDRAWAL FROM SETTLEMENT

    A.   **Plaintiffs or Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:**

    1.   Any objection to the proposed Settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material (e.g., because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

    2.   The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, or deprives the withdrawing party of a benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

    3.   Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal; or

    4.   The Defendant shall, in addition, have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than ten percent (10%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class.

    5.   To withdraw from this Settlement Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court

21

within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this Agreement. In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation for any purpose, including the existence, certification or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendant and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

6.      A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VIII.   ADMINISTRATIVE OBLIGATIONS

A.      In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any claims submitted pursuant to the Settlement and any responses thereto. The Claim Administrator, on a monthly basis, shall provide to Lead Class Counsel and Defendant's counsel summary information concerning the number of claims made, number of claims validated, number of returned claims for incompleteness, and total dollar amount of payouts on claims

22

made, the number of claims rejected and the total dollar amount of claims rejected, such that Lead Class Counsel and Defendant's counsel may inspect and monitor the claims process.

B.     Except as otherwise stated in this Agreement, all expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendant. Defendant shall provide information as to how many Settlement Class Vehicles have been repaired under the Extended Warranty. Such information shall be provided once, on or before December 31, 2020.

## IX.   SETTLEMENT APPROVAL PROCESS

### A.     Preliminary Approval of Settlement

Promptly after the execution of this Settlement Agreement, Lead Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 3.

### B.     Final Approval of Settlement

1.     If this Settlement Agreement is preliminarily approved by the Court, Lead Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form attached as Exhibit 2.

2.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or

23

otherwise, to effectuate this Settlement Agreement and the terms set forth herein. Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

**C.    Plaintiffs' Application for Attorney Fees and Incentive Awards**

1.      The Parties will attempt to reach agreement on reasonable attorneys' fees and expenses ("Class Counsel Fees and Expenses") for which Class Counsel may apply to the Court. If the Parties are unable to reach agreement, Class Counsel will make an application for reasonable Class Counsel Fees and Expenses to the Court, to which Defendant may respond as it deems appropriate. The Court's award of reasonable Class Counsel Fees and expenses, if any, shall be subject to rights of appeal by any of the Parties.

2.      Plaintiffs believe that Defendant should pay service awards to the individual named Plaintiffs in the Action, each of whom have served as putative class representative in the Action. Upon finalization of this Settlement Agreement, the Parties have agreed that Defendant will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, that Defendant pay service awards of $2,500.00 to each of the following named Plaintiffs who has served as putative class representative in the Action: Gregory Coffeng, Mark Glaser and Jordan Wilson ("Settlement Class representatives").

3.      The Class Counsel Fees and Expenses and Settlement Class representative service awards shall be paid as directed by the Court by wire transfer, check or other mutually agreeable fashion to Kantrowitz, Goldhamer & Graifman, P.C. and Thomas P. Sobran within thirty (30) days after entry of the Final Order and Judgment for attorney fees, expenses, and service awards, including final termination or disposition of any appeals relating thereto. Said payments shall fully satisfy and discharge all obligations of Defendant and the Released Parties with respect to

24

payment of the Class Counsel Fees and Expenses and Settlement Class representative service awards.

4.    The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee and Expense Application are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any order or proceedings relating solely to the Fee and Expense Application, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement.  Payment of Class Counsel Fees and Expenses and the Settlement Class representatives'·service awards will not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members will not be required to pay any portion of the settlement class representatives' service awards or attorneys' fees and expenses.

**D.    Release of Plaintiffs' and Settlement Class Members' Claims**

1.    Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged the Released Parties from all Released Claims.

2.    Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3.    Upon the Effective Date, the Action will be deemed dismissed with prejudice.

25

## X.      MISCELLANEOUS PROVISIONS

### A.      Effect of Exhibits

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

### B.      No Admission of Liability

Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Action or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendant and the Released Parties, or any admissions by Defendant and the Released Parties of any claim or allegation made in any action or proceeding against them. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendant, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Agreement.

### C.      Entire Agreement

This Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement. The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

26

### D.   Arm's-Length Negotiations and Good Faith

The Parties have negotiated all of the terms and conditions of this Agreement at arm's length. All terms, conditions and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the parties in entering into this Agreement.

### E.   Continuing Jurisdiction

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.   Binding Effect of Settlement Agreement

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors and assigns.

### G.   Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

### H.   Service of Notice

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defendant's counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

> <u>As to Plaintiffs:</u>          Gary S. Graifman
>                                       Kantrowitz, Goldhamer
>                                       & Graifman, P.C.
>                                       747 Chestnut Ridge Road
>                                       Chestnut Ridge, NY 10977

As to Defendant:          Michael B. Gallub, Esq.
                          Herzfeld & Rubin, P.C.
                          125 Broad Street
                          New York, NY 10004

**I.     Authority to Execute Settlement Agreement**

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

**J.     Discovery**

Defendant will cooperate and participate in reasonable confirmatory discovery, to the extent reasonably deemed necessary by Plaintiffs and agreed by the Parties.

**K.     Return of Confidential Materials**

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed in accordance with the terms of the Confidentiality Stipulation and Order entered in the Action dated March 26, 2018.

**L.     No Assignment**

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

**M.     No Third-Party Beneficiaries**

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.

**N.     Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement and,

28

therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**O.    Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.


ON BEHALF OF PLAINTIFFS:

Dated: August 6th 2018

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977


Dated: August 2nd 2018

Thomas P. Sobran
**THOMAS P. SOBRAN, P.C.**
7 Evergreen Lane
Hingham, MA 02043


Dated: August ___ 2018

Patrice Bishop
**STULL STULL & BRODY**
9430 W. Olympic Boulevard, Suite 400
Beverly Hills, California 90212

29

therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**O.    Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:  August _6th_ 2018

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977

Dated:  August ___ 2018

Thomas P. Sobran
**THOMAS P. SOBRAN, P.C.**
7 Evergreen Lane
Hingham, MA 02043

Dated:  August _8_, 2018

Patrice Bishop
**STULL STULL & BRODY**
9430 W. Olympic Boulevard, Suite 400
Beverly Hills, California 90212

29

Dated: August _9th_ 2018

Gregory Coffeng - Plaintiff

Dated: August ____ 2018

Mark Glaser - Plaintiff

Dated: August ____ 2018

Jordan Wilson - Plaintiff

ON BEHALF OF DEFENDANT:

Dated: August _2_ 2018

Michael B. Gallub
**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004

30

Dated:  August _____  2018

_____
Gregory Coffeng - Plaintiff

Dated:  August _13_  2018

_____
Mark Glaser - Plaintiff

Dated:  August _____  2018

_____
Jordan Wilson - Plaintiff

ON BEHALF OF DEFENDANT:

Dated:  August _2_  2018

_____
Michael B. Gallub
**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004

30

Dated:   August _____ 2018                         _____
                                                   Gregory Coffeng - Plaintiff

Dated:   August _____ 2018                         _____
                                                   Mark Glaser - Plaintiff

Dated:   August _____ 2018                         _____
                                                   Jordan Wilson - Plaintiff

ON BEHALF OF DEFENDANT:

Dated:   August _2_ 2018                            _____
                                                   Michael B. Gallub
                                                   **HERZFELD & RUBIN, P.C.**
                                                   125 Broad Street
                                                   New York, New York 10004

30

# EXHIBIT 1

# CLAIM FORM:

# VW SETTLEMENT VEHICLES

# VW WATER PUMP CLAIM FORM

Visit the website at www.waterpumpsettlement.com where you can complete a claim form and submit supporting documents online, otherwise:

## FOUR STEPS FOR SUBMITTING A CLAIM:

### (1)    Verify Your Contact Information:

If your contact information is incorrect, please correct it on the right:

*Name:* _____

*Address:* _____

*City* _____

*State* _____ *Zip-code* _____

*Telephone number* ( ___ ) _____

*Vehicle ID Number (VIN):* _____

### (2)    Provide a repair receipt or other paperwork (original or copies):

If you paid for repairs by an authorized VW dealer or independent repair facility, your documentation must show:

- The date and vehicle mileage at the time of the repair;
- The name, address, and telephone number of the facility that performed the repair;
- The year, make, model, and Vehicle Identification Number (VIN) of your vehicle;
- Proof of ownership or lease of the vehicle;
- A description of the repair work performed including the parts repaired or replaced (engine water pump) and the cost of repair (parts and labor).  If reimbursement is sought for a damaged or failed engine due to a primary engine water pump failure, your documents must also reflect that the engine damage or failure that required repair/replacement was due to a failure of the primary engine water pump.
- Proof of payment including the amount paid for repair (parts and labor) and the date and manner of payment; and
- Documents evidencing your adherence to the relevant aspects of the vehicle's maintenance schedule for the coolant system during the time you owned or leased the vehicle, up to the date/mileage of repair or replacement, within a variance of ten percent (10%) of the scheduled time/mileage requirements.  In the event maintenance records cannot be obtained despite a good faith effort to obtain them, you may submit a Declaration under penalty of perjury detailing what efforts you made to obtain the records, who you communicated with and when, why the records are not available and attesting to adherence to the vehicle maintenance schedule, up to the date/mileage of replacement/repair, within the variance set forth above.

### (3)    Sign & Date:

|  |  |
|---|---|
| Signature | Date |

**(4)      Mail Claim Form and Paperwork so that it is postmarked by _____ to:**

Settlement Administrator
Epiq Global
777 Third Avenue, 12th Floor
New York, New York 10017

For more information please view the Class Notice, call the Claims Administrator at _____
or visit www.waterpumpsettlement.com

# CLAIM FORM:

# AUDI SETTLEMENT VEHICLES

# AUDI WATER PUMP CLAIM FORM

Visit the website at www.waterpumpsettlement.com where you can complete a claim form and submit supporting documents online, otherwise:

## FOUR STEPS FOR SUBMITTING A CLAIM:

### (1)     Verify Your Contact Information:

If your contact information is incorrect, please correct it on the right:

| | |
|---|---|
| | *Name:* _____ |
| | *Address:* _____ |
| | *City* _____ |
| | State _____ *Zip-code* _____ |
| | *Telephone number* ( ) _____ |
| | *Vehicle ID Number (VIN):* _____ |

### (2)     Provide a repair receipt or other paperwork (original or copies):

If you paid for repairs by an authorized Audi dealer or independent repair facility, your documentation must show:

- The date and vehicle mileage at the time of the repair;
- The name, address, and telephone number of the facility that performed the repair;
- The year, make, model, and Vehicle Identification Number (VIN) of your vehicle;
- Proof of ownership or lease of the vehicle;
- A description of the repair work performed including the parts repaired or replaced (engine water pump) and the cost of repair (parts and labor). If reimbursement is sought for a damaged or failed engine due to a primary engine water pump failure, your documents must also reflect that the engine damage or failure that required repair/replacement was due to a failure of the primary engine water pump.
- Proof of payment including the amount paid for repair (parts and labor) and the date and manner of payment; and
- Documents evidencing your adherence to the relevant aspects of the vehicle's maintenance schedule for the coolant system during the time you owned or leased the vehicle, up to the date/mileage of repair or replacement, within a variance of ten percent (10%) of the scheduled time/mileage requirements. In the event maintenance records cannot be obtained despite a good faith effort to obtain them, you may submit a Declaration under penalty of perjury detailing what efforts you made to obtain the records, who you communicated with and when, why the records are not available and attesting to adherence to the vehicle maintenance schedule, up to the date/mileage of replacement/repair, within the variance set forth above.

### (3)     Sign & Date:

|  |  |
|---|---|
| Signature | Date |

**(4)    Mail Claim Form and Paperwork so that it is postmarked by _____ to:**

Settlement Administrator
Epiq Global
777 Third Avenue, 12th Floor
New York, New York 10017

For more information please view the Class Notice, call the Claims Administrator at _____
or visit www.waterpumpsettlement.com

# EXHIBIT 2

[[Proposed] FINAL ORDER & JUDGMENT to be finalized and submitted prior to and in connection with the Motion for Final Approval and/or at a time as ordered by the Court.]

# EXHIBIT 3

# EXHIBIT 3:

## [Proposed] PRELIMINARY APPROVAL ORDER

1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   GREGORY COFFENG, MARK GLASER          Case No. 17-cv-01825-JD
     and JORDAN WILSON, individually and on
12   behalf of all others similarly situated,       **[Proposed] ORDER PRELIMINARILY**
                                                    **CERTIFYING SETTLEMENT CLASS,**
13                          Plaintiffs,             **GRANTING PRELIMINARY APPROVAL**
                                                    **OF SETTLEMENT AND APPROVING**
14                   v.                             **CLASS NOTICE**

15

16   VOLKSWAGEN GROUP OF AMERICA,
     INC.,
17
                            Defendant.
18

19

20

21

22

23

24

25

26

27

28

1    THIS MATTER having been opened to the Court by Plaintiffs' Unopposed Motion for
2   Preliminary Approval ("Motion for Preliminary Approval") of the proposed Settlement in the
3   above Action;

4    WHEREAS, the Court having reviewed and considered the Motion for Preliminary
5   Approval and supporting materials filed by Settlement Class Counsel; and

6    WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on
7   _____; and

8    WHEREAS, this Court has fully considered the record and the requirements of law; and
9   good cause appearing;

10    IT IS THIS ____ day of _____, 2018 ORDERED that the Settlement is hereby
11   PRELIMINARILY APPROVED.  The Court further finds and orders as follows:

12    1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is
13   proper in this district.

14    2.    The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members,
15   and the Defendant.

16    3.    To the extent not otherwise defined herein, all defined terms in this Order shall
17   have the meaning assigned in the Settlement Agreement.

18    4.    The Settlement Agreement was the result of the Parties' good-faith negotiations.
19   The Settlement was entered into by experienced counsel and only after extensive arm's length
20   negotiations.  The Settlement Agreement is not the result of collusion.

21    5.    The proceedings that occurred before the Parties reached a resolution of this matter
22   gave counsel opportunity to adequately assess this case's strengths and weaknesses and thus to
23   structure the Settlement Agreement in a way that adequately accounts for those strengths and
24   weaknesses.

25    6.    The Settlement is fair, reasonable and adequate, and has no obvious deficiencies
26   that would preclude preliminary approval.

27    7.    Because the Settlement meets the standards for preliminary approval, the Court
28   preliminarily approves all terms of the Settlement Agreement and all of its Exhibits.

8.     The Court preliminarily finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.  The Court certifies a Settlement Class, as follows:

> All persons or entities who purchased or leased a Settlement Class Vehicle defined as certain 2008 through 2014 model and model year VW and Audi vehicles, as more particularly designated by Vehicle Identification Number ("VIN") listed on Exhibit 4 of the Settlement Agreement, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "the Settlement Class").

> Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over this matter and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class; and (l) any claims involving personal injury.

9.     The Court conditionally certifies the proposed Settlement Class, and preliminarily finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a)  Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b)  Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines there are common issues of law and fact for the Settlement Class.

(c)  Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that they represent, in that the Class Representatives allege they are purchasers of a Settlement Class Vehicle.  The Court hereby appoints the following Plaintiffs as Class Representatives for the Settlement Class: Gregory Coffeng, Mark Glaser and Jordan Wilson.

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 3 -

(d) Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class.  The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10.     The Court further preliminarily finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, as follows:

(a)     Questions of law and fact pertaining to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(b)     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

11.     The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibit 5 to the Settlement Agreement and the Claim Forms attached as Exhibit 1 to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

12.     The Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement.  The Court has reviewed the plan for distributing Notice to the Settlement Class ("Notice Plan"), and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances.  The Court specifically approves the Parties' proposal that on an agreed upon date with the Claim Administrator, but in no event more than seventy five (75) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit 5, together with the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 4 -

1   Settlement Class Members.  The Court specifically approves the procedures set forth in the

2   Settlement Agreement for identifying Settlement Class Members and notifying Class Members

3   whose initial mailings are returned undeliverable.  The Court further approves payment of notice

4   costs as provided in the Settlement Agreement.  The Court finds that these procedures, carried out

5   with reasonable diligence, will constitute the best notice practicable under the circumstances and

6   will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due

7   Process.

8           13.     The Court preliminarily finds that the following counsel will fairly and adequately

9   represent the interests of the Settlement Class and hereby appoints Kantrowitz, Goldhamer &

10  Graifman, P.C., and Thomas P. Sobran, P.C., as Lead Settlement Class Counsel, and Stull, Stull &

11  Brody as Settlement Class Liaison Counsel.

12          14.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will

13  be held on _____ [at least 140 days from entry of Preliminary

14  Approval Order], to consider final approval of the Settlement (the "Fairness Hearing") including,

15  but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the

16  terms of the Settlement Agreement, (b) certification of the Settlement Class, (c) the designation of

17  Plaintiffs as representatives of the Settlement Class, and (d) the designation of Class Counsel as

18  counsel for the Settlement Class; (2) to rule on Class Counsel's request for an award of reasonable

19  attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and

20  (3) to consider whether to enter the Final Approval Order.  The Fairness Hearing may be

21  adjourned by the Court and the Court may address matters set out above, including final approval

22  of the Settlement, without further notice to the Settlement Class other than notice that may be

23  posted at the Court and on the Court's and Claims Administrator's websites.

24          15.     The Court directs that no later than thirty (30) days after the Notice Date,

25  Settlement Class Counsel shall file all memoranda, including affidavits, declarations, and other

26  evidence in support of the request for approval of the Settlement; Class Counsel's request for

27  approval of reasonable attorneys' fees, costs, and reimbursement of expenses; and the request for

28  Service Awards to the individual named plaintiffs.  The Court further directs that no later than five

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 5 -

1  (5) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file any supplemental

2  memoranda addressing any objections and/or opt-outs.  If Settlement Class Counsel and Defense

3  Counsel do not reach agreement on reasonable attorney fees and costs/expenses, said counsel shall

4  meet and confer to agree upon (a) a schedule for Defendants to file opposition to Settlement Class

5  Counsel's motion for reasonable attorney fees and costs/expenses, which shall be at least sixty

6  (60) days after the date of said meet and confer, (b) the time for Plaintiffs' reply thereto, and (c)

7  whether the date of the Fairness Hearing needs to be changed.  Prior to the time in which

8  Defendant must file opposition to Settlement Class Counsel's motion for reasonable attorney fees

9  and costs/expenses, Defendant shall be afforded at least forty-five (45) days to respond to any

10  expert reports submitted by Class Counsel, and shall thereafter have a reasonable opportunity to

11  depose such expert(s) prior to filing the opposition.

12        16.      Persons wishing to object to the proposed Settlement and/or be heard at the

13  Fairness hearing shall follow the following procedures:

14              (a)      To object, a member of the Settlement Class, individually or through

15              counsel, must file a written objection with the Clerk of this Court, and must also

16              serve a copy thereof upon the following no later than forty-five (45) days after the

17              Notice Date:

18              **Counsel for Plaintiffs**

19              Gary S. Graifman, Esq.
                Kantrowitz, Goldhamer & Graifman, P.C.
20              Suite 200
                747 Chestnut Ridge Road
21              Chestnut Ridge, NY 10977

22              **Counsel for Defendants**

23              Michael B. Gallub, Esq.
                Herzfeld & Rubin, P.C.
24              125 Broad Street
                New York, NY 10004
25

26              (b)      Any objecting Settlement Class Member must include with his or

27              her objection:

28                    i.      the objector's full name, address, and telephone number;

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

ii.     the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

iii.    a written statement of all grounds for the objection accompanied by any legal support for such objection;

iv.     copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

v.      any Settlement Class Member objecting to the Settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

(c)     Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d)     Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or to Settlement Class

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 7 -

Counsel's motion for reasonable attorneys' fees and reimbursement of litigation expenses and for Service Awards to the Settlement Class Representatives. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees, litigation expenses and Service Awards, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

17. The Court appoints Epiq Global as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice Procedure as well as the processing of Claims.

18. All Settlement Class members shall have the right to opt out of the class at any time during the opt-out period. The opt-out period shall run for forty-five (45) days following the Notice Date. Any Settlement Class Member who timely elects to opt out of the Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement.

19. Any Settlement Class Member who wishes to opt out of the Class must do so by mailing a request for exclusion ("Request for Exclusion") to the Claims Administrator as provided in the Notice. The Request for Exclusion must be postmarked on or before the expiration of the opt out deadline, which will be forty-five (45) days after the Notice Date. To be effective, the Request for Exclusion must state specifically and unambiguously his or her desire to be excluded from the Settlement Class. Any purported Requests for Exclusion will be reviewed jointly by counsel for Plaintiffs and Defendant according to the procedures set forth in the Settlement Agreement, which the Court approves.

20. Any member of the Settlement Class failing to properly and timely mail such a Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement, including the

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 8 -

1  release, and Order of Final Judgment. The Court shall resolve any disputes concerning the opt-out

2  provisions of the Settlement Agreement.

3  21.   Upon Final Approval, all Settlement Class Members who have not timely and

4  properly opted out of the Settlement shall be deemed to have, and by operation of the Final Order

5  and Judgment shall have, fully and completely released, acquitted and discharged all Released

6  Parties from/for all Released Claims as set forth in the Settlement Agreement.

7  22.   Upon Final Approval, with respect to the foregoing Released Claims, the Plaintiffs

8  and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by

9  law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

10  "A general release does not extend to claims which the creditor does not know or suspect to exist

11  in his favor at the time of executing the release, which if known by him must have materially

12  affected his settlement with the debtor."

13  23.   Upon Final Approval, this Action will be deemed dismissed with prejudice.

14  24.   In the event that the Settlement does not become effective for any reason, this

15  Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and

16  releases delivered in connection herewith shall be null and void to the extent provided by and in

17  accordance with the Settlement Agreement.  If the Settlement does not become effective, the

18  Defendant and any other Releasees shall have retained any and all of their current defenses and

19  arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P.

20  23(a) and (b)(3) are not satisfied for purposes of continued litigation).  This action, and the Parties,

21  shall thereupon revert immediately to their respective procedural and substantive status prior to the

22  date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement

23  and all other related orders and papers had not been executed.

24  25.   Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable

25  procedures in connection with approval and administration of the Class Action Settlement that are

26  not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement,

27  including making, without further approval of the Court, minor changes to the Class Action

28

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 9 -

1  Settlement, to the form or content of the Class Notice, or to any other exhibits that the Parties

2  jointly agree are reasonable or necessary.

3      26.    The Court shall retain continuing jurisdiction over the Action, the Parties and the

4  Settlement Class, and the administration, enforcement, and interpretation of the Settlement.  Any

5  disputes or controversies arising with respect to the Settlement shall be presented by motion to the

6  Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to

7  exercise their rights as described above.

8

9  Dated: _____        _____

10                                     Honorable James Donato
                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVING CLASS NOTICE
Case No. 17-cv-01825-JD

- 10 -

# EXHIBIT 4

# EXHIBIT 4
# [Part 1 of 3]

| Audi model/MY vehicles with 2.0L EA 888 engines: | |
|---|---|
| A3 | MY 2008-2013 |
| A4; A5 | MY 2009-2014 |
| Q5 | MY 2011-2014 |
| A6 | MY 2012-2014 |
| TT | MY 2009-2014 |

| Volkswagen model/MY vehicles with 2.0L EA 888 engines: | |
|---|---|
| GTI; Jetta | MY 2008-2014 |
| EOS, CC (CCF), Tiguan | MY 2009-2014 |
| Passat | MY 2008-2010 |
| Beetle | MY 2012-2014 |

**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED - ENTIRE DOCUMENT SOUGHT TO BE SEALED]**

# AUDI VEHICLES

# EXHIBIT 4
# [Part 2 of 3]

**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED - ENTIRE DOCUMENT SOUGHT TO BE SEALED]**

# VOLKSWAGEN VEHICLES

# EXHIBIT 4
# [Part 3 of 3]

# EXHIBIT 5

# CLASS NOTICE:

# VW SETTLEMENT VEHICLES

## CLASS NOTICE - VW

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If you now or used to own or lease certain Volkswagen vehicles equipped with a factory installed primary engine water pump, you may be entitled to benefits afforded by a class action settlement.  This notice is being mailed to you because you have been identified as owning or leasing a Settlement Class Vehicle.**

- This class action claimed that some primary engine water pumps in certain Volkswagen vehicles can fail.  The class action, pending in the United States District Court for the Northern District of California, is entitled *Coffeng, et al. v. Volkswagen Group of America, Inc.*, Civil Action No. 3:17-cv-01825-JD (the "Action" or "Lawsuit").

- The parties have agreed to settle the Action.  This Notice explains the Lawsuit, the Settlement, your legal rights, available benefits, who is eligible for them, and how to get them.  As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement.  Additional information is available online at www.waterpumpsettlement.com.

- Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.

### BASIC INFORMATION

**1.    Introduction: Why you received this notice.**

According to Volkswagen Group of America, Inc.'s ("VWGoA") records, you are a current or past owner or lessee of a Volkswagen vehicle with a 2.0L EA888 engine including ("Settlement Class Members") of the following model/model year:

- – certain 2008-2014 model year GTI[*]

- – certain 2008-2014 model year Jetta[*]

- – certain 2009-2014 model year EOS[*]

- – certain 2009-2014 model year CC (CCF)[*]

- – certain 2009-2014 model year Tiguan[*]

1

&mdash; certain 2008-2010 model year Passat[*]

&mdash; certain 2012-2014 model year Beetle[*]

[*] Subject to confirmation that your Vehicle Identification Number (VIN) is covered by the Settlement and that your vehicle is one of the Settlement Class Vehicles, which you can confirm on the Settlement website: www.waterpumpsettlement.com

(hereinafter, collectively, "Settlement Class Vehicles"). A class action lawsuit was filed claiming that there was a defect that caused some primary engine water pumps ("water pump") in the Settlement Class Vehicles to fail, sometimes requiring repair or replacement. Volkswagen has denied the claims and maintains that the water pump functions in a proper manner.

The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

## I. <u>Warranty Extension for Current Owners or Lessees</u>

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover primary engine water pump repairs or replacement, by an authorized Volkswagen ("VW") dealer, during a period of ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle. To have a repair or replacement done under the Extended Warranty, the Settlement Class member must submit, to the dealer, Proof of Adherence to the Vehicle's Maintenance Schedule which were relevant to the function of the coolant system (including use of the specification of coolant fluid recommended by VW), within a variance of ten percent (10%) of the scheduled time/mileage requirements. The Extended Warranty will include the water pump and all parts and labor necessary to effectuate the repair. The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty and Warranty Information Booklet. Repair or replacement under the Extended warranty must be performed by an authorized VW dealer. The Extended Warranty is fully transferable to subsequent owners.

The Extended Warranty will go into effect on the Notice Date. If the water pump fails more than twenty (20) days after the Notice Date and within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member must take the vehicle to an authorized VW dealer for repair pursuant to the terms of the Extended Warranty.

## II. <u>Reimbursement for Out-of-Pocket Expenses for Repair or Replacement of the Primary Engine Water Pump</u>

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses as follows:

(1)     If the water pump was repaired or replaced at an authorized VW dealer within eight (8) years or eighty thousand (80,000) miles (whichever occurs first) from the In-Service

2

Date of the Settlement Class Vehicle, the Settlement Class Member shall receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor, limited to one repair per Settlement Class Vehicle.

(2)     If the repair or replacement of the water pump by an authorized VW dealer was made after eight (8) years or eighty thousand (80,000) miles (whichever occurs first), but prior to ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member shall receive seventy percent (70%) of the paid dealer invoice amount for the covered part(s) and labor, limited to one repair per Settlement Class Vehicle.

(3)     However, if the water pump was repaired or replaced at an independent service center and not an authorized VW dealer, the paid invoice amount, from which the Settlement Class Member shall receive a refund for the covered parts and labor, shall be limited to a maximum of $950.00.

The above relief is subject to certain limitations and proof requirements which are set forth in the Settlement Agreement, which can be found on the Settlement website at www.waterpumpsettlement.com.

### III.     Reimbursement for Out-of-Pocket Expenses to Repair or Replace Damaged or Failed Engine Due to Primary Engine Water Pump Failure

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses incurred to repair or replace a failed or damaged engine due to water pump failure, within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, as follows:

(1)     If the Settlement Class Vehicle's engine was repaired or replaced at an authorized VW dealer, and the engine damage that required the repair/replacement was due to failure of the water pump, the Settlement Class Member may receive a refund of the paid invoice amount subject to the time/mileage parameters in Table 1, below.

(2)     However, if the Settlement Class Vehicle's engine was repaired or replaced at an independent service center and not an authorized VW dealer, the maximum reimbursement amount is $4,000.00, subject to the time/mileage parameters in Table 1, below.

**TABLE 1:     PERCENTAGES OF REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES INCURRED FOR DAMAGED OR FAILED ENGINE DUE TO PRIMARY ENGINE WATER PUMP FAILURE**

| Time from In- | Less      than | 50,001      to | 60,001- | 70,001- | 80,001      to |
|---|---|---|---|---|---|

3

| Service Date | 50,000 miles | 60,000 miles | 70,000 miles | 80,000 miles | 100,000 miles |
|---|---|---|---|---|---|
| 4 years | 100% (under original warranty) | 70% | 50% | 40% | 25% |
| 4-5 years* | 70% | 50% | 40% | 30% | 20% |
| 5-6 years | 50% | 40% | 35% | 25% | 15% |
| 6-7 years | 40% | 30% | 25% | 20% | 10% |
| 7-8 years | 30% | 25% | 20% | 15% | 10% |
| 8-10 years | 25% | 20% | 15% | 10% | 5% |

\* For VW Settlement Class Vehicles in which the written warranty is 5 years or 60,000 miles (whichever occurs first) from the In-Service Date, the reimbursement percentage shall be one hundred percent (100%) for unreimbursed out-of-pocket expenses incurred within the said 5 years or 60,000 miles (whichever occurs first) warranty period, but not exceeding the maximum reimbursement amount of $4,000.00 if the repair/replacement was performed by an independent service center and not an authorized VW dealer.

**IV. Limitations and Required Proof:**

**Limitations:**

a. Any reimbursement pursuant to this Settlement Agreement shall be reduced by goodwill or other concession paid by an authorized VW Dealer or any other entity (including insurers and providers of extended warranties or service contracts).

b. VWGoA will only pay for labor and parts for one initial repair or replacement by an independent service center that is not an authorized VW dealer. VWGoA will not be responsible for, and shall not warrant repair or replacement work performed at an independent service center that is not an authorized VW dealer.

c. Any replacement engine will be subject to the warranty terms and conditions accompanying that replacement engine. This Settlement does not modify the terms, conditions, restrictions or limitations of that warranty.

**Required Proof:**

a.  An original or legible copy of a repair invoice containing claimant's name, the make, model and vehicle identification number (VIN) of the Settlement Class Vehicle, the name and address of the authorized VW dealer or independent servicing center that performed the repair, the date of repair, a description of the repair work performed including the parts repaired/replaced and a breakdown of parts and labor costs, the vehicle's mileage at the time of repair, and proof of the Settlement Class Member's payment of same.  If reimbursement is sought for a damaged or failed engine due to a failure of the water pump under the terms of this Settlement, the Proof of Repair Expense must also show that the engine damage or failure that required repair/replacement was due to a failure of the water pump.

b.  Documents evidencing the Settlement Class Member's adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule, set forth in the Warranty and Maintenance Booklet for the vehicle which were relevant to the function of the coolant system (including use of the coolant fluid recommended by VW), during the time he/she/it owned and/or leased the vehicle,  up to the date/mileage of repair or replacement, within a variance of ten percent (10%) of the scheduled time/mileage requirements.  In the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a Declaration under penalty of perjury detailing what efforts were made to obtain the records, who he/she/it communicated with and when, why the records are not available and attesting to adherence to the vehicle maintenance schedule, up to the date/mileage of replacement/repair, within the ten percent (10%) variance set forth above. (hereinafter, "Proof of Adherence with the Vehicle's Maintenance Schedule").

**2.      Why is this a class action settlement?**

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims.  All of these people are Class Members.  The Class Representatives and all Settlement Class Members are called the Plaintiffs and the companies they sued are called the Defendants.  One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge James Donato is in charge of this class action.

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong.  That way, all parties avoid the risks and cost of a trial, and the people affected (the Settlement Class Members) will get compensation quickly.  The Class Representatives and the attorneys think the Settlement is best for the Settlement Class.

## WHO IS PART OF THE SETTLEMENT?

**3.      Am I in this Settlement Class?**

Judge Donato conditionally approved the following definition of a Settlement Class Member:

"All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America and Puerto Rico."

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**4.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information.  You can call __ _____ or visit www.waterpumpsettlement.com for more information.  You can confirm on this website whether your vehicle VIN number falls within the settlement class vehicles.

### SETTLEMENT BENEFITS – WHAT YOU GET

**5.      What does the Settlement provide?**

The benefits afforded by the Settlement are described in paragraph 1.  More details are provided in the next three sections.

**6.      How does the extended warranty work?**

Beginning on _____, VWGoA's New Vehicle Limited Warranty will be extended for all Settlement Class Vehicles to cover repair or replacement of a failed water pump by an authorized Volkswagen dealer if, at the time you bring your vehicle to the dealer for repair, it is within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the date the Settlement Class Vehicle was first placed into service. You must bring to the dealer Proof of Adherence to the Vehicle's Maintenance Schedule.  The rights and procedures generally available under the New Vehicle Limited Warranty will apply to repairs during this extended warranty period.  The extended warranty is subject to the same terms and conditions of the New Vehicle Limited Warranty.

**7.      Who can send in a claim for cash payments?**

Any United States or Puerto Rico resident who purchased or leased a Settlement Class Vehicle can send in a claim for cash reimbursement for money spent prior to the date of this Notice as described in paragraph "1".

6

**8.      How do I send in a claim for a cash reimbursement?**

To submit a claim for a cash reimbursement, you must do the following:

### By mail:

(1)     **Complete, sign, and date a Claim Form** (there is one enclosed with these materials and you can also get one at www. www.waterpumpsettlement.com ). Keep a copy of the completed Claim Form; and

(2)     **Mail the Claim Form and your supporting documentation, such as repair record(s), receipts, proof of payment,** and Proof of Adherence with the vehicle's maintenance schedule by first class mail postmarked no later than _____ _____ to the address on the Claim Form.  The information that must be reflected in your records can be found on the Claim Form.  Keep a copy of your repair records.

### Online:

(1)     **Complete an online Claim Form and upload supporting documentation, such as repair record(s), receipts, proof of payment** and Proof of Adherence with the vehicle's maintenance schedule at the Settlement website: www.waterpumpsettlement.com.  Print a copy of the completed Claim Form.

If you fail to submit the Claim Form and supporting documents by the required deadline you will not get paid.

**9.      When do I get my reimbursement or learn whether I will receive a payment?**

If the Claims Administrator determines your claim is valid, your reimbursement will be mailed to you after the Settlement becomes final. The Court will hold a Fairness Hearing on _____, to decide whether to approve the Settlement as fair, reasonable and adequate. Information about the progress of the case will be available at: www.waterpumpsettlement.com.

If the Claims Administrator determines your claim should not be paid, you will be mailed a letter telling you this.  If the reason for rejecting your claim is due to a deficiency in your Claim Form and/or supporting proof, the letter will notify you of the deficiency in your claim and what needs to be submitted to correct the deficiency.

To check on the status of your claim, you can call _____.

**10.     What am I giving up to get a cash reimbursement and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the same matters and legal issues in this case (except for claims of personal injury or property damage) and any of the Released Claims against the released Parties. It also means that all of the Court's orders will apply to you and legally bind you.

7

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**11.     How do I get out of this Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail postmarked no later than _____, stating that you want to be excluded from the Settlement. Be sure to include your full name, address, telephone number, signature, model year and VIN of your vehicle, and the approximate date(s) of purchase or lease. You must mail your exclusion request postmarked no later than _____to:

### SETTLEMENT ADMINISTRATOR

**Epiq Global
777 Third Avenue, 12th Floor
New York, New York 10017**

### Class Counsel

**Gary Graifman, Esq.
Kantrowitz, Goldhamer & Graifman, P.C.
Suite 200
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977**

### Defense Counsel

**Michael B. Gallub
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004**

You cannot exclude yourself on the phone or by e-mail.  If you submit your request to be excluded by U.S. mail or express mail, you will not get any benefits of the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit.

**12.     If I don't exclude myself, can I sue later?**

No, not for the same matters and legal claims at issue here, unless your claim is for personal injury or property damage.

**13.    If I exclude myself can I get the benefits of this Settlement?**

No, if you exclude yourself from the Settlement Class you won't get any money or benefits from this Settlement, and you should not submit a Claim Form.  You cannot do both.

**14.    Do I have a lawyer in this case?**

The Court has appointed the law firms of Kantrowitz, Goldhamer & Graifman, Thomas P. Sobran,, Esq. and Stull, Stull & Brody as counsel for the Settlement Class.  Together these law firms are called "Class Counsel."

**15.    Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one at your own cost.

**16.    How will the lawyers be paid, and will the Plaintiff Settlement Class Representatives receive incentive awards?**

Class Counsel have prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the costs and expenses associated with this case.  Class Counsel will request an award of reasonable attorney fees and reasonable costs and expenses ("Fees and Expenses") from the Court in an amount not exceeding a combined total sum of $_____.  You won't have to pay these Fees and Expenses.  Any Fees and Expenses awarded to Class Counsel will not affect your Settlement amount.

Class Counsel will also apply to the Court for incentive awards to the named Plaintiffs, who have conditionally been approved as Settlement Class Representatives, in the amount of $_____ each for their efforts in pursuing this litigation for the benefit of the Settlement Class.  Any award for Class Counsel Fees and Expenses and any incentive awards will be paid by Defendant and will not reduce any benefits available to you under the Settlement.

Class Counsel's motion for fees and expenses and Settlement Class Representative incentive awards will be filed by _____, and will be made available for review at www.waterpumpsettlement.com.

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

**17.    How do I tell the Court that I like or dislike the Settlement?**

If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or that you object to the Settlement or Class Counsel's requests for fees and expenses and Settlement Class Representative incentive award.  You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object, you must, no later than _____, send a letter to the Court with copies to the Class Counsel and defense counsel listed below, saying that you are objecting to the Settlement in *Coffeng v. Volkswagen Group of America, Inc.,* Civil Action No. 3:17-cv-01825-JD, and your objection must include your full name, current address and telephone number, the model year and VIN of your vehicle and proof that you own(ed) or lease(d) it, a statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Fairness Hearing, and your signature. Any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action Settlements submitted in any court in the previous five (5) years, or affirmatively state that the Settlement Class Member or his or her counsel has not objected to any other class action Settlement in the previous five (5) years, in the written materials provided with the objection. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Be sure to send your objection to the three different places set forth below such that it is postmarked no later than _____.

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| Clerk of the Court, United States District Court for the Northern District of California 450 Golden Gate Avenue San Francisco, CA 94102 | Gary Graifman KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. Suite 200, 747 Chestnut Ridge Road Chestnut Ridge, New York 10977 | Michael B. Gallub HERZFELD & RUBIN, P.C. 125 Broad Street New York, NY 10004 |

The filing of an objection allows Class Counsel or Counsel for Defendant to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the Fairness Hearing, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to comply with discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard.

If you do not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for incentive awards or attorney fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

### 18.    What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that

you do not want to be part of the Settlement Class and the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## FAIRNESS HEARING

### 19.     When and where will the Court decide to approve the Settlement?

The Court will hold a Fairness Hearing at _____a.m. on _____, in Courtroom 11, 19th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether the Settlement should be finally approved.  At this Fairness Hearing the Court will consider whether the Settlement is fair, reasonable and adequate.  The Court may also consider Class Counsel's application for Fees and Expenses and for incentive awards for the Settlement Class Representatives.

### 20.     Do I have to come to the Fairness Hearing?

No. Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense provided you have not excluded yourself from the Settlement.  If you send an objection, you do not have to come to Court to talk about it.  You may also pay your own lawyer to attend, but it is not necessary.

### 21.     May I speak at the Fairness Hearing?

If you do not exclude yourself, you may ask the Court's permission to speak at the Fairness Hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' Fees and Expenses and Settlement Class Representative incentive awards.  To do so, you must send a letter notice saying that it is your intention to appear at the Fairness Hearing in *Coffeng v. Volkswagen Group of America, Inc.,* Civil Action No. 3:17-cv-01825-JD.  The letter notice must state the position you intend to present at the Fairness Hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, telephone number, model year and VIN of your vehicle(s), and your signature.  You must send your letter notice to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under question 17 above, such that it is postmarked no later than ___.  You may combine this notice and your comment (described under question 17) in a single letter.  You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement.

## IF YOU DO NOTHING

### 22.     What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it.

## ADDITIONAL INFORMATION

23.     Visit the website at www.waterpumpsettlement, where you can submit a claim online, find extra claim forms and more information on this litigation and Settlement.  Updates

regarding the case will be available on the website.  You may also call the Claims Administrator at _____.

# CLASS NOTICE:

# AUDI SETTLEMENT VEHICLES

## CLASS NOTICE - AUDI

### *A federal court authorized this notice. This is not a solicitation from a lawyer.*

## <u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

**If you now or used to own or lease certain Audi vehicles equipped with a factory installed primary engine water pump, you may be entitled to benefits afforded by a class action settlement. This notice is being mailed to you because you have been identified as owning or leasing a Settlement Class Vehicle.**

- This class action claimed that some primary engine water pumps in certain Audi vehicles can fail. The class action, pending in the United States District Court for the Northern District of California, is entitled *Coffeng, et al v. Volkswagen Group of America, Inc.,* Civil Action No. 3:17-cv-01825-JD (the "Action" or "Lawsuit").

- The parties have agreed to settle the Action. This Notice explains the Lawsuit, the Settlement, your legal rights, available benefits, who is eligible for them, and how to get them. As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement. Additional information is available online at www.waterpumpsettlement.com

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.

### BASIC INFORMATION

**1.      Introduction: Why you received this notice.**

According to Volkswagen Group of America, Inc.'s ("VWGoA") records, you are a current or past owner or lessee of an Audi vehicle with a 2.0L EA888 engine including ("Settlement Class Members") of the following model/model year:

- – certain 2008-2013 model year A3[*]

- – certain 2009-2014 model year A4[*]

- – certain 2009-2014 model year A5[*]

- – certain 2011-2014 model year Q5[*]

- – certain 2012-2014 model year A6[*]

1

–   certain 2009-2014 model year TT[*]

[*] Subject to confirmation that your Vehicle Identification Number (VIN) is covered by the Settlement and that your vehicle is one of the Settlement Class Vehicles, which you can confirm on the Settlement website:  www.waterpumpsettlement.com

(hereinafter, collectively, "Settlement Class Vehicles").   A class action lawsuit was filed claiming that there was a defect that caused some primary engine water pumps ("water pump") in the Settlement Class Vehicles to fail, sometimes requiring repair or replacement. Volkswagen has denied the claims and maintains that the water pump functions in a proper manner.

The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

## I.   **Warranty Extension for Current Owners or Lessees**

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover primary engine water pump repairs or replacement, by an authorized Audi dealer, during a period of ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle.  To have a repair or replacement done under the Extended Warranty, the Settlement Class member must submit, to the dealer, Proof of Adherence to the Vehicle's Maintenance Schedule which were relevant to the function of the coolant system (including use of the specification of coolant fluid recommended by VW), within a variance of ten percent (10%) of the scheduled time/mileage requirements.  The Extended Warranty will include the water pump and all parts and labor necessary to effectuate the repair.  The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty and Warranty Information Booklet.   Repair or replacement under the Extended warranty must be performed by an authorized Audi dealer.  The Extended Warranty is fully transferable to subsequent owners.

The Extended Warranty will go into effect on the Notice Date.  If the water pump fails more than twenty (20) days after the Notice Date and within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member must take the vehicle to an authorized Audi dealer for repair pursuant to the terms of the Extended Warranty.

## II.   **Reimbursement for Out-of-Pocket Expenses for Repair or Replacement of the Primary Engine Water Pump**

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses as follows:

(1)    If the water pump was repaired or replaced at an authorized Audi dealer within eight (8) years or eighty thousand (80,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member shall receive a one-hundred

percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor, limited to one repair per Settlement Class Vehicle.

(2)     If the repair or replacement of the water pump by an authorized Audi dealer was made after eight (8) years or eighty thousand (80,000) miles (whichever occurs first), but prior to ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member shall receive seventy percent (70%) of the paid dealer invoice amount for the covered part(s) and labor, limited to one repair per Settlement Class Vehicle.

(3)     However, if the water pump was repaired or replaced at an independent service center and not an authorized Audi dealer, the paid invoice amount, from which the Settlement Class Member shall receive a refund for the covered parts and labor, shall be limited to a maximum of $950.00.

The above relief is subject to certain limitations and proof requirements which are set forth in the Settlement Agreement, which can be found on the Settlement website at www.waterpumpsettlement.com.

### III.     Reimbursement for Out-of-Pocket Expenses to Repair or Replace Damaged or Failed Engine Due to Primary Engine Water Pump Failure

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses incurred to repair or replace a failed or damaged engine due to water pump failure, within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, as follows:

(1)     If the Settlement Class Vehicle's engine was repaired or replaced at an authorized Audi dealer, and the engine damage that required the repair/replacement was due to failure of the water pump, the Settlement Class Member may receive a refund of the paid invoice amount subject to the time/mileage parameters in Table 1, below.

(2)     However, if the Settlement Class Vehicle's engine was repaired or replaced at an independent service center and not an authorized Audi dealer, the maximum reimbursement amount is $4,000.00, subject to the time/mileage parameters in Table 1, below.


**TABLE 1:   PERCENTAGES OF REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES INCURRED FOR DAMAGED OR FAILED ENGINE DUE TO PRIMARY ENGINE WATER PUMP FAILURE**

| Time from In-Service Date | Less than 50,000 miles | 50,001 to 60,000 miles | 60,001-70,000 miles | 70,001-80,000 miles | 80,001 to 100,000 miles |
|---|---|---|---|---|---|

**3**

| 4 years | 100% (under original warranty) | 70% | 50% | 40% | 25% |
|---------|-------------|-----|-----|-----|-----|
| 4-5 years | 70% | 50% | 40% | 30% | 20% |
| 5-6 years | 50% | 40% | 35% | 25% | 15% |
| 6-7 years | 40% | 30% | 25% | 20% | 10% |
| 7-8 years | 30% | 25% | 20% | 15% | 10% |
| 8-10 years | 25% | 20% | 15% | 10% | 5% |

## IV.  Limitations and Required Proof:

**Limitations:**

a.  Any reimbursement pursuant to this Settlement Agreement shall be reduced by goodwill or other concession paid by an authorized Audi Dealer or any other entity for the repair or replacement (including insurers and providers of extended warranties or service contracts).

b.  VWGoA will only pay for labor and parts for one initial repair or replacement by an independent service center that is not an authorized Audi dealer.   VWGoA will not be responsible for, and shall not warrant repair or replacement work performed at an independent service center that is not an authorized Audi dealer.

c.  Any replacement engine will be subject to the warranty terms and conditions accompanying that replacement engine. This Settlement does not modify the terms, conditions, restrictions or limitations of that warranty.

**Required Proof:**

a.  An original or legible copy of a repair invoice containing claimant's name, the make, model and vehicle identification number (VIN) of the Settlement Class Vehicle, the name and address of the authorized Audi dealer or independent servicing center that performed the repair, the date of repair, a description of the repair work performed including the parts repaired/replaced and a breakdown of parts and labor costs, the vehicle's mileage at the time of repair, and proof of the Settlement Class Member's payment of same.  If reimbursement is sought for a damaged or failed engine due to a failure of the water pump under the terms of this

Settlement, the Proof of Repair Expense must also show that the engine damage or failure that required repair/replacement was due to a failure of the water pump.

b. Documents evidencing the Settlement Class Member's adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule, set forth in the Warranty and Maintenance Booklet for the vehicle which were relevant to the function of the coolant system (including use of the coolant fluid recommended by Audi), during the time he/she/it owned and/or leased the vehicle, up to the date/mileage of repair or replacement, within a variance of ten percent (10%) of the scheduled time/mileage requirements.  In the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a Declaration under penalty of perjury detailing what efforts were made to obtain the records, who he/she/it communicated with and when, why the records are not available and attesting to adherence to the vehicle maintenance schedule, up to the date/mileage of replacement/repair, within the ten percent (10%) variance set forth above. (hereinafter, "Proof of Adherence to the Vehicle's Maintenance Schedule").

**2.     Why is this a class action settlement?**

**In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of** other people who have similar claims.  All of these people are Class Members.  The Class Representatives and all Settlement Class Members are called the Plaintiffs and the companies they sued are called the Defendants.  One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge James Donato is in charge of this class action.

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong.  That way, all parties avoid the risks and cost of a trial, and the people affected (the Settlement Class Members) will get compensation quickly.  The Class Representatives and the attorneys think the Settlement is best for the Settlement Class.

## WHO IS PART OF THE SETTLEMENT?

**3.     Am I in this Settlement Class?**

Judge Donato conditionally approved the following definition of a Settlement Class Member:

"All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America and Puerto Rico."

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a

Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class **Vehicle;** (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**4.     I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information.  You can call __ _____ or visit www.waterpumpsettlement.com for more information. You can confirm on this website whether your vehicle's VIN number falls within the settlement class vehicles.

## SETTLEMENT BENEFITS – WHAT YOU GET

**5.     What does the Settlement provide?**

The benefits afforded by the Settlement are described in paragraph 1.  More details are provided in the next three sections.

**6.     How does the extended warranty work?**

Beginning on _____, VWGoA's New Vehicle Limited Warranty will be extended for all Settlement Class Vehicles to cover repair or replacement of a failed water pump by an authorized Audi dealer if, at the time you bring your vehicle to the dealer for repair, it is within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the date the Settlement Class Vehicle was first placed into service. You must bring to the dealer Proof of Adherence to the Vehicle's Maintenance Schedule.  The rights and procedures generally available under the New Vehicle Limited Warranty will apply to repairs during this extended warranty period. The extended warranty is subject to the same terms and conditions of the New Vehicle Limited Warranty**.**

**7.     Who can send in a claim for cash payments?**

Any United States or Puerto Rico resident who purchased or leased a Settlement Class Vehicle can send in a claim for cash reimbursement for money spent prior to the date of this Notice as described in paragraph "1".

**8.     How do I send in a claim for a cash reimbursement?**

To submit a claim for a cash reimbursement, you must do the following:

> **By mail:**

> (1)     **Complete, sign, and date a Claim Form** (there is one enclosed with these materials and you can also get one at www. www.waterpumpsettlement.com ). Keep a copy of the completed Claim Form; and

(2)    · **Mail the Claim Form and your supporting documentation**, such as repair record(s), receipts, proof of payment, and Proof of Adherence with the vehicle's maintenance schedule by first class mail postmarked no later than _____ to the address on the Claim Form.   The information that must be reflected in your records can be found on the Claim Form.  Keep a copy of your repair records.

**Online:**

(1)    **Complete an online Claim Form and upload supporting documentation**, such as repair record(s), receipts, proof of payment and Proof of Adherence with the vehicle's maintenance schedule at the Settlement website: www.waterpumpsettlement.com.  Print a copy of the completed Claim Form.

If you fail to submit the Claim Form and supporting documents by the required deadline you will not get paid.

### 9.    When do I get my reimbursement or learn whether I will receive a payment?

If the Claims Administrator determines your claim is valid, your reimbursement will be mailed to you after the Settlement becomes final. The Court will hold a Fairness Hearing on _____, to decide whether to approve the Settlement as fair, reasonable and adequate. Information about the progress of the case will be available at: www.waterpumpsettlement.com.

If the Claims Administrator determines your claim should not be paid, you will be mailed a letter telling you this.  If the reason for rejecting your claim is due to a deficiency in your Claim Form and/or supporting proof, the letter will notify you of the deficiency in your claim and what needs to be submitted to correct the deficiency.

To check on the status of your claim, you can call _____.

### 10.    What am I giving up to get a cash reimbursement and stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the same matters and legal issues in this case (except for claims of personal injury or property damage) and any of the Released Claims against the released Parties. It also means that all of the Court's orders will apply to you and legally bind you.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

### 11.    How do I get out of this Settlement?

To exclude yourself from the Settlement, you must send a letter by U.S. mail postmarked no later than _____, stating that you want to be excluded from the Settlement. Be sure to include your full name, address, telephone number, signature, model year and VIN of your vehicle, and the approximate date(s) of purchase or lease. You must mail your exclusion request postmarked no later than _____to:

7

**SETTLEMENT ADMINISTRATOR**

**Epiq Global**
**777 Third Avenue, 12th Floor**
**New York, New York 10017**

**<u>Class Counsel</u>**

**Gary Graifman, Esq.**
**Kantrowitz, Goldhamer & Graifman, P.C.**
**Suite 200**
**747 Chestnut Ridge Road**
**Chestnut Ridge, New York 10977**

**<u>Defense Counsel</u>**

**Michael B. Gallub**
**Herzfeld & Rubin, P.C.**
**125 Broad Street**
**New York, New York 10004**

You cannot exclude yourself on the phone or by e-mail. If you submit your request to be excluded by U.S. mail or express mail, you will not get any benefits of the Settlement and you cannot object to the Settlement. You will not **be legally bound by anything that happens in this Lawsuit.**

**12.     If I don't exclude myself, can I sue later?**

No, not for the same matters and legal claims at issue here, unless your claim is for personal injury or property damage.

**13.     If I exclude myself can I get the benefits of this Settlement?**

No, if you exclude yourself from the Settlement Class you won't get any money or benefits from this Settlement, and you should not submit a Claim Form. You cannot do both.

**14.     Do I have a lawyer in this case?**

The Court has appointed the law firms of Kantrowitz, Goldhamer & Graifman, Thomas P. Sobran,, Esq. and Stull, Stull & Brody as counsel for the Settlement Class. Together these law firms are called "Class Counsel."

8

**15.    Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one at your own cost.

**16.    How will the lawyers be paid, and will the Plaintiff Settlement Class Representatives receive incentive awards?**

Class Counsel have prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the costs and expenses associated with this case.  Class Counsel will request an award of reasonable attorney fees and reasonable costs and expenses ("Fees and Expenses") from the Court in an amount not exceeding a combined total sum of $_____.   You won't have to pay these Fees and Expenses.  Any Fees and Expenses awarded to Class Counsel will not affect your Settlement amount.

Class Counsel will also apply to the Court for incentive awards to the named Plaintiffs, who have conditionally been approved as Settlement Class Representatives, in the amount of $_____ each for their efforts in pursuing this litigation for the benefit of the Settlement Class. Any award for Class Counsel Fees and Expenses and any incentive awards will be paid by Defendant and will not reduce any benefits available to you under the Settlement.

Class Counsel's motion for fees and expenses and Settlement Class Representative incentive awards will be filed by _____, and will be made available for review at www.waterpumpsettlement.com.

**SUPPORTING OR OBJECTING TO THE SETTLEMENT**

**17.    How do I tell the Court that I like or dislike the Settlement?**

If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or that you object to the Settlement or Class Counsel's requests for fees and expenses and Settlement Class Representative incentive award.  You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object, you must, no later than _____, send a letter to the Court with copies to the Class Counsel and defense counsel listed below, saying that you are objecting to the Settlement in *Coffeng v. Volkswagen Group of America, Inc.,* Civil Action No. 3:17-cv-01825-JD, and your objection must include your full name, current address and telephone number, the model year and VIN of your vehicle and proof that you own(ed) or lease(d) it, a statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Fairness Hearing, and your signature. Any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action Settlements submitted in any court in the previous five (5) years, or affirmatively state that the

9

Settlement Class Member or his or her counsel has not objected to any other class action Settlement in the previous five (5) years, in the written materials provided with the objection. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Be sure to send your objection to the three different places set forth below such that it is postmarked no later than _____.

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| **Clerk of the Court, United States District Court for the Northern District of California 450 Golden Gate Avenue San Francisco, CA 94102** | **Gary Graifman KANTROWITZ, GOLDHAMER & GRAIFMAN**, P.C. Suite 200 **747 Chestnut Ridge Road Chestnut Ridge, New York 10977** | **Michael B. Gallub HERZFELD & RUBIN, P.C. 125 Broad Street New York, NY 10004** |

The filing of an objection allows Class Counsel or Counsel for Defendant to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the Fairness Hearing, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to comply with discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard.

If you do not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for incentive awards or attorney fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

**18.     What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**FAIRNESS HEARING**

**19.     When and where will the Court decide to approve the Settlement?**

The Court will hold a Fairness Hearing at _____a.m. on _____, in Courtroom 11, 19th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether the Settlement should be finally approved. At this Fairness Hearing the Court will consider whether the Settlement is fair,

reasonable and adequate. The Court may also consider Class Counsel's application for Fees and Expenses and for incentive awards for the Settlement Class Representatives.

**20.     Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense provided you have not excluded yourself from the Settlement. If you send an objection, you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary.

**21.     May I speak at the Fairness Hearing?**

If you do not exclude yourself, you may ask the Court's permission to speak at the Fairness Hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' Fees and Expenses and Settlement Class Representative incentive awards. To do so, you must send a letter notice saying that it is your intention to appear at the Fairness Hearing in *Coffeng v. Volkswagen Group of America, Inc.,* Civil Action No. 3:17-cv-01825-JD. The letter notice must state the position you intend to present at the Fairness Hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, telephone number, model year and VIN of your vehicle(s), and your signature. You must send your letter notice to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under question 17 above, such that it is postmarked no later than ___. You may combine this notice and your comment (described under question 17) in a single letter. You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement.

## IF YOU DO NOTHING

**22.     What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it.

## ADDITIONAL INFORMATION

23.     Visit the website at www.waterpumpsettlement.com, where you can submit a claim online, find extra claim forms and more information on this litigation and Settlement. Updates regarding the case will be available on the website. You may also call the Claims Administrator at _____.