EXHIBIT E

# STULL, STULL & BRODY
## ATTORNEYS AT LAW

6 EAST 45TH STREET
Fifth Floor
NEW YORK, NY  10017
TELEPHONE:  (212) 687-7230
FACSIMILE:  (212) 490-2022

9430 W. Olympic Boulevard
Suite 400
Beverly Hills, California 90212
TELEPHONE:  (310) 209-2468
FACSIMILE:  (310) 209-2087

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

For more than forty years, Stull, Stull & Brody's ("SS&B") high-quality legal representation has been nationally recognized.

SS&B's efforts were recognized by a late member of the United States Congress, the Representative Paul E. Gillmor, Rep. Ohio 5th District.  As The Honorable Congressman Gillmor wrote in connection with *In re Merck & Co., Inc. Securities, Shareholder Derivative and ERISA Litig.,* Case No 3:05-CV-01151 (MDL 1658):

> I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina.  In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs.  That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial net of  fees, expenses and administration fees.

> During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negotiations, litigation strategy, pending motions, court rulings and trial preparation.  I would regularly speak to counsel by telephone at which time the foregoing topics would typically be discussed and I would have the opportunity to ask questions and provide input.

(Letter from Rep. Paul E. Gillmor of January 2, 2007, annexed hereto)

Based upon SS&B's results, the "Top 100 Settlements Semi-Annual Report" for the second half of 2012, which "identifies the largest securities class action settlements filed after the passage of the Private Securities Litigation Reform Act of 1995, ranked by the total value of the settlement fund[,]" shows that SS&B ranked in the top ten in a section that lists the law firms that served as lead or co-lead counsel for each litigation in the Top 100 settlements and identifies the most frequent lead or co-lead counsel appearing in the Top 100 settlements.

Indeed, SS&B has earned a national reputation for the zealous representation of plaintiffs in complex litigations, including securities class actions, ERISA actions and consumer class actions.  SS&B has litigated hundreds of cases achieving an aggregate of more than two billion dollars in recoveries for aggrieved class members.  SS&B's skill and expertise are demonstrated by its results, recovering at least $100 million for aggrieved investors while serving in a leadership role in each of the following class actions:

♦  *In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.,* MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF (D.N.J.); Case No. 2:05-CV-02367-SRC-MF (D.N.J.) (recovery of $1.062 billion).

♦  *In re Initial Public Offerings Securities Litig.*, 21 MC 92 (S.D.N.Y. 2009) (recovery of $586 million; SS&B served on plaintiffs' executive committee)

♦  *In re BankAmerica Corp. Securities Litig.*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $490 million, which at that time was the highest ever securities settlement in a case without an institutional lead plaintiff)

♦  *In re Geodyne Resources, Inc. Securities Litig.* (S.D.N.Y and Harris County Tex.) (recovery of $125 million cash plus an additional $75 million of contingent benefits)

♦  *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares valued at $133.5 million)

♦  *Spahn v. Edward D. Jones & Co., L.P.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid class notice and settlement administration costs)

♦  *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006, S.D. Ca. 2009) (recovery of $117.5 million)

♦  *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid an estimated $15 to $18 million for class notice and settlement administration costs)

♦  *In re Ikon Office Solutions, Inc. Sec. Litig.*, MDL No. 1318 (E.D. Pa. May 9, 2000) (recovery of $111 million, the then-largest ever securities settlement in the Eastern District of Pennsylvania)

♦  *In re AOL Time Warner ERISA Litig.*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y.) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Salomon Brothers Treasury Litig.*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

SS&B maintains offices in Manhattan and Beverly Hills, enabling the firm to efficiently handle litigations on a nationwide basis.  Due to the consistency and seniority of its attorneys, including eight attorneys who have been with the firm for more than twenty years and an additional two attorneys who have been with the firm for more than ten years, SS&B is able to leverage its vast experience efficiently and effectively to achieve favorable results on behalf of class members in many cases.  SS&B's lawyers possess outstanding credentials and the firm has received numerous acknowledgements for its achievements.

SS&B's excellent results are also reflected in the field of ERISA litigation, where SS&B has been court appointed as lead counsel (six times) or liaison counsel (twice) for plaintiffs in eight of the approximately twenty largest recoveries, including:

- *In re AOL Time Warner ERISA Litig.*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y.) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y.) (SS&B served as liaison counsel; recovery of $79 million in cash to the company's 401(k) plan)

- *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (recovery of $70.525 million in cash to the company's 401(k) plan; over 80 million pages of discovery were produced to counsel and over 250 days of deposition were taken)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J.) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re WorldCom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y.) (SS&B served as local counsel; recovery of $47.15 million in cash to the company's 401(k) plan)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill.) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *National City Corp. Sec., Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (recovery of $43 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio) (recovery of $40 million in cash to the company's 401(k) plan)

Court opinions recognizing SS&B's high-quality legal representation include:

> The complexity of this ERISA litigation cannot be
> questioned, nor can the skill and expertise of counsel who

> are known nationally for their successful representation of
> ERISA clients in class action matters.

*Griffin v. Flagstar Bancorp, Inc.*, 2:10-cv-10610, 2013 U.S. Dist. LEXIS 173702, *24-25
(E.D. Mich. Dec. 12, 2013).

> The firms involved, I think we heard from several of them
> today, the papers that have been submitted, it is clear of the
> dedication, devotion, professionalism, and in the court's view
> efficiency of these firms, so there is no question in the
> court's mind of the quality of the representation.

*In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13,
2007).

> Class counsel are qualified attorneys with considerable
> ERISA experience. Their prosecution of this lawsuit has
> secured the substantial Settlement now under consideration.
> Throughout this litigation, they have shown themselves to be
> capable and qualified to represent the Class.

*In re AOL Time Warner ERISA Litig.*, 02 Civ. 8853 (SWK), 2006 U.S. Dist. LEXIS
70474, at *10 (S.D.N.Y. 2006).

> In sum, counsel litigated this case during its early phases
> aggressively and in a manner that demonstrated legal
> expertise in this area of the law….
> …
> …The high quality of plaintiffs' counsel's work culminated in
> the successful resolution of this complex case. This was
> demonstrated by their successful and commendable
> prosecution of this case through the motion to dismiss stage
> and the ultimate settlement of this case under favorable
> terms.

*In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1260, 1270 (D. Kan. 2006).

> the Court finds that [co-lead counsel and] Stull, Stull & Brody
> have a high level of ERISA expertise and are willing to
> commit each firm's resources to this case such that they
> fairly and adequately represent all parties on their side.

*In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 556 (S.D. Ohio 2005).

> In fact, this is one of the largest, if not the largest, securities
> fraud settlement in this district. The settlement size is
> particularly noteworthy as class counsel did not have the
> benefit of an SEC or other regulatory agency investigation

and so prosecuted the case without assistance. The management of the case was also of extremely high quality. As detailed in the affidavit requesting attorneys' fees, class counsel organized the discovery and accompanying document review in an efficient and non-duplicative manner…

[C]lass counsel is of high caliber and has extensive experience in similar class action litigation. Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability both to prosecute the case effectively and to negotiate credibly….

…The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filings in a timely manner even when under tight deadlines.

*In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194-95 (E.D. Pa. 2000).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions. The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement.

*Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved."

*Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred.

*Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession. They are the top of the line.

*In Re Electro-Catheter Corp. Sec. Litig.*, Civ. No. 87-41 (D.N.J. September 7, 1989).

SS&B's expertise has also been recognized by the following courts: *In re Frontier Group Insurance, Inc. Sec. Litig.*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. S'holder Litig.*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452 (ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.); *Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979, Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Sec. Litig.*, MDL No. 347 (Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT (C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879 (E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y. 1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,738 (E.D.N.Y. 1976) (Mishler, C.J.); and *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 40 year history, SS&B has been involved with a number of seminal cases that have significantly affected the landscape of securities litigation.

- ♦ In *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010), in a case brought on behalf of investors in Merck securities alleging that they were defrauded due to misrepresentations made by Merck, the United States Supreme Court issued a ruling making it easier for defrauded investors to file actions claiming violation of the Securities Exchange Act of 1934 by holding that the statute of limitations does not begin to run until the investor should have known that a materially false statement was knowingly or recklessly made.

- ♦ In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991), the firm appeared on behalf of the plaintiff in a landmark decision establishing the principle that a class representative plaintiff need not be willing to bear all of the class' costs in an action to satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23.

- ♦ In *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005), the firm was largely responsible for a frequently-cited district court decision that denied defendants' motion to stay the ERISA litigation until a related securities class action was resolved.  SS&B's briefing in opposition to the stay motion highlighted the significant differences between ERISA and securities class actions, even when those actions involve the same factual issues.  The court ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

♦ In *Small v. Fritz Companies Inc.*, 30 Cal. 4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation.  The decision represented a significant change in legal doctrine and was widely heralded as a potent new weapon for investors.

♦ In *Howard v. Everex*, 228 F.3d 1057 (9th Cir. 2000), SS&B successfully advocated that a corporate officer can be liable in a private anti-fraud action for signing a document filed with the SEC that he knows (or is reckless in not knowing) contains misrepresentations, even if the officer was not involved in preparing the document.  The Ninth Circuit decision was a precursor to Section 302(a) of the Sarbanes-Oxley Act of 2002 which now requires corporate officers that sign documents filed with the SEC to certify the accuracy of information therein.

♦ In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy on behalf of the class, thereby preventing defendants from compelling representatives to respond to questions regarding motives and actions in past cases.

♦ In *In re Cabletron Systems, Inc. Sec. Litig.*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a district court order dismissing a complaint under the pleading requirements of the Private Securities Litigation Reform Act.  This case established in the First Circuit that plaintiffs are not required to name confidential sources in a complaint.

♦ In *In re Frontier Group Insurance Litig.*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge, thereby enabling the expert to testify as to aggregate damages based on the use of a trading model.

♦ In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on the NASDAQ.

♦ The firm was instrumental in establishing new law on fraud-on-the-market theory in *Finkel v. Docutel/Olivetti Corp.*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981).

♦ In *In re Wilmington Trust Corp. ERISA Litig.*, 2013 U.S. Dist. LEXIS 125891 (D. Del. Sept. 4, 2013), among the first reported decisions of its kind, the court granted plaintiffs' motion to proceed without class certification, allowing plaintiffs to represent all participants in an ERISA plan because of the derivative nature of ERISA's fiduciary duties.

Serving in a leadership role, SS&B has obtained more than two billion dollars on behalf of class members. A sampling of such cases includes:

## Settled Securities and Antitrust Class Action Cases

- *In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.,* MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF (D.N.J.); Case No. 2:05-CV-02367-SRC-MF (D.N.J.) (recovery of $1.062 billion).

- *In re Initial Public Offerings Sec. Litig., 21 MC 92 (S.D.N.*Y.) (recovery of $586 million, SS&B served on Plaintiffs' Executive Committe*e*)

- *In re BankAmerica Corp. Sec. Litig.*, MDL No. 1264 (E.D. Mo.) (recovery of $490 million)

- *In re Geodyne Resources, Inc. Sec. Litig.* (S.D.N.Y and Harris County Tex.) (recovery of $125 million cash settlement plus contingent benefits of additional $75 million)

- *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y.) (recovery of 5.7 million shares valued at $133.551 million))

- *Spahn v. Edward D. Jones & Co., L.P.*, 04-CV-00086 (E.D. Mo.) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid an estimated $15 to $18 million for class notice and settlement administration costs)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (recovery of $117,567,922)

- *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid all class notice and settlement administration costs, which is estimated to be $15 to 18 million)

- *In re Ikon Office Solutions, Inc. Sec. Litig.*, MDL No. 1318 (E.D. Pa.) (recovery of $111 million)

- *In re Salomon Brothers Treasury Litig.*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.) (recovery of $80 million)

- *In re Westinghouse Sec. Litig.,* Civil Action No. 91-354 (W.D. Pa.) (recovery of $67.25 million)

- *Bachman v. AG Edwards, Inc.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.) (recovery of $60 million)

- *In re Thomas & Betts Sec. Litig.*, Case No. 00-2127 (W.D. Tenn.) - related case: *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn.) (recovery of $51.15 million)

- *In re Tenneco Inc. Sec. Litig.*, Civ. Action No. H-91-2010 (S.D. Tex.) (recovery of $50 million)

- *In re Apria Healthcare Group Sec. Litig.*, Master File No. 797060 (Cal. Super. Ct, Orange Cty) (recovery of $42 million)

- *Levitan v. McCoy, Jr.*, Case No. 00 C 5096 (N.D. Ill.) *(recovery of $39.9 million)*

- *In re Cannon Group Sec. Litig.*, 86-5559-WMB (JRx) (C.D. Ca.) (recovery of $33 million)

- *Teichler v. DSC Communications Corp.*, CA 3-85-2005-T (N.D. Tex.) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex.) (recovery of $28.65 million)

- *In re: Northeast Utilities Sec. Litig.*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corp.) Sec. Litig.*, Civil Action No. 99-1035-B-M2 (M.D. La.) (recovery of $20.5 million)

- *Lasker v. Kanas* (North Fork Bancorporation), Index No. 103557/06 (NY Sup. Ct.) (recovery of $20 million and other consideration)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La.) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re Rambus, Inc. Sec. Litig.*, Master File No. C-06-4346-JF (N.D. Cal.) (recovery of $18.33 million)

- *In re C.R. Bard, Inc. Sec. Litig.*, Master File No. 90-948 (AMW) (D.N.J.) (recovery of $17.9 million)

- *Spring v. Continental Illinois Corp.*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

♦ *In re Rhythms Sec. Litig.*, Civil Action No. 02-K-35 (GCL) (D. Co.) (recovery of $17.5 million)

♦ *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill.) (recovery of approximately $14 million on a claims-made basis.  SS&B served as co-lead trial counsel in representing a class of purchasers of common stock of Abbott Laboratories.  On March 15, 1994, the jury returned a verdict in favor of the plaintiff class in the amount of $15,279,219.  The case was settled during the pendency of post-trial motions.)

♦ *In re Green Tree Financial Corp. Stock Litig.*, Master File No. 97-2666 (JRT/RLE) (D. Minn.) (recovery of $12.45 million)

♦ *In re Elscint Sec. Litig.*, Civ. Action No. 85-2662-K (D. Mass.) (recovery of $12 million)

♦ *In re National Medical Enterprises Sec. Litig. II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

♦ *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

♦ *In re Cybermedia, Inc. Sec. Litig.*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

♦ *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I.) (recovery of $10.5 million)

♦ *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla.) (recovery of $10.2 million)

♦ *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

♦ *In re U.S.A. Detergent Sec. Litig.,* 97-CV-2459 (D.N.J.) (recovery of $10 million)

♦ *In Re: Biopure Corp. Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass.) (cash recovery of $10 million)

♦ *In re Nice Systems, Ltd. Sec. Litig.*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J.) (recovery of $10 million)

♦ *Harman v. Lyphomed*, 88 C 476 (N.D. Ill.) (recovery of $9.99 million)

♦ *In re Beverly Enterprises, Inc. Sec. Litig.*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca.) (recovery of $9.975 million)

- *Bharucha v. Reuters Holdings PLC,* Case. No. 90-cv-03838 (E.D.N.Y.) (recovery of $9.5 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Sec. Litig.*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Sec. Litig.*, No. 00-CV-3676 (JG) (E.D.N.Y.) (recovery of $9 million)

- *In re Gibraltar Financial Corp. Sec. Litig.*, CV 87-07876 MRP (Gx) (C.D. Ca.) (recovery of $8.5 million)

- *In re FHP Sec. Litig.*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca.) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca.) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Sec. Litig.*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y.) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corp. Sec. Litig.*, Master File No. 3:92-CV-1069-H (N.D. Tex.) (recovery of $8 million)

- *Ganesh v. Computer Learning Center*, Civil Action No. 98-CV-00859 (E.D. Va.)(recovery of $7.5 million)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.) (recovery of $7.5 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Sec. Litig.*, MDL Docket No. 846 (E.D.N.Y.) (recovery of $6.8 million)

- *In re Western Digital Sec. Litig.*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corp. Class Action and S'holder Litig.*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass.) (recovery of $6.5 million)

- *Bobbitt v. Andrew J. Filipowski,* No. 06-11072-PBS (D. Mass.) (recovery of $6.3 million)

♦   *In re Berkshire Realty Company, Inc. S'holder Litig.*, C.A. No. 17242 (Del. Ch.) (recovery of $6.25 million)

♦   *Gerstein v. Micron Technology, Inc.,* Civil No. 89-1262 (D. Id.) (recovery of $6 million)

♦   *In re Ziff-Davis, Inc. Sec. Litig.*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y.) (recovery of $6 million)

♦   *Dynegy Inc. v. Bernard V. Shapiro*, No. 2002-00080 (129th Judicial District, Harris Cty, TX) (recovery of $6 million)

♦   *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.) (recovery of $5.5 million)

♦   *In re Ascend Communications Sec. Litig.*, Case No. 97-9376 MRP (AN) (C.D. Ca.) (recovery of $5.45 million)

♦   *Miller v. International Murex Technologies Corp.*, Civ. No. 93 Civ. 336 (E.D.N.Y.) (recovery of $5.4 million)

♦   *In re Brightpoint, Inc. Sec. Litig.*, Case No. IP 01 1796 C-T/K (recovery of $5.25 million)

♦   *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass.) (recovery of $5 million)

♦   *In re SouthEast Banking Corp. Sec. Litig.*, Master File No. 90-0760-CIV-MOORE (S.D. Fla.) (recovery of $5 million)

♦   *Wells v. Southmark Corp.*, CA3-85-1518-G (N.D. Tex.) (recovery of $5 million)

♦   *In Re: Interlink Electronics Inc. Sec. Litig.*, 05-CV 08133 (AG) (SH) (C.D. Cal.) (recovery of $5 million)

♦   *Chilton v. Smith Barney Fund Management LLC,*1:05-cv-07583-WHP (S.D.N.Y.) (recovery of $4.95 million)

♦   *In re Regeneron Pharma., Inc. Sec. Litig.,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y.) (recovery of $4.7 million)

♦   *In re Sunglass Hut Intl., Inc. Sec. Litig.*, Case No. 97-0191-CIV-MOORE (S.D. Fl.) (recovery of $4.5 million)

♦   *Clive T. Miller v. Apropos Technology, Inc.*, No. 01 C 8406 (N.D. Ill.) (recovery of $4.5 million)

♦   *In re Fidelity Holdings Sec. Litig.*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y.) (recovery of $4.45 million)

♦ *Adam Burstyn v. Worldwide Xceed Group, Inc.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y.)(recovery of $4.4 million)

♦ *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y.) (recovery of $4.35 million)

♦ *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca.) (recovery of $4.25 million)

♦ *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H.) (recovery of $4.2 million)

♦ *In re HMO America Sec. Litig.*, Civ. No. 92 C 3305 (CPK) (N.D. Ill.) (recovery of $4 million)

♦ *In re Nanophase Technologies Corp. Sec. Litig.*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

♦ *In re Quintex Sec. Litig.*, Master File No. CV-89-6182-R (C.D. Ca.) (recovery of $4 million)

♦ *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

♦ *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca.) (recovery of $3.5 million)

♦ *Miller v. Material Sciences Corp.,* Civil Action No. 97-CV-2450 (N.D. Ill.) (recovery of $3.25 million)

♦ *In re iTurf Inc. S'holder Litig.*, Consolidated Civil Action No. 18242 NC (Del. Ch.) (recovery of $3.25 million)

♦ *In re Safety Kleen Rollins S'holder Litig.*, Case No. 3:00-1343-17 (D.S.C.)(recovery of $3.15 million)

♦ *In re Kay Jewelers Sec. Litig.*, Civil Action No. 90-1663A (E.D. Va.) (recovery of $3 million)

♦ *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas Cty, Tex.) (recovery of $3 million)

♦ *In re TwinLab Corp. Sec. Litig.,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y.) (recovery of $3 million)

♦ *In re Spectrian Corp. Sec. Litig.*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

♦ *In re Arotech Corp. Sec. Litig.*, Master File No. 07-CV-1838 (E.D.N.Y.) (RJD) (VVP) (recovery of $2.9 million)

- *In re Mutual Funds Investment Litig.*, MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P.*, Case No. 04-cv-3798-JFM (D. Md.) (recovery of $2.83 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Sec. Litig.*, Civ. Action No. 98CV10955 WGY (D. Mass.) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca.) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl.) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J.) (recovery of $2.3 million)

- *In Re: Columbia Entities Litig.*, 04-CV-11704 (D. Mass.) (settled for a reduction in the overall rate charged as advisory fees (i.e., "breakpoints) when a mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of the settling funds)

## Settled ERISA Cases

- *In re AOL Time Warner ERISA Litig.*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y.) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y.) (recovery of $79 million in cash to the company's 401(k) plan; SS&B served as liaison counsel))

- *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (recovery of $70.525 million in cash to the company's 401(k) plan; over 80 million pages of discovery were produced to counsel and over 250 days of deposition were taken)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J.) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re WorldCom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y.) (recovery of $47.15 million in cash to the company's 401(k) plan; SS&B served as local counsel)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill.) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *National City Corp. Sec., Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (recovery of $43 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio) (recovery of $40 million in cash to the company's 401(k) plan)

- *Zilhaver v. UnitedHealth Group, Inc.*, Case No. 06-cv-2237 (JMR) (D. Minn.) (recovery of $17 million in cash to the company's 401(k) plan)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill.) (recovery of $14.5 million in cash to the company's 401(k) plan)

- *Kenney v. State Street Corp*, No. 09-10750-PBS (D. Mass.) (recovery of $10 million in cash to the company's 401(k) plan)

- *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind.) (recovery of $9.975 million in cash to the company's 401(k) plan)

- *In re 2014 Avon Products, Inc. ERISA Litig.*, 1:14-cv-10083-LGS (S.D.N.Y) (recovery of $6.25 million in cash to the company's 401(k) plan is pending preliminary approval)

- *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash to the company's 401(k) plan)

- *In re Sprint Corp. ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan.) (recovery of $4 million in cash to the company's 401(k) plan, and increased benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; participant-friendly plan amendments; and improved participant communications)

- *Walter v. Level 3 Communications, Inc.*, 1:09-cv-00658-REB (D. Colo.) (recovery of $3.2 million in cash to the company's 401(k) plan)

- *In Re: Wilmington Trust Corp. ERISA Litig.,* 1:11-cv-00101-SD (D. Del.) (recovery of $3 million in cash to the company's 401(k) plan and recognizing that "SS&B's ERISA litigation experience, particularly litigation appearing similar to the issue at bar, indicates extensive experience and knowledge of applicable law.")

- *Griffin v. Flagstar Bancorp, Inc.*, 2:10-cv-10610-PDB-MKM (E.D. Mich) (recovery of $3 million in cash to the company's 401(k) plan, representing 85% of likely recoverable damages, was recognized as "excellent" by the court)

♦ *Lipman v. Terex Corp.*, 3:10-cv-00006-RNC (D. Conn.) (recovery of $2.5 million in cash to the company's 401(k) plan)

SS&B's advocacy in these and other ERISA actions, which have been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field, including the *Lucent* and *Wilmington Trust* opinions cited in the Seminal Cases section above.

## Settled Consumer Class Action Cases

♦ *Szymczak v. Nissan North America Inc.*, 10-cv-07493-VB (S.D.N.Y.)(recovery including cash and direct monetary benefits of over $14 million on behalf of multi-state nationwide class of car owners of certain Nissan vehicles for damage to vehicles' transmissions caused by leaking radiator fluid)

♦ *Lubitz, et al. v. DaimlerChrysler Corp.*, BER-L-4883-04 (NJ Super., Bergen Cty) (recovery valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004 for defective brake assemblies on behalf of a nationwide settlement class).

♦ *In re: The Home Depot, Inc. Data Security Breach Litig.*, Case No.: 1:14-md-02583-TWT (N.D. Ga) (SS&B served as a member of the court appointed Consumer Plaintiffs' Steering Committee, recovery of $13 million to the settlement class and provision for 18 months of Identity Guard® Essentials monitoring services for settlement class members who had information compromised, plus attorneys' fees, costs, and expenses and Home Depot the costs of notifying the class and administering the settlement)

♦ *Spillman v. Hiko Energy, LLC*, Docket No. 651798/2015 (N.Y. Sup Ct. May 21, 2015) (recovery of $2.1 million as part of *Chen v. Hiko Energy LLC,* Case No. 7:14-cv-01771 (SDNY), )

## Settled Derivative Cases

♦ *Esther Sadowsky Testamentary Trust v. Brendsel (Federal Home Loan Mortgage Corp.)*, 05-cv-2596 (S.D.N.Y.) (recovery of approximately $100 million for the company as well as significant corporate governance measures)

♦ *In re Bank of New York Corporate Derivative Litig,*, Index No. 604465/99 (Sup. Ct. NY) (recovery of $26.5 million for the company and the adoption of significant corporate governance measures)

♦ *In re FirstEnergy S'holder Derivative Litig.*, 03-CV-1826 (N.D. Oh.) (recovery of approximately $25 million for the company and the adoption of significant corporate governance measures)

♦ *In re Hewlett-Packard Company Derivative Litig.*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County), 2426-VCN (Del. Ch.) (resulted in numerous widespread and substantial corporate governance changes directed toward HP's code of business ethics and guidelines were implemented as a result of a derivative action stemming from the board of directors' alleged leak of an investigation that ultimately led to the firing/resignation of various high level officers and directors of HP.)

♦ *In re Trump Hotels S'holder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y.) (recovery of assets for corporation valued at approximately $10 million)

♦ *In re Emerson S'holder Litig.,* 87-CV-4046 (JBW) (E.D.N.Y.) (recovery of $7.5 million for the company and the adoption of significant corporate governance measures)

♦ *Gallic v. Appelbaum*, 3:06-cv-5523-FLW-TJB (D.N.J.) (recovery for the company of $1,387,471 as a repayment for backdated stock options received; repricing of stock options worth potentially $8,113,847; and significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

♦ *Hirt v. United States Timberlands Serv. Co., LLC*, C.A. No. 19575 (Del. Ch.) (recovery for the company of $3.1 million in the form of an offer increase of about 9%, from $2.75 per partnership unit to $3.00 per partnership unit)

♦ *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara Cty) (recovery for the company of $2.1 million, repricing of certain allegedly backdated stock options, and significant corporate governance reforms)

♦ *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange Cty) (recovery of $522,680 for the company and significant corporate governance changes designed to strengthen its granting of, and accounting for, stock options)

♦ *In re Titan Corp. Derivative Litig.*, GIC 832018 (Cal. Super. Ct., San Diego Cty) (recovery of increased merger consideration from $22.76 to $23.10 per share of Titan common stock, a reduction in the termination fee; and, additional disclosures relating to the merger)

♦ *Ekas v. Burris (Citrix Systems, Inc.)*, 07-016114-11 (Fla. Cir. Ct., Broward Cty) (resulted in significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

♦ *In Re Jabil Circuit Options Backdating Litig.*, 06-CV-01257 (M.D. Fla.) (resulted in significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

♦ *Edelstein v. Brodie,* Case No. 3:07-cv-00596-FLW-JJH (D.N.J.) (resulted in significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

♦ *Soojian v. Jacobs f/b/o Royal Dutch Petroleum Company*, No. 04-cv-4160 (D.N.J.) (resulted in the adoption of significant corporate governance changes)

SS&B is presently serving as plaintiffs' lead or co-lead counsel, or sole counsel, in a number of pending actions in various district courts, including:

## Pending Antitrust Cases

♦ *In Re: German Automotive Manufacturers Antitrust Litigation*, No. 3:17-md-02796 (N.D. Cal.) (alleging anticompetitive conduct in the market for German-made automobiles; centralized in N.D. California in October 2017; Melissa R. Emert court appointed member of Plaintiffs' Steering Committee on December 14, 2017)

## Pending Consumer Class Action Cases

♦ *In re: Apple Inc. Device Performance Litigation*, 18-md-02827-EJD (N.D. Cal.) (Executive Committee member for proposed class of persons whose iPhone performance suffered as a result of Apple's actions)

♦ *County of Palm Beach v. Purdue Pharma Inc*__**,**__ 50-2018-CA-004109 (Fl. Cir. Ct., Palm Beach Cty) (alleging opioid manufacturers and distributors, through a sophisticated and highly deceptive and unfair marketing practices, defrauded Palm Beach County, among others, to generate improper revenue at the county's expense)

♦ *County of Osceola v. Purdue Pharma Inc.*, 6:18-cv-00164-PGB-TBS (M.D. Fl.) (alleging opioid manufacturers and distributors, through a sophisticated and highly deceptive and unfair marketing practices, defrauded Osceola County, among others, to generate improper revenue at the county's expense)

♦ *County of Alachua v. Purdue Pharma Inc.*, 1:18-cv-00086-MW-GRJ (N. D. Fl.) Alachua Cty) (alleging opioid manufacturers and distributors, through a sophisticated and highly deceptive and unfair marketing practices, defrauded Alachua County, among others, to generate improper revenue at the county's expense)

♦ *In re: Daily Fantasy Sports Litig.,* MDL No. 16-02677-GAO (D. Mass.) (co-lead counsel for proposed class of persons who have paid and/or deposited funds into FanDuel and DraftKings' websites to play in their daily and weekly fantasy sports contests)

♦ *In Re: Sonic Corp. Customer Data Security Breach Litigation,* No. 1:17-md-02807 (N.D. Ohio) (claims on behalf of persons affected by Sonic's data breach; Melissa R. Emert was appointed a member of Plaintiffs' Steering Committee by the Court on January 3, 2018)

♦ *In Re Anthem, Inc. Data Breach Litig.*, Case No. 15-MD-02617-LHK (N.D. Ca.) (SS&B developed unique claims on behalf of current and former federal employees in a massive data breach of health insurer Anthem, Inc. and its multiple state subsidiaries involving theft of Anthem insureds' PHI and PII, including social security numbers and medical records; a proposed settlement between the plaintiffs and Anthem would set up a $115 million settlement fund and require Anthem to enhance its cybersecurity)

♦ *Suvino v. Time Warner Cable*, Inc., Docket No. 1:16-cv-07046 (S.D.N.Y.) (alleging violations of the Americans with Disabilities Act by Time Warner)

## **Pending ERISA Actions**

♦ *In re Sears Holdings Corp ERISA Litigation*, 1:17-cv-05230-CRN

♦ *In Re SunTrust Banks, Inc. ERISA Litig.*, 1:08-cv-03384-RWS (N.D. Ga.) (settlement of $4.75 million preliminarily approved by the court)

♦ *In re 2014 RadioShack ERISA Litig.*, 4:14-cv-00959-O (N.D. Tex.) (one of two interim lead class counsel committee members, a partial settlement was approved by the court, and an appeal is pending)

♦ *Gernandt, Jr. v. SandRidge Energy, Inc.*, CIV-15-834-D (W.D. Ok.)

♦ *Roe v. Arch Coal, Inc.*, *et al.*, 4:15-cv-00910 (E.D. Mo.)  (an appeal is pending)

♦ *Dormani v. Target Corporation,* 0:17-cv-04049-JNE-SER (D. Minn.)

♦ *Eley v. General Cable Corporation*, No. 2:17-cv-00045-DLB-JGW (E.D. Ky)

♦ *In re Allergan ERISA Litigation*, No.: 17-cv-1554 (D.N.J.)

## **Pending Securities Cases**

♦ *Solomon v. Mallinckrodt PLC*, No. 17-cv-01827-DLF (D.D.C.) (SS&B is co-lead counsel in a case alleging violations of Section 11)

## **Pending Derivative Cases**

♦ *Molloy v. Boynton*, No. 3:17-cv-01157-TJC-MCR (S.D. Fl.) (alleging wrongful demand refusal on behalf of holders of Rayonier, Inc.)

## Attorneys

SS&B maintains offices in New York and Beverly Hills.  The following sections set forth basic educational information and select legal experience for each of SS&B's attorneys.

## New York Office

**Jules Brody** was named by *Super Lawyers* magazine as a Super Lawyer in 2010, 2013, and 2014.  Mr. Brody is a graduate of Brooklyn College, magna cum laude, and received his LL.B. from the New York University School of Law in 1964.  Mr. Brody was named to the Dean's List and was an editor of the Law Review.  Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964.  At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class.  He was admitted to the New York State Bar in 1964.  Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967.  Mr. Brody is also admitted to practice before the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various U.S. District Courts throughout the United States.

**Mark Levine** is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981.  He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts.  He has participated in the litigation of securities class actions throughout the United States. Notable cases for which Mr. Levine had substantial responsibility include: *In re American Express Financial Advisors Litig.* (S.D.N.Y. 2007) (settlement of $100 million for misrepresentations to mutual fund purchasers and misleading practices with respect to sale of American Express financial plans); *Lasker v. Kanas* (Sup. Ct. N. Y. Co. 2007) (settlement of $20 million plus interest on behalf of shareholders of North Fork Bancorporation in connection with its merger with CapitalOne); *In re Computer Associates Sec. Litig* (E.D.N.Y. 2003) (settlement valued at $133.551 million in securities for corporate misrepresentation of financial results and prospects); *Spahn v. Edward Jones Company* (E.D. Mo. 2007) (settlement valued at over $110 million in cash and credits for misrepresentations in connection with the sale of mutual funds); *In re Northeast Utilities Sec. Litig.* (D. Conn. 2001) (settlement of $25 million for misrepresentations to investors regarding safety of nuclear power plant); *In Re Steven Madden Ltd. Sec. Litig.* (E.D.N.Y. 2002) (settlement of $9.0 million for misrepresentation to investors by shoe retailer); *In Re: Regeneron Pharma., Sec. Litig.* (S.D.N.Y. 2005) (settlement of $4.5 million for misrepresentations to investors regarding pharmaceuticals); *Greenfield v. CompuServe Corp.* (Court of Common Pleas, Franklin

County, Ohio 2000) (settlement of $9.5 million for misrepresentations in registration statement of internet company); *In re Thomas & Betts Sec. Litig.* (W.D. Tenn. 2002) (settlement of over $50 million for investors for alleged misrepresentations by technology company and its auditors); *Lasky v. Brown* (M.D. La. 2002) (settlement of $20 million for investors for misrepresentations by finance company); *In re Ziff Davis Sec. Litig.* (S.D.N.Y. 2001) (settlement of $6 million for alleged misrepresentations to investors in an initial public offering); *In re Trump Hotels S'holder Litig.* (S.D.N.Y. 2001) (derivative settlement resulting in contribution to the company by its largest shareholder of an asset valued up to $10 million as well as the institution of corporate therapeutics); *In re Cityscape Financial Sec. Litig.* (E.D.N.Y. 2001) (settlement of $7 million for alleged misrepresentations to investors by finance company); *In Re Cabletron Systems Sec. Litig.* (D.N.H. 2006) (settlement of $10.5 million for alleged misrepresentations to investors by high tech company); *Ganesh v. Computer Learning Center* (E.D. Va. 1999) (settlement of $7.5 million for alleged misrepresentations to investors by trade school operator); *Moriarity v. Molina* (S.D. Fla. 2003) (settlement of $2.8 million for misrepresentations to investors by cell phone retailer); *In re NetEase.com, Inc. Sec. Litig.* (S.D.N.Y. 2004) (settlement of $4.35 million for alleged misrepresentation to investors by internet company).

**Howard T. Longman** was named by Super Lawyers magazine as a Super Lawyer 2014-2015. Mr Longman is co-chair of Stull, Stull and Brody's Consumer Class Action Litigation Group. Mr. Longman who grew up in Virginia, received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and other courts around the country on a *pro hac vice* basis. Some of the notable cases which Mr. Longman developed from inception and acted in a lead role through conclusion include: *In Re Peregrine Sec. Litig.*, Southern District of California (recovery of $117,567,922); *In Re Rambus Sec. Class Action Litig.*, Northern District of California ($18 million settlement); *In Re Biopure Sec. Litig.*, District of Massachusetts ($10 million settlement); *In re Geodyne Sec. Litig.*, Harris County Texas and Southern District of New York ($125 million cash settlement plus contingent benefits of additional $75 million); *In Re Dreyfus Aggressive Growth Mutual Fund Litig.*, Southern District of New York ($18.5 million settlement resulting in a recovery to class members of over 80% of class members' losses) and *Szymczak v. Nissan North America Inc.,* 10-cv-07493-VB (S.D.N.Y.) *(*co-lead counsel in case which resulted in cash recovery and direct monetary benefits valued at over $14 million obtained on behalf of a multi-state nationwide class of owners of certain Nissan vehicles with damage to transmissions as the result of radiator fluid leakage).

**Patrick Slyne** received his J.D. from the University of Wyoming in 1988. He is a member of the Colorado, Connecticut and Wyoming state bars, and is admitted to practice before the United States District Courts for Wyoming, Connecticut, Eastern District of New York, and Southern District of New York, and the United States Court of Appeals for the First Circuit and Ninth Circuit. Notable cases for which Mr. Slyne had substantial responsibility include: *In re Hewlett-Packard Co. Deriv. Litig.* (Del. 2008) (conferred substantial benefit on HP through corporate governance changes to improve

the functioning, interaction and working relationships among senior HP officers and outside members of the HP board of directors); *Esther Sadowsky Testamentary Trust v. Brendsel (Federal Home Loan Mortgage Corporation)* (S.D.N.Y. 2006) (assisted Freddie Mac in securing $100 million cash from D&O carriers and $9 million cash from certain counter parties for alleged breaches of fiduciary duties in accounting for and reporting of complex multi-billion dollar derivatives transactions); *In re Computer Associates Sec. Litig.* (E.D.N.Y. 2003) (recovered 5.7 million CA shares worth $133.551 million for alleged improper revenue recognition on multi-year enterprise software license contracts); *In re IKON Office Solutions, Inc. Sec. Litig.* (E.D. Pa. 2000) (recovered $111 million cash for alleged misrepresentation of earnings and prospects in office equipment leasing and services business); *In re Westinghouse Sec. Litig.* (W.D. Pa. 1999) (recovered $67.25 million cash for alleged overstatement of financial position due to unrecognized losses in real estate portfolios); *In re Salomon Brothers Treasury Litig.* (S.D.N.Y. 1994) (recovered $100 million cash for alleged manipulation of public market prices of U.S. Treasury securities); *In re Tenneco Inc., Sec. Litig. (*S.D. Tex. 1992) (recovered $50 million cash for alleged overstatement of financial results for failure to mark-to-market dealer inventories of heavy machinery and equipment).

**Melissa R. Emert** received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988. Ms. Emert is co-chair of Stull, Stull & Brody's Consumer Class Action Litigation Group. Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.  On March 31, 2016, in appointing Ms. Emert as co-lead counsel in *In re: Daily Fantasy Sports Litigation,* MDL No. 16-02677-GAO, Judge O'Toole found that she and the other appointed counsel "are able litigators who bring ample experience, knowledge, and resources to this complex litigation."  On December 14, 2017, Ms. Emert was appointed as a member of the Plaintiffs' Steering Committee by the court in *In re: German Automotive Manufacturers Antitrust Litigation*, No. 3:17-md-02796 (N.D. Cal.). Cases in which Ms. Emert had substantial responsibility include: *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525 million in cash); *In re Westinghouse Sec. Litig.* (W.D. Pa. 1999) (recovered $67.25 million cash for alleged overstatement of financial position due to unrecognized losses in real estate portfolios) and *In re Sunglass Hut Intl., Inc. Sec. Litig.,* Case No. 97-0191-CIV-Moore (S.D. Fl. 2001) (recovery of $4.5 million); *Szymczak v. Nissan North America Inc.*, 10-cv-07493-VB (S.D.N.Y.) (resulting in a cash recovery and direct monetary benefits valued at over $14 million obtained on behalf of a multi-state nationwide class of owners of certain Nissan vehicles with damage to transmissions as the result of radiator fluid leakage).

**Aaron L. Brody** received his undergraduate degree, *summa cum laude*, in 1990, and his J.D. from New York University School of Law in 1995.  At NYU, Aaron Brody concentrated on securities law and was a staff editor on the Review of Law and Social Change.  Aaron Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.  Cases in which Aaron Brody had substantial responsibility include: *In re*

*Initial Public Offerings Sec. Litig.* (recovery of $586 million); *In re BankAmerica Corp. Sec. Litig.*, MDL No. 1264 (recovery of $490 million); *Spahn v. Edward D. Jones & Co. L.P.*, 04-CV-00086 (recovery of $127.5 million); and *In re American Express Financial Advisors Sec. Litig.*, Civil Action No. 04-CV-1773 (S.D.N.Y.) (recovery of $118 million).

**Tzivia Brody** received her undergraduate degree, *magna cum laude*, in 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York. Cases in which Ms. Brody had substantial responsibility include *In re Computer Associates Sec. Litig.*, (recovery estimated at $133.551 million) and *In re Ikon Office Solutions, Inc. Sec. Litig.* (recovery of $111 million).

**Jason D'Agnenica** received his undergraduate degree from Providence College in 1995, B.A., *cum laude*, and his J.D. from St. John's University School of Law in 1998. While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition, represented clients in consumer protection matters through St. John's Elder Law Clinic, and interned for Magistrate Judge Timothy M. Boudewyns of the United States District Court for the District of Rhode Island. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey, the Southern District of New York and the Eastern District of New York.

**Michael J. Klein** received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second, Fifth, Sixth, Ninth and Eleventh Circuits and the United States District Courts for the Southern and Eastern Districts of New York, the Northern District of Illinois, the Eastern District of Wisconsin, the Eastern District of Michigan, the District of Connecticut, and the District of Colorado. Settled cases in which Mr. Klein had substantial responsibility include: *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525 million in cash; Mr. Klein participated in over eighty days of deposition); *National City Corporation Sec., Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (settlement of $43 million in cash); *Zilhaver v. UnitedHealth Group, Inc.*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash to the company's 401(k) plan approved in August of 2009); *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash to the company's 401(k) plan); *Jones v. NovaStar Financial, Inc.*, 4:08-cv-00490-NKL (W.D. Mo.) (recovery of $925,000 in cash for the company's 401(k) plan) and *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex. 2008) (recovery of $1.5 million in cash, plus plan enhancements).

**Beverly Hills Office**

**Patrice L. Bishop** received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994.  Ms. Bishop is a member of the California State Bar and is admitted to practice before the Supreme Court of the United States, United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, the Northern and Central Districts of Illinois, and the United States Court of Appeals for the Second, Eighth and Ninth Circuits. Ms. Bishop has been with the firm for over 17 years. During that time, among other cases, Ms. Bishop worked closely with Mr. Longman on *In Re Peregrine Sec. Litig.,* Southern District of California (recovery of $117,567,922).  She was also the lead attorney in *In re Metris Companies, Inc. Sec. Litig., District of Minnesota* (recovery of $7.5 million), taking nearly every percipient and expert witness deposition for plaintiffs and making nearly every argument in court.  Her work *in Kimeldorf, et al. v. First Union Real Estate Equity and Mortg. Inv., et al.* resulted in a temporary restraining order and preliminary injunction restraining a proposed merger, and significantly enhanced terms for preferred shareholders.  She has also participated, including examining and cross-examining witnesses, in two separate trials, each over six weeks long, in cases brought under the federal securities laws.

PAUL E. GILLMOR
5TH DISTRICT, OHIO

COUNTIES: ASHLAND (PART), CRAWFORD,
DEFIANCE, FULTON, HENRY, HURON, LUCAS (PART),
MERCER (PART), PAULDING, PUTNAM, SANDUSKY, SENECA,
VAN WERT, WILLIAMS, WOOD, WYANDOT (PART)

DEPUTY MAJORITY WHIP

COMMITTEE ON ENERGY AND COMMERCE

SUBCOMMITTEES:
ENVIRONMENT AND HAZARDOUS MATERIALS
CHAIRMAN
TELECOMMUNICATIONS AND THE INTERNET
HEALTH

COMMITTEE ON FINANCIAL SERVICES

SUBCOMMITTEES:
CAPITAL MARKETS, INSURANCE AND
GOVERNMENT SPONSORED ENTERPRISES
FINANCIAL INSTITUTIONS AND CONSUMER CREDIT



# Congress of the United States
## House of Representatives
### Washington, DC 20515–3505

January 2, 2007

**<u>Via Federal Express and ECF</u>**
The Honorable Stanley R. Chesler
United States District Judge
Martin Luther King, Jr. Federal Building
   and United States Courthouse
50 Walnut Street
Newark, NJ  08608

Re: <u>In re Merck & Co., Inc., Securities, Shareholder Derivative and ERISA Litig.</u>
   (MDL 1658); Case No. 3:05-cv-01151 SRC-MF

Dear Judge Chesler:

I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina. In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs. That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial, net of attorneys fees, expenses and administrate fees.

During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negations, litigation strategy, pending motions, court rulings and trial preparation. I would regularly speak to counsel by telephone at which time the foregoing topics would typically be discussed and I would have the opportunity to ask questions and provide input.

Respectfully submitted,

Paul E. Gillmor

**WASHINGTON**
1203 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–3505
202–225–6405

**DEFIANCE**
613 WEST THIRD STREET
DEFIANCE, OH 43512
419–782–1996

**NORWALK**
130 SHADY LANE DRIVE
NORWALK, OH 44857
419–668–0206

**TIFFIN**
96 SOUTH WASHINGTON STREET, SUITE 400
TIFFIN, OH 44883
419–448–9016

http://www.house.gov/gillmor   TOLL FREE IN OHIO 1–800–541–6446   TOLL FREE FAX IN OHIO 1–800–278–8203