Patrice L. Bishop (182256)
pbishop@ssbla.com
STULL, STULL & BRODY
9430 W. Olympic Blvd., Suite 400
Beverly Hills, CA  90212
Tel:    310-209-2468
Fax:    310-209-2087

*Local Counsel for Plaintiffs
and the Putative Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY COFFENG, MARK GLASER and JORDAN WILSON, individually and on behalf of all others similarly situated, | Case No. 17-cv-01825-JD |
| Plaintiffs, | **DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | |
| Defendant. | DATE        TBD*<br>TIME:       10:00 a.m.<br>JUDGE:     Hon. James Donato<br>CRTRM:   11, 19th Floor |

* Pursuant to Dkt. 68, "[t]he Court will set a hearing date once the motion is filed."  Due to the fact that lead counsel for both plaintiffs and defendant are located on the east coast, counsel respectfully request the Court set the date for the hearing on Thursday, February 7, 2019, or that the Court provide counsel with options to ensure their travel availability.

I, Gary S. Graifman, declare and say that:

1.      I am a member of the firm Kantrowitz, Goldhamer & Graifman, P.C. and admitted to practice *pro hac vice* in the above-entitled matter.  I am co-counsel of record for Plaintiffs and the proposed class herein. I make this Declaration in support of the Renewed Motion for Preliminary Approval of Class Action Settlement and to provide information pursuant to the new Procedural Guidance for Class Actions promulgated by the U.S. District Court for the Northern District of California ("N.D. Proc. Guidance").  I have personal knowledge of the matters stated herein and if called as a witness could and would competently testify thereto.

2.      This case was brought by Plaintiffs alleging defects in the primary engine water pump for certain Volkswagen and Audi vehicles including the following (herein called "Class Vehicles"): (i) certain 2008 through and including 2014 model year Audi motor vehicles equipped with the 2.0L EA888 TSI or TFSI turbocharged engine; and (ii) certain 2008 through and including 2014 model year Volkswagen motor vehicles equipped with the 2.0L EA888 TSI turbocharged engine.  Class Vehicles equipped with 2.0L EA888 TSI or TFSI turbocharged four cylinder multi-valve engines include, but are not limited to, engine codes CCTA, CAEB, CAED and CBFA.

3.      Attached hereto as **Exhibit A** is the Amended Settlement Agreement entered into by and between the Parties to this action signed in or about October 22, 2018, together with the exhibits thereto comprised of the following:  Exhibit 1 is the Claim Form to be disseminated to owners and lessees of VW and Audi Settlement Class Vehicles; Exhibit 2 is a face page placeholder, used at this time for the [Proposed] Final Order and Judgment, which will be finalized and submitted with the Motion for Final Approval and/or at a time as ordered by the Court; Exhibit 3 is the [Proposed] Preliminary Approval Order; Exhibit 4 is a list of all of the vehicle VIN numbers for Class Settlement Vehicles, which has previously been filed under seal (Dkt. 64, *et seq.*) with the Court's permission, since it contains confidential protected identifying information.  If preliminary approval is granted, Class Members will be able to determine whether their individual vehicle(s) is/are covered under the Settlement by typing their vehicle(s)' VIN number(s) in a link on the Settlement website and/or by calling the Settlement Claim

Administrator. Exhibit 5 is the Proposed Class Notices for VW Settlement Vehicles and Audi Settlement Vehicles. The Class Notices now incorporate the suggested language from the N.D. Proc. Guidance, ¶ (3) Notice and ¶ (5) Objections.

4.      In addition, for the Court's convenience, a copy of the Proposed Preliminary Approval Order is submitted herewith separately.

5.      The following information is provided pursuant to the N.D. Proc. Guidance ¶ 1 as follows:

a)  The litigation class has not been certified and there is no difference between the Settlement Class and the class proposed in the operative Amended Complaint. N.D. Proc. Guidance, ¶ 1(a);

b)  The claims released in this matter are those that were or could have been brought in this action, relating to the primary engine water pump ("water pump"), its components, and any related engine damage, if any, to the Class Vehicle engines. N.D. Proc. Guidance, ¶ 1(c);

c)  Class Counsel believe that the recovery under the Settlement would be parallel to and/or not materially less than that which could realistically be received in the case, although there is also the possibility of denial of class certification or a defense verdict after a trial.  In fact, as discussed in more detail in the Motion, this Settlement has Extended Warranty and Reimbursement provisions.  Defendant, Volkswagen Group of America, Inc. ("VWGoA"), has agreed to provide an Extended Warranty for repair or replacement, by an authorized VW or Audi dealer, of a failed water pump during a period of 10 years or 100,000 miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle.  The Extended Warranty would go into effect on the date in which the Class Notice is mailed.  In addition to the Extended Warranty, for Settlement Class Members that paid out-of-pocket expenses for repair/replacement of a failed water pump prior to 20-days after the Notice Date, the Settlement provides for reimbursement of (1) 100% of the paid cost of repair/replacement of a failed water pump during the period up to 8 years or 80,000 miles (whichever comes first) of the

vehicle's In-Service Date, or (2) 70% of the paid cost of replacement or repair of a failed water pump for vehicles between 8 years or 80,001 miles and 10 years or 100,000 miles (whichever comes first) of the In-Service Date.  In addition, both the Extended Warranty and the reimbursement for prior repairs provisions include a percentage of the cost of repair/replacement of engine damage caused directly by a failed water pump during the aforesaid 10 year/100,000 mile period, on a sliding scale percentage basis based upon the age and mileage of the vehicle.  The percentages are set forth in the Settlement Agreement at Sections II.A. and C.2.  N.D. Proc. Guidance, ¶ 1(e);

d)  Class notice will be disseminated by individual notice via first class mail to class members and the aggregated information relating to class members is going to be obtained by IHS Markit Polk, the same entity which aggregates that information for car manufacturers when disseminating notice of a recall required by the National Highway Traffic and Safety Administration. N.D. Proc. Guidance, ¶ 3, "Notice."

e)  The proposed Claim Forms (annexed as Exhibit 1 to the Amended Settlement Agreement) are clear, easily understandable, and will be disseminated with the Class Notice via First Class Mail directly to each of the identified class members.  The number or percentage of claims is very difficult to estimate, because it is not known which and how many Settlement Class Members sustained a failure of their vehicles' water pumps, and how many incurred out-of-pocket costs for repair.  However, the Settlement benefit here is substantial and provides an incentive to submit a claim if such expenses had been incurred.  Counsel believes that a ballpark estimate of claims may be in the range of approximately 20,000 claims. N.D. Proc. Guidance ¶ 1(g). Class Counsel bases that opinion on the claims history in another case in the District of New Jersey, involving many of the same vehicles as the Class Vehicles herein (albeit different components), being *In re Volkswagen Timing Chain Products Liability Litig,,* Civil Action No. 16-cv-2765 (D.N.J.) (JLL) ("*In re Volkswagen Timing Chain Litig.*")

DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                    Case No. 17-cv-01825-JD

- 4 -

and which is pending final approval.[1]  The estimated claims in that matter which has approximately half the number of vehicles of the within matter, supports such an estimate. N.D. Proc. Guidance ¶ 1(g).   In addition, Class Counsel believes that estimate is supported by another nationwide class action settlement that Class Counsel was directly involved in as co-lead counsel and which also involved overseeing the post-approval claims process. That action was *In Re Nissan AT Transmission Cooler Defect Litigation*, 10-cv-7493 (VB) (*see also*, opinion on Final Approval, 2013 WL 4080946 (S.D.N.Y. May 30, 2013)).   There were approximately 17,000 claims received in that post-approval claims process.  However, in addition, as in this action, a substantial number of class members also received the additional benefit of work done under the extended warranty.  The within action has an Extended Warranty to 100,000 miles or 10 years (whichever occurs first) and, based on counsel's previous experience in other cases, such as *In re Nissan AT Transmission Cooler*, repairs under the Extended Warranty could equal one half of the reimbursement claims for past repairs. N.D. Proc. Guidance ¶ 1(g).

f) There is no settlement fund, and no cap on the recovery.  Reimbursements will be made on a claims made basis to class members who submit qualified claims in this action.   There is no reversion or *cy pres* involved in this Settlement.   N.D. Proc. Guidance, ¶¶ 1(h) & 8.

g) The proposed Settlement Administrator is Epic Global.  N.D. Proc. Guidance, ¶ 2. Because Epic Global was the Claims Administrator in *In re Volkswagen Timing Chain Litig.*, which concerned many of the same vehicles as the Class Vehicles herein, and has extensive experience working with IHS Markit Polk in that matter, Class Counsel and defense counsel have agreed that Epic Global would be the most appropriate Claims Administrator for this case.  Use of the same Claims Administer in this case as

---

[1]   The *In re Volkswagen Timing Chain* matter includes approximately 477,000 class vehicles, while the within action includes approximately 875,000 class vehicles, a portion of which subsumes the same vehicles as the *In re Volkswagen Timing Chain Litig*.

the previous case involving VWGoA and a portion of the same Settlement Class Vehicles would result in substantial efficiencies. The cost of claims administration will be borne by Defendant and will not affect the recovery to any Settlement Class Members. Therefore, the Court need not approve such costs; however, if the Court deems that necessary, the parties understand that this will not occur until the Final Approval Hearing. N.D. Proc. Guidance ¶ 2.

h) The Class Notice in this action is easily understandable and straightforward and conforms with the Class Notice approved by the U.S. District Court in prior cases, including the previous *In re Volkswagen Timing Chain Litig.,* in which Epiq Global, the Claims Administrator, disseminated a similar notice. N.D. Proc. Guidance, ¶ 3. The Class Notice in this case, as set forth above, includes verbatim the language suggested in the N.D. Proc. Guidance ¶ 3. Further explanation of the notice program is set forth in the Plaintiffs' Brief in Support of Preliminary Approval at Point II.B, p. 13.

i) The parties understand that the Court will not approve the request for attorneys' fees until the Final Approval Hearing and Class Counsel will include their fee request in the Motion for Final Approval. However, the Class Notice to be disseminated will indicate that class counsel, in conformance with Ninth Circuit law, is seeking a fee based on a percentage of the benefit received with respect to the anticipated valuation of the Settlement, subject to further negotiations with defense counsel, which are currently ongoing. Defendant maintains this Settlement is not and does not create a common fund, and any reasonable attorney fee must be based purely on reasonable, acceptable and permitted lodestar. The parties had not discussed the issue of attorneys' fees prior to agreement on the material terms of this Settlement and, to date, have not reached any agreement on attorneys' fees. The parties intend to reconvene and discuss counsel fees to determine whether an agreement can be reached. If agreement cannot be reached, counsel for the Parties have agreed upon a timetable for discovery and exchanges of expert reports and depositions of experts relating to counsel's fee request. That timetable is contained in the proposed timetable attached hereto as Exhibit B.

j) Class Counsel continue to incur time and expense as the approval process continues, class notices are finalized and mailed, settlement administrative matters including the settlement website are addressed, the objection and opt-out process continues and the claims process, and the issues arising therein, need to be addressed.  In Class Counsel's experience, the amount of work to reach final approval, to address requests and questions by class members, and to deal with settlement administrative and claims approval matters, can be substantial.  While Class Counsel believes that it is premature to set forth the lodestar at this time, as the work of Class Counsel is continuing and will undoubtedly increase in the future, as of the date prior to this filing Class Counsel's approximate lodestar was $716,313 (based on approximately 976 hours spent by Class Counsel to date).  Notably, there has been no agreement on any award of attorneys' fees, and the fees paid to Class Counsel will have no effect on any Class members' recovery.  Furthermore, Class Counsel estimates that the lodestar at the time of Final Approval will approach the range of approximately $2 million.[2] Counsel would be in a position to address any further questions the Court may have, if any, relating to lodestar at the preliminary approval hearing. In addition, Class Counsel reserve the right to request attorney's fees based on the percentage-of-the-fund calculation and methodology, since that method has often been applied in vehicle defect cases in the Ninth Circuit.  *See, Seifi v. Mercedes Benz USA, LLC*, Case No. 12-cv-05493 (THE), ECF Doc. 208, *Order Granting Award of Attorneys Fees, Reimbursement of Expenses and Class Representative Award*, entered August 18, 2015 at ¶ 9 ("Class Counsel request that the Court grant approval of the requested award of Counsel Fees in the

---

[2]   *See, Hanlon c. Chrysler Corp*. 150 F.3d 1011, 1029-30 (9th Cir.1998) recognizing that counsel should be entitled to payment for the future work required of them ("Class counsel presented affidavits to the district court justifying their fees on the basis of their work on the individual state class actions.  The fee award also includes all future services that class counsel must provide through the life of the latch replacement program.  They must remain available to enforce the contractual elements of the settlement agreement and represent any class members who encounter difficulties.  The factual record provides a sufficient evidentiary basis for the district court's approval of the fee request.").

DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                    Case No. 17-cv-01825-JD

sum of Two Million Four Hundred Eleven Thousand Eight Hundred Eighty Two Dollars ($2,411,882). . . . It appears that utilizing the percentage-of-fund method of calculation, the requested Counsel Fee is well below the twenty five percent (25%) benchmark recognized in the Ninth Circuit. ***For cases using the percentage-of-the fund method, twenty five percent (25%) of the overall figure is considered a 'benchmark award of attorneys fees.'***" (emphasis added) [citing to *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)*]; see also, In re Toyota Motor Corp.*, No. 8:10ML-02151-JVS, 2013 U.S. Dist. LEXIS 94485, at *211 (C.D. Cal. June 17, 2013) (valuing the relief involving the installation of a brake override system at $400 million); *Trew v. Volvo Cars of N. Am., LLC*, No. S-05-1379-RRB, 2007 U.S. Dist. LEXIS 55305, at *15 (S.D. Cal. July, 31, 2007) (valuing the extension of warranty replacing a throttle module at $24 million based on part replacement costs and applying a percentage method to determine fees). Class Counsel herein believes that the value of the within settlement, preliminarily, will exceed $33 million based on the anticipated number of claims and Extended Warranty repairs and reserves the right to seek a percentage-of-the fund award based upon the value of the benefit conferred.

k)   As set forth in the proposed Class Notice, an incentive award for each of the three (3) class representatives will be sought in the amount of $2,500. The Class representatives herein fully participated in the litigation and settlement process. Such class representatives provided necessary documents and support to Class Counsel, and reviewed the Complaint and provided input thereto. The Class representatives reviewed the Amended Complaint and provided input thereto and reviewed the opposition to Defendant's motion to dismiss. They discussed the settlement process with Class Counsel, and allowed their names to be placed in the public record as plaintiffs in this case. The award requested herein is a reasonable request based on other incentive awards. *See In Re Nissan AT Transmission Cooler, supra*, at *15; *see also, Seifi et al v. Mercedes Benz U.S.A., LLC*, 3:12-cv-05493-THE (Dkt. 208, entered 8/18/15) at 4 (awarding incentive awards of $9,000 each to class representatives and holding "The

incentive awards sought are justified and in line with incentive awards approved by this Court. *See Bellinghausen v. Tractor Supply Co.*, No. 13-cv-2377-JSC, 2015 WL 1289342, at *17 (N.D. Cal. Mar. 20, 2015) (awarding named class plaintiff $15,000 incentive award 'in light of the time and effort Plaintiff expended for the benefit of the class.'); *Navarro v. Servisair*, No. 08-cv-2716, MHP, 2010 WL 1729538, at *4 (N.D. Cal. Apr. 27, 2010) ('Based on this active participation, an incentive award of $10,000.00 is reasonable.')"). The award requested herein is not contingent on any of the class members endorsing or approving the settlement. N.D. Proc. Guidance, ¶ 7.

l)   There is no *cy pres* award contemplated in this case. N.D. Proc. Guidance, ¶ 8.

m) The parties intend to comply with the Class Action Fairness Act and provide notice to the Attorney General of the United States and the State Attorneys General of the proposed Settlement in accordance with 28 U.S.C. ¶ 1715(b). N.D. Proc. Guidance, ¶ 10.

n)  The N.D. Proc. Guidance at ¶11 requests information for at least one past comparable class action settlement. *In In Re Nissan AT Transmission Cooler Litig.* the information discussed in Subdivision 5(e) above, relating to that settlement, is comparable as discussed above.

6.   Attached hereto as **Exhibit B** is the proposed schedule for the calculation of relevant future dates related to the Settlement as agreed to by the parties, if the Court is so amenable. This includes an opt out and objection period of 45 days, which exceeds that required by the N.D. Proc. Guidance, ¶ 9.

7.   Attached hereto as **Exhibit C** is a true and correct copy of the firm résumé of Kantrowitz, Goldhamer & Graifman, P.C.

8.   Attached hereto as **Exhibit D** is a true and correct copy of the firm résumé of the Law Office of Thomas P. Sobran, P.C.

9.   Attached hereto as **Exhibit E** is a true and correct copy of the firm résumé of Stull Stull & Brody.

1    10.    Pursuant to Dkt. 68, "[t]he Court will set a hearing date once the motion is filed."

2    Due to the fact that both myself and Michael Gallub, of Herzfeld & Rubin, P.C., counsel for

3    Defendant, anticipate appearing at any Motion for Preliminary Approval and are located on the

4    east coast, we respectfully request that the Court set the date for the hearing for Thursday,

5    February 7, 2019, or, alternatively, respectfully request that the Court provide counsel with

6    options to ensure their travel availability our respective ability to travel San Francisco and appear

7    on behalf of our clients.

8        I declare under penalty of perjury under the laws of the State of California and the United

9    States of America that the above is true and correct.

10       Executed this 7th day of December 2018 in Chestnut Ridge, New York

11

12                                          Gary S. Graifman (admitted *pro hac vice*)
                                            Declarant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28