UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY COFFENG, MARK GLASER and JORDAN WILSON, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>               Defendant. | Case No. 17-cv-01825-JD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, AND APPROVING CLASS NOTICE** |

1    THIS MATTER having been opened to the Court by Plaintiffs' Unopposed Renewed Motion

2  for Preliminary Approval ("Motion for Preliminary Approval") of the proposed Settlement

3  ("Settlement") in the above Action;

4    WHEREAS, the Court having reviewed and considered the Motion for Preliminary

5  Approval and supporting materials filed by Settlement Class Counsel; and

6    WHEREAS, this Court has fully considered the record and the requirements of law; and

7  good cause appearing;

8    IT IS THIS 29th day of August, 2019 ORDERED that the Settlement is hereby

9  PRELIMINARILY APPROVED.  The Court further finds and orders as follows:

10    1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is

11  proper in this district.

12    2.    The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members,

13  and the Defendant.

14    3.    To the extent not otherwise defined herein, all defined terms in this Order shall have

15  the meaning assigned in the Second Amended Settlement Agreement ("Settlement Agreement").

16    4.    The Settlement Agreement was the result of the Parties' good-faith negotiations.  The

17  Settlement was entered into by experienced counsel and only after extensive arm's length

18  negotiations.  The Settlement Agreement is not the result of collusion.

19    5.    The proceedings that occurred before the Parties reached a resolution of this matter

20  gave counsel opportunity to adequately assess this case's strengths, weaknesses and risks to each

21  Party, and thus to structure the Settlement Agreement in a way that adequately accounts for those

22  strengths, weaknesses and risks.

23    6.    The Settlement is fair, reasonable and adequate, and has no obvious deficiencies that

24  would preclude preliminary approval.

25    7.    Because the Settlement meets the standards for preliminary approval, the Court

26  preliminarily approves all terms of the Settlement Agreement and all of its Exhibits.

27

28

8.      The Court preliminarily finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.  The Court certifies a Settlement Class, as follows:

> All persons or entities who purchased or leased a Settlement Class Vehicle defined as certain 2008 through 2014 model and model year VW and Audi vehicles, as more particularly designated by Vehicle Identification Number ("VIN") listed on Exhibit 4 of the Settlement Agreement, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "the Settlement Class").
>
> Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage (other than to the Settlement Class Vehicle itself) and/or subrogation; (b) all Judges who have presided over this matter and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class; and (l) any claims involving personal injury.

9.      The Court conditionally certifies the proposed Settlement Class, and preliminarily finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), there are common issues of law and fact for the Settlement Class.

(c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that they represent, in that the Class Representatives allege they are purchasers of a Settlement Class Vehicle.  The Court hereby appoints the following Plaintiffs as Class Representatives for the Settlement Class: Gregory Coffeng, Mark Glaser and Jordan Wilson.

(d) Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class.  The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10. The Court further preliminarily finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, as follows:

(a) Questions of law and fact pertaining to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

11. The Court has reviewed and finds that the content of the proposed forms of Class Notice attached as Exhibit 5 to the Settlement Agreement and the Claim Forms attached as Exhibit 1 to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement, on the Settlement website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Class Notices and Claim Forms.

12. The Court further approves the proposed methods for giving Notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement.  The Court has reviewed the plan for distributing Notice to the Settlement Class ("Notice Plan"), and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Claim Administrator, but in no event more than one hundred (100) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit 5, together with the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit 1, to be mailed, by first class mail, to

the current or last known addresses of all reasonably identifiable Settlement Class Members (the "Notice Date").   The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Class Members whose initial mailings are returned undeliverable.  The Court further approves the additional means of Notice to the Settlement Class consisting of Email Notice, Social Media Banner Notice and Sponsored Search Listings, as set forth in the Settlement Agreement, and payment of notice costs as provided in the Settlement Agreement.

13.    The Court finds that these procedures, carried out with reasonable diligence, will constitute the best Notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

14.    The Court preliminarily finds that the following counsel will fairly and adequately represent the interests of the Settlement Class and hereby appoints Kantrowitz, Goldhamer & Graifman, P.C., and Thomas P. Sobran, P.C., as Lead Settlement Class Counsel, and Stull, Stull & Brody as Settlement Class Liaison Counsel.

15.    The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Final Fairness Hearing will be held on March 26, 2020, to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues:  (1) to determine whether to grant final approval to (a) the terms of the Settlement Agreement, (b) certification of the Settlement Class, (c) the designation of Plaintiffs as representatives of the Settlement Class, (d) the designation of Class Counsel as counsel for the Settlement Class, and the designation of Epiq Global as the Settlement Administrator; (2) to rule on Class Counsel's request for an award of reasonable attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order and Judgment.  The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

16.    The Court directs that no later than fourteen (14) days after the Notice Date, Settlement Class Counsel shall file all memoranda, including affidavits, declarations, and other

evidence in support of the request for final approval of the Settlement (the "Settlement Motion Date"); Class Counsel's request for approval of reasonable attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual named plaintiffs.  The Court further directs that no later than ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.

17.    Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedures:

(a)    To object, a member of the Settlement Class, individually or through counsel, must, no later than sixty (60)  days after the Settlement Motion Date, file a written objection by either (i) filing said written objection with the Clerk of this Court or via the Court's electronic filing system, or (ii) mailing the written objection to the Court and to the following persons, postmarked no later than sixty (60) days after the Settlement Motion Date:

**Counsel for Plaintiffs**

Gary S. Graifman, Esq.
Kantrowitz, Goldhamer & Graifman, P.C.
Suite 200
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977

**Counsel for Defendant**

Michael B. Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

**Settlement Administrator**

Epiq Global
777 Third Avenue
12th Floor
New York, NY 10017

(b)    Any objecting Settlement Class Member must include with his or her objection:

i.    the objector's full name, address, and telephone number;

- 6 -

ii.      the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

iii.      a written statement of all grounds for the objection accompanied by any legal support for such objection; and

iv.      copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection.

(c)      Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards.  Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d)      Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or to Settlement Class Counsel's motion for reasonable attorneys' fees and reimbursement of litigation expenses and for Service Awards to the Settlement Class Representatives.  Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees, litigation expenses and Service Awards, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

18.     The Court appoints Epiq Global as the Settlement Administrator.  The Parties are hereby authorized to retain the Settlement Administrator (hereinafter, "Claims Administrator" or "Settlement Administrator") to supervise and administer the Notice Procedure as well as the processing of Claims.

19.     All Settlement Class members shall have the right to exclude him/her/itself ("opt out") of the proposed Settlement at any time during the opt-out period.  The opt-out period shall expire sixty (60) days after the Settlement Motion Date.  Any Settlement Class Member who timely elects to opt out of the Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement.

20.     Any Settlement Class Member who wishes to opt out of the Class must do so by mailing a request for exclusion ("Request for Exclusion") to the Claims Administrator as provided in the Notice or by filing a Request for Exclusion with the Claims Administrator online via the portal contained on the Settlement website in the manner directed in the Class Notice.  The Request for Exclusion must be postmarked (or filed online) on or before the expiration of the opt out deadline, which will be sixty (60) days after the Settlement Motion Date.  To be effective, the Request for Exclusion must state the Settlement Class Member's full name, address and telephone number; identify the model, model year and Vehicle Identification Number (VIN) of the Settlement Class Vehicle; and state specifically and unambiguously his, her or its desire to be excluded from the Settlement Class.  Any purported Requests for Exclusion will be reviewed jointly by counsel for Plaintiffs and Defendant according to the procedures set forth in the Settlement Agreement, which the Court hereby approves.

21.     Any member of the Settlement Class who does not properly and timely mail or file such a Request for Exclusion shall automatically be included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement, including the release, and any Order or Judgment entered relating to the Settlement.  The Court shall resolve any disputes concerning the opt-out provisions of the Settlement Agreement.

22.     Upon Final Approval, all Settlement Class Members who have not timely and properly opted out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged all Released Parties from/for all Released Claims as set forth in the Settlement Agreement.

23.     Upon Final Approval, with respect to the foregoing Released Claims, the Plaintiffs and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

24.     Upon Final Approval, this Action will be deemed dismissed with prejudice, and said dismissal shall be binding upon all Settlement Class Members who have not properly and timely opted out of the Settlement.

25.     In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null, void and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.  If the Settlement does not become effective, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  This action, and the Parties, shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

26.     Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Class Action Settlement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Class Action

Settlement, to the form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

Dated:  August 29, 2019

_____
Honorable James Donato
United States District Judge