Patrice L. Bishop (182256)
pbishop@ssbla.com
STULL, STULL & BRODY
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA  90211
Tel:     (323) 456-8638
Fax:     (323) 456-8601

*Local Counsel for Plaintiffs*
*and the Putative Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY COFFENG, MARK GLASER and JORDAN WILSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>VOLKSWAGEN   GROUP   OF   AMERICA, INC.,<br><br>        Defendant. | Case No. 17-cv-01825-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD**<br><br>DATE:          March 26, 2020<br>TIME:          10:00 a.m.<br>JUDGE:        Hon. James Donato<br>CRTRM:       11, 19th Floor |

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3 STATEMENT OF ISSUES TO BE DECIDED…………………………………………1

4 MEMORANDUM OF POINTS AND AUTHORITIES…………………………………...1

5    I. INTRODUCTION…………………………………………………………………1

6    II. ARGUMENT……………………………………………………………………...3

7       A.  Requested Fee Award Should be Approved as Reasonable……………………3

8          1.  The Attorney Fee is to be Paid by Defendant and Does
9              Not Diminish the Benefits to the Class…………………………………4

         2.  The Fee Request Is Fair and Reasonable Under the
10              Percent-of-the-Benefit Analysis……………………………………….4

11          3.  The Value of the Settlement Demonstrates an Exceptional Result……...5

12          4.  Case Posed Significant Risks and Challenges for the Class……………7

13          5.  Negotiated Attorneys' Fees is Reasonable and is Less Than
             Accepted Ninth Circuit Benchmarks for Similar Class Settlements……7
14

         6.  Requested Fee Award is Also Comparable to, or Less
15              Than, Fee Awards in Other Similar Automotive Defect
16              Class Actions……………………………………………………………8

17       B.  Independent Lodestar Cross-Check Confirms the Reasonableness
        of the Fee Award Requested…………………………………………………...9
18

19          1.  The Hours Expended and Hourly Rates Charged are Reasonable……..10

20             a)  The Hours Invested to Date are Reasonable................................. 10

21             b)  The Rates of Counsel Are Reasonable……………………………12

22          2.  The Modest Lodestar Multiplier Is Also Justified……………………...13

23       C.  The Costs and Expenses for Which Reimbursement is
        Sought are Reasonable, and Should be Approved…………………………14
24

25       D.  The Service Awards Sought Should Also Be Approved…………………...14

26    III. CONCLUSION……………………………………………………………………15

27

28

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- i -

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                                                          **Page**

3
4
*Alin v. Honda Motor Co.,*
  No. 08-4825 (D.N.J. April 13, 2012) Dkt No. 173……...…………….…..……9

5
6
*Barboza v. West Coast Digital GSM, Inc.,*
  179 Cal. App. 4th 540 (2009)……………………………………………… 12

7
*Bellinghausen v. Tractor Supply Co.,*
  2015 WL 1289342 (N.D. Cal. Mar. 20, 2015)……………………………15

8
9
*Browne v. American Honda Motor Co., Inc.,*
  2010 WL 949073 (C.D. Cal. Oct. 5, 2010)…………………………..……….. 9, 11

10
11
*Burroughs v. Board of Trustees of Pension Fund for Operating Engineers,*
  542 F.2d 1128 (9th Cir. 1976)……………………………………………….. 4

12
*Crommie v. Public Utils. Comm'n,*
  840 F. Supp. 719 (N.D. Cal. 1994)………………………………………13

13
14
*Fadhl v. City and County of San Francisco,*
  859 F.3d 649 (9th Cir. 1988)…………………………………………...13

15
16
*Gierlinger v. Gleason,*
  160 F.3d 858 (2d Cir. 1998)………………………………………………12

17
*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1988)………………………………………….. 3, 5, 7, 9

18
19
*Hensley v. Eckehart,*
  461 U.S. 424 (1983)…………………………………………………………..3

20
21
*Herremans v. BMW of N.A., LLC*
  2016 WL 6780349 (N.D. Cal. Feb. 18, 2016)…………………………………… 6

22
*Horsford v. Board of Trustees of California State Univ.,*
  132 Cal. App. 4th 359 (2005)……………………………………………...10

23
24
*Huntsman v. Southwest Airlines Co.,*
  3:17-cv-03972-JD (N.D. Cal. Oct. 4, 2019), Dkt No. 57……………………..………12

25
*In re Anthem Inc. Data Breach Litig.,*
  2018 WL 3960068 (N.D. Cal. Aug. 17, 2018)………………………………..5

26
27
*In re Bluetooth Headset Products Liab. Litig.,*
  654 F.3d 935 (9th Cir. 2011)……………………………………………3, 5, 9

28
*In re Cellphone Termination Fee Cases,*
  180 Cal. App. 4th 1110 (2009)……………………………………………..3

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD                              Case No. 17-cv-01825-JD

- ii -

*In re Charles Schwab Sec. Litig.*,
  2011 WL 1481424 (N.D. Cal. Apr. 19, 2011)…………………………………………………. 8

*In re Consumer Privacy Cases*,
  175 Cal. App. 4th 545 (2009)……………………………………………………………..13

*In re Continental Ill. Sec. Litig.*,
  962 F.2d 566 (7th Cir. 1992)…………………………………………………………………3

*In re First Capital Holdings Fin. Prod. Sec.*,
  1992 WL 226321 (C.D. Cal. June 10, 1992)……………………………………………… 3

*In re HPL Technologies, Inc.*,
  366 F. Supp.2d 912 (N.D. Cal. Apr. 22, 2005)…………………………………………….5

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007)……………………………………………….…..14

*In re Nissan Radiator Transmission Cooler Litig.*,
  2013 WL 4080946 (S.D.N.Y. May 30, 2013)…………………………………………….12

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2007)…………………………………………………… 4

*In re Resistors Antitrust Litig.*,
  3:15-cv-3820-JT (N.D. Cal. Nov. 21, 2019)……………………………………………12, 13

*In re Toyota Motor Corp.*,
  2013 WL 3224585 (C.D. Cal. June 17, 2013)………………………………………...5, 8

*In re VW Timing Chain Prod. Liab. Litig.*,
  2:16-cv-02765 (JLL) (D.N.J. Dec. 14, 2018)                                   8, 12

*Johnson v. General Mills, Inc.*,
  2013 U.S. Dist. LEXIS 90338 (C.D. Cal. June 17, 2013)…………………………….…14

*Kakani v. Oracle Corp.*,
  2007 U.S. Dist. LEXIS 95496 (N.D. Cal. Dec. 21, 2007)……………………………….13

*Kearney v. Hyundai Motor Am.*,
  2013 U.S. Dist. LEXIS 91636 (C.D. Cal. June 28, 2013)……………………………...11

*Mills v. Electric Auto-Lite Co.*,
  396 U.S. 375 (1970)…………………………………………………………………….4

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008)…………………………………………………………11

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD                      Case No. 17-cv-01825-JD

- iii -

*Navarro v. Servisair*,
    2010 WL 1729538 (N.D. Cal. Apr. 27, 2010)……………………………………… 15

*O'Keefe v. Mercedes-Benz United States, LLC*,
    214 F.R.D. 266 (E.D. Pa. 2003)…………………………………………………5, 6

*Parkinson v. Hyundai Motor America*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2010)…………………………………………….8

*Rodriguez v. West Pub. Corp.*,
    563 F.3d 948 (9th Cir. 2009)…………………………………………………...14

*Sadowska v. Volkswagen Group of Am.*,
    No. CV-11-00665-BRO, (Dkt. 127) (C.D. Cal. Sep. 25, 2013)    9, 11

*Seifi v. Mercedes Benz USA, LLC*,
    2015 WL 12952902 (N.D. Cal. Aug. 18, 2015)……………………………….. 5, 15

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)…………………………………………………… 3, 4

*Trew v. Volvo Cars of N. Am., LLC*,
    2007 WL 2239210 (S.D. Cal. July 31, 2007)………………………………………5, 6

*Trustees. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*,
    460 F.3d 1253 (9th Cir. 2006)……………………………………………………14

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010)…………………………………………………14

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002)………………………………………… 4, 8, 13

*Vo v. Las Virgenes Municipal Water Dist.*,
    79 Cal. App. 4th 440 (2000)……………………………………………10

*Zwicker v. General Motors Corp.*,
    No. C07-0291-JCC (W.D. Wash. Nov. 7, 2008) at Dkt No. 177………………………9

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD    Case No. 17-cv-01825-JD

- iv -

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

   **PLEASE TAKE NOTICE THAT** on March 26, 2020, at 10:00 a.m., before the Honorable James Donato, United States District Judge, at Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, in San Francisco, California, or at such other time as this Court may Order, Plaintiffs Gregory Coffeng, Mark Glaser, and Jordan Wilson, by and through their undersigned counsel, will move this Court for an Order granting Plaintiffs' Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses and Granting Service Awards.

   Plaintiffs respectfully request this Court approve $2.4 million in attorneys' fees and expenses and award each of the Plaintiffs a service award of $2,500.00. This Motion is based on the Memorandum of Points and Authorities, the Joint Declaration of Gary S. Graifman and Thomas P. Sobran (the "Jt. Decl."), any argument of counsel, and such other material this Court may consider.

<u>STATEMENT OF ISSUES TO BE DECIDED</u>

   1.      Whether the Court should award $2.4 million in attorneys' fees and reimbursement of expenses.

   2.      Whether the Court should award each Plaintiff a $2,500.00 incentive award.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.      INTRODUCTION**

   The fee award and reimbursement of expenses requested by the law firms of Kantrowitz, Goldhamer & Graifman, P.C., Thomas P. Sobran, P.C. and Stull, Stull & Brody (jointly referred to as "Class Counsel") is Two Million Four Hundred Thousand Dollars ($2,400,000). This fee and expense award amounts to approximately 7% of the reasonable settlement value to the Class based on the valuation of the Reimbursement Program and the Extended Warranty Program.

   The Settlement has preliminarily been determined to be fair, reasonable, and adequate. *See* Dkt. 82. The terms of the Settlement are set forth in detail in Plaintiffs Motion for Final Approval filed concurrently to which the Court is respectfully referred. Briefly, Class Members receive a significant and meaningful warranty extension to ten (10) years and 100,000 miles (whichever comes first). Repairs will be made at no cost under the Warranty Extension Program commencing

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 1 -

December 2, 2019 (with a 20 day grace period during which Class Members can still make a repair and seek reimbursement . There is a robust reimbursement for pre-notice repair costs incurred by Class Members to replace the allegedly defective primary engine water pump that forms the basis of the Complaint. *See* Settlement Agreement, at ¶¶ II(A), (B), and (C). Under the warranty extension, Defendant Volkswagen Group of America, Inc. ("VWGoA") will extend the New Vehicle Limited Warranty ("NVLW") applicable to the Settlement Class Vehicles to cover repair or replacement of a failed primary engine water pump, by an authorized Volkswagen or Audi dealer, for a period of 10 years or 100,000 miles, whichever occurs first, from the vehicle's In-Service Date, subject to certain terms and conditions. *Id.* This warranty extension almost doubles the 5 years or 60,000 miles (whichever occurs first) durational limit of VWGoA's original NVLW.[1]  Under the Reimbursement Program payments range from 100% to 70% of the out-of-pocket expense.

The parties had not discussed the issue of attorney fees prior to agreement on the material terms of the Settlement and, as the Court may recall, had not reached agreement even at the time of the February 7, 2019 hearing before the Court. They only reached agreement on the issue after continued negotiations. Class Counsel respectfully submit that the work of Class Counsel is continuing and will undoubtedly increase in the future as class notices are implemented, settlement administrative matters are addressed, the objection and opt-out process continues, and the claims process, and the issues arising therein, need to be addressed. See Jt. Decl., ¶ 35. In the experience of Class Counsel, the amount of work to reach final approval, address requests and questions by Class Members, and to deal with settlement administrative and claims approval matters can be substantial. However, Class Counsel's current combined lodestar is $1,045,987.50 2019, with expenses of $40,537.44. Class Counsel estimates that the lodestar at the time of Final Approval will increase. Counsel will be in a position to address any further questions the Court may have relating to lodestar or value based upon the benefit to the Settlement Class at the Final Approval Hearing. The attorney fees and expenses paid to Class Counsel and any incentive service awards will have no reduction on any aspect of Class Members' recovery.

---

[1] The NVLW is 4 years/50,000 miles for Audi Settlement Class Vehicles.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 2 -

1    II.    ARGUMENT

2         A.    Requested Fee Award Should be Approved as Reasonable

3         At the conclusion of a successful class action settlement, Plaintiffs' counsel may apply to

4    the Court for an award of "reasonable attorneys' fees and non-taxable costs that are authorized by

5    law or the parties' agreement." Fed. R. Civ. P. 23(h). Courts considering a fee application from class

6    counsel must ensure that the fees awarded are reasonable. *See In re Bluetooth Headset Products*

7    *Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("*Bluetooth*"). In doing so, however, district courts

8    must be mindful that courts encourage litigants to resolve fees issues by agreement. *See, e.g., Hanlon*

9    *v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1988). This is in keeping with the powerful public

10   policy of encouraging and approving non-collusive settlements, including those in class actions. *See*

11   *In re Cellphone Termination Fee Cases*, 180 Cal. App. 4th 1110, 1118 (2009) ("Public policy

12   generally favors the compromise of class action litigation.").

13        The United States Supreme Court discourages a "second major litigation" arising from a

14   request for attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). When, as here, the

15   agreed-upon fee was negotiated and "there is no evidence of self-dealing or disabling conflict of

16   interest, the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the

17   place of the amount negotiated by adversarial parties in the litigation." *In re First Capital Holdings*

18   *Fin. Prod. Sec.*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992). Rather, Courts

19   will generally defer to the parties, applying a lower level of scrutiny. *See Staton v. Boeing Co.*, 327

20   F.3d 938, 966 (9th Cir. 2003) ("[T]he court need not inquire into the reasonableness of the

21   [negotiated] fees even at the high end with precisely the same level of scrutiny as when the fee

22   amount is litigated."). This is because the negotiated fee is, in effect, the market-set price for the

23   fees. *See In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992) (Posner, J.).

24        The foregoing observations apply with particular force here, where the agreed-upon

25   attorneys' fees and expense amount of $2.4 million was the product of a non-collusive adversarial

26   negotiation. *See* Jt. Decl. at ¶¶ 13-15. In the case at bar, the merits of Plaintiffs' case, the risks of

27   litigation, the results achieved by way of settlement, and the work engaged in by all counsel in the

28   case, favor the Court's approval of the award of fees, expenses and service awards.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

1

        **1.**      **The Attorney Fee is to be Paid by Defendant and Does Not Diminish the Benefits to the Class.**

2

     Equally telling here is that the amount of the fee award will have no bearing on the amount

3

of relief afforded to Class members. The Settlement achieved a common benefit to the members of

4

the Class in the reimbursement and future contribution to repair obligations imposed on VWGoA.

5

This relief, though a common benefit, is not a common fund from which Plaintiffs' Counsel seek to

6

compensated. Rather, this negotiated fee award will be paid by Defendant in addition to the relief

7

afforded to the Class. This means that, regardless of the fee awarded to Class Counsel, the amount

8

of consideration offered to the Class is unchanged. There is no danger here that an award of fees to

9

Plaintiffs' Counsel will adversely impact the recovery to the Class. Conversely, any reduction of

10

Plaintiffs' Counsel's fee would inure to the benefit of Defendant only which is the party accused of

11

the alleged wrongdoing and which has already agreed not to oppose the negotiated fee amount.

12

        **2.**      **The Fee Request Is Fair and Reasonable Under the Percent-of-the-Benefit Analysis.**

13

14

     Attorneys' fees may be determined under either the common-fund or lodestar methods. In

15

the Ninth Circuit, the percentage-of-the-recovery method is the prevailing approach for cases where

16

the value to the class is ascertainable. *See Staton v. Boeing Co.,* 327 F.3d 938, 972-74 (9th Cir.

17

2003); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 & 1051 n.6 (9th Cir. 2002). This method

18

is preferred because it most fairly correlates the compensation of counsel with the benefit conferred

19

upon the Class. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007).

20

     Although often referred to as the "percent of the fund" approach, the Supreme Court and the

21

Ninth Circuit, have made clear that the percentage approach applies with full force where there is a

22

common benefit awarded to the Class without there being an actual common fund. Indeed:

23

       Under the common fund exception, courts originally permitted a plaintiff to recover attorneys' fees when his action in bringing suit resulted in the recovery or

24

       establishment of a fund in which others had the right to share. In *Mills v. Electric Auto-Lite Co.*, *supra* the Court expanded this doctrine, holding that there was no

25

       need for the creation of an **actual fund** as long as a "substantial benefit" of some kind had accrued to the enriched class and the court had 'jurisdiction over an entity

26

       through which the contribution can be effected.'

27

*Burroughs v. Board of Trustees of Pension Fund for Operating Engineers*, 542 F.2d 1128, 1132 (9th

28

Cir. 1976), *citing Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 396-97 (1970).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD      Case No. 17-cv-01825-JD

- 4 -

In automobile defect class actions, courts frequently evaluate the reasonableness of a fee request by viewing it as a percentage of the total value of the repair obligation provisions conferred as a benefit upon the Class. *See In re Toyota Motor Corp.*, No. 8:10ML-02151-JVS, 2013 WL 3224585 at *20 (C.D. Cal. June 17, 2013) (valuing the relief involving the installation of a break override system at $399 million); *O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 305-307 (E.D. Pa. 2003) (valuing extended warranty coverage at approximately $20 million and applying a percentage method to determine fees); *Trew v. Volvo Cars of N. Am., LLC*, No. S-05-1379-RRB, 2007 WL 2239210 at *5 (S.D. Cal. July 31, 2007) (valuing the extension of warranty replacing a throttle module at $24 million based on part replacement costs and applying a percentage method to determine fees).[2]   Regardless whether the percentage of the common benefit or the lodestar method is employed to gauge the reasonableness of the fee petition, the other approach may and should be used as a cross-check to confirm the soundness of the fee request. *See In re Anthem Inc. Data Breach Litig.,* 15-md-02617-LHK, 2018 WL 3960068 at *4 (N.D. Cal. Aug. 17, 2018); *In re HPL Technologies, Inc.*, 366 F. Supp.2d 912, 915 (N.D. Cal. Apr. 22, 2005).

In the Ninth Circuit, where the percentage-of-recovery method is employed, it is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees. *In re Anthem*, at *4, quoting *In re Bluetooth*, 654 F.3d at 942 (9th Cir.2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.").

### 3.    The Value of the Settlement Demonstrates an Exceptional Result

The value of the Settlement benefit conferred upon the Class by Class Counsel more than supports the fee request. As detailed in the Jt. Decl, Plaintiffs' Counsels' fee and expense request amounts to approximately 7% of the value of the benefit conferred on the Class, which is estimated to be approximately $34.04 million. The percentage of this fee request, compared to the Settlement valuation, is well below the Ninth Circuit benchmark of 25%. *See* Jt. Decl., at ¶¶ 22-24.

---

[2] *See Seifi v. Mercedes Benz USA, LLC*, Case No. 12-cv-05493-the, 2015 WL 12952902 (N.D. Cal. Aug. 18, 2015), Dkt. 208 at ¶ 9 ("***For cases using the percentage-of-the fund method, twenty five percent (25%) of the overall figure is considered a 'benchmark award of attorneys' fees.***'") (emphasis added) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d at 1029).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 5 -

Courts have recognized that a car manufacturer's future repair obligation secured by a classwide settlement can be valued in a number of ways. *See O'Keefe v. Mercedes-Benz U.S., LLC,* 214 F.R.D. 266, 305-307 (E.D. Pa. 2003). An approach commonly accepted by courts is simply to value the cost of replacing or repairing the alleged defective condition. *See, e.g., Trew,* 2007 WL 2239210 at *4-5 (valuing the warranty as the replacement cost of the electronic throttle module as $1,000 per module, with the total value, based on 24,000 defective modules, as $24 million).

Under the Settlement terms of this case, Class members receive an enhanced warranty period of ten (10) years or 100,000 miles, whichever occurs first, from the In-Service date of the Settlement Class Vehicle, subject to proper documentation from the Class member. The Extended Warranty includes a ***100% reimbursement*** for the cost of repair or replacement of a failed water pump if the failure occurred prior to 8 years or 80,000 miles (whichever occurs first) and ***70% thereafter*** up to 10 years or 100,000 miles (whichever occurs first). There is also the partial reimbursement settlement component for engine damage directly caused by the water pump failure. The extended warranty covers 100% cost of repair or replacement of failed water pump engine related damage up to 10 years or 100,000 miles (whichever occurs first). An analysis of the benefits to the comparator case set forth in Plaintiffs' Final Approval Brief, *Herremans v. BMW of N.A., LLC,* 2016 WL 6780349 (N.D. Cal. Feb. 18, 2016) demonstrates the class benefits here are superior.

The value of the Settlement is based upon prior documents provided by VWGoA, including the incident rate during the warranty period.[3] Common sense and experience dictate that the higher the vehicle mileage and the greater time in use, the higher the failure rate. However, in coming to a conservative analysis, Plaintiffs' Counsel employed the same rate as experienced in-warranty. Based on the number of Settlement Class Vehicles (873,779), that rate translates into 65,533 water pump failures. Although the average cost of repair is $950, even if all of those vehicles fell within the 70% reimbursement regime (*e.g.,* at time of repair were in-service for more than 8 years or 80,000 miles), that would mean an average repair rate of $665.00 per repair. Based on the historical

---

[3] Because the information is subject to a confidentiality agreement, it is not specified herein but can be made available to the Court under seal if desired.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 6 -

water pump failure rate, and an average repair rate cost of $665.00 the value equals $43,579,445.00. Past experience also leads to the presumption that only half of those vehicles would likely be involved in the Reimbursement Program and one-half would be involved in the future repair program. Thus, cutting the number of Class Vehicles in the Reimbursement Program in half, the Reimbursement Program is conservatively valued at $21,789,722.00. Plaintiffs submit that the value of reimbursement portion of the Settlement alone would be approximately $21,789,722. In addition, the Extended Warranty has value apart from the reimbursements made and applies to all Class Vehicle owners, who get the benefit of an Extended Warranty. Jt. Decl., ¶¶22-24 According to Plaintiffs' expert in the subject matter of automobile repair costs and warranty valuation, Kirk D. Kleckner, CPA MBA ASA-BV, the value of the Extended Warranty herein has a valuation of approximately $12,230,314. Thus, the combined Settlement valuation of this nationwide settlement, involving reimbursement and warranty extension, is equal to approximately $34,045,306 million.

**4.      The Case Posed Significant Risks and Challenges for the Class.**

As this Court observed at the initial argument on VWGoA's Motion to Dismiss on November 2, 2017, certifying a nationwide class of vehicle owners was a daunting challenge. *See* Dkt 51 at 13-15 (noting the difficulty of certifying a nationwide class and also observing that "[counsel] seem very good about being rational about your case in the context of being good advocates for your clients."). Putting aside the class certification challenges, Plaintiffs also opposed a motion to dismiss and, of course, future maneuvering in the context of future summary judgment motions and possible appeal of class certification, all leading to the obvious conclusion that the case possessed serious risks and challenges in the litigation context. Even if a litigation Class was certified, the risk of a defense verdict and/or subsequent appeal would potentially prevent or significantly delay any recovery.

**5.      The Negotiated Attorneys' Fees is Reasonable and is Less Than Accepted Ninth Circuit Benchmarks for Similar Class Settlements.**

For cases using the percentage-of-the-award method, 25% of the overall figure is considered a "benchmark award for attorneys' fees." *Hanlon*, 150 F.3d at 1029. Here, the total value of the Settlement (both the reimbursement program and the warranty extension program), using an

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 7 -

analysis that employs conservative assumptions, is $34.04 million. The negotiated attorneys' fees, as a percentage of the Settlement value, therefore amount to approximately 7% of the Settlement value. Judge Alsup of this Court has previously remarked that attorney fee petitions, like the one at issue here, that amount to significantly less than the Ninth Circuit's 25% of the settlement value benchmark are inherently reasonable. *See In re Charles Schwab Sec. Litig.*, No. C-08-1510-WHA, 2011 WL 1481424, at *8 (N.D. Cal. Apr. 19, 2011) ("By percentage, the federal fee award is 8.8 percent of the federal fund, and the California fee award is 11.7 percent of the California fund. Compared to the Ninth Circuit benchmark of 25 percent, these percentage-of-fund numbers represent very clearly how fair and reasonable these awards are.").

In the case at bar, the parties agreed to a fair and reasonable attorneys' fee. The requested award falls on the low end of percentage-of-the-recovery cases, as "[i]n the Ninth Circuit particularly, the most common percentages awarded were 25 percent, 30 percent and 33 percent." *In re Toyota Motors*, 2013 U.S. Dist. LEXIS 94485, at *218 (citing a survey conducted by the plaintiffs ' expert of Ninth Circuit cases from 2006 and 2007); *see also Vizcaino*, 290 F.3d at 1043 (surveying fee awards from dozens of large common benefit settlements in the Ninth Circuit, finding that most fell between 20-30%). By reference to these authorities, the 7% of the benefit sought by Plaintiffs' Counsel as a fee recovery is undeniably reasonable.

**6.      The Requested Fee Award is Also Comparable to, or Less Than, Fee Awards in Other Similar Automotive Defect Class Actions**

The reasonableness of the fee award sought here is also independently confirmed by surveying fee awards entered by federal courts in other automotive defect class action settlements. Those awards show that fees comparable to, or greater than, those being sought by Plaintiffs' Counsel were approved in settlements that resulted in comparable or lesser relief for the class members. *See, e.g., Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160, 1165 (C.D. Cal. 2010) (awarding $ 3.7 million for settlement of defective flywheel transmissions where class members received 50%-100% in cash reimbursement of repair based on mileage at the time of repair); *In re VW Timing Chain Prod. Liab. Litig.*, 2:16-cv-02765 (JLL) (D.N.J. Dec. 14, 2018) (Dkt. 235) (Awarding $8.650 million to counsel for fees and expenses in class of approximately 477,000

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD         Case No. 17-cv-01825-JD

- 8 -

vehicles); *Sadowska v. Volkswagen Group of Am.*, No. CV-11-00665-BRO, (Dkt. 127) (C.D. Cal. Sep. 25, 2013) (awarding $2.2 million in fees to counsel who obtained a new warranty for transmission parts for the class); *Zwicker v. General Motors Corp.*, No. C07-0291-JCC (W.D. Wash. Nov. 7, 2008) (approving fees of $2.372 million on a settlement providing for a 7 year/70,000 mile warranty for repair and replacement of defective speedometer); *Browne v. American Honda Motor Co., Inc.*, No. CV 09-06750, 2010 WL 949073 (C.D. Cal. 2010) (awarding $2 million in fees for settlement authorizing partial reimbursement to class members for costs of replacing brake pads); *Alin v. Honda Motor Co.*, No. 08-4825 (D.N.J. 2012) (awarding $2.515 million in fees after counsel obtained a settlement providing for reimbursement of certain repairs on an air conditioning part).

Whether referencing the 7% of the total value of the $34.04 million Settlement achieved, or comparing the total fees sought to fees awarded in other similar class action settlements involving alleged automobile defects, the negotiated fees fall well within the reasonable range.

## B. An Independent Lodestar Cross-Check Confirms the Reasonableness of the Fee Award Requested

The lodestar computation for purposes of attorney fees is calculated by multiplying "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *In re Bluetooth*, 654 F.3d at 941. A lodestar cross-check independently confirms that the negotiated fee is reasonable. Plaintiffs' Counsels' total lodestar, as documented in the accompanying Jt. Decl. and the Declarations from each of the three firms involved herein, amounts to $1,045,987.50, plus $40,537.44 in costs or expenses currently. It is anticipated that the lodestar through conclusion of the matter after Final Approval will increase significantly, thus reducing the multiplier. Class Counsel expects to present the final multiplier requested prior to Final Approval. *See, Hanlon, supra*, 150 F.3d at 1029-30 recognizing that counsel should be entitled to payment for the future work required of them ("Class counsel presented affidavits to the district court justifying their fees on the basis of their work on the individual state class actions. The fee award also includes all future services that class counsel must provide through the life of the latch replacement program. They must remain available to enforce the contractual elements of the settlement agreement and represent any class members who encounter difficulties.").

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 9 -

The lodestar here confirms the reasonableness of the requested fee previously calculated to be approximately 7% of the common Settlement benefit. Applying a very modest multiplier to the lodestar makes the fee award calculated by the lodestar method coincide with the fee amount calculated by resort to the percent-of-the-benefit approach. Plaintiffs' Counsel have submitted detailed declarations attesting to their efforts to prosecute this action (*see* Jt. Decl., at Exh.'s 2 through 4) and the total hours expended, hourly rates and experience of Plaintiff's Counsel. *Id.*

Class Counsel in the case spent a considerable amount of time in preparing what was essentially an air-tight complaint as to the merits. For example, one of the Class Counsel, Thomas P. Sobran, is not only an attorney with extensive experience in automotive cases, but is a factory-trained Volvo, BMW and Mercedes-Benz mechanic with an extensive knowledge of automobile engine design and manufacture, and has qualified as an expert witness in the subject matter of automobile engineering and provided courtroom testimony. In this case, Sobran conducted an extensive investigation and analysis of the various water pump components and modifications performed to those pumps. His work was performed in anticipation of discovery (not to mention Complaint drafting) and was completely justified and necessary given the complex nature of the subject matter. Mr. Graifman, similarly, has litigated automotive consumer class action cases extensively throughout the country (See Graifman Decl. at ¶¶ 9-11 and Exh. C at p. 9).

Class Counsel were economical in their efforts. There were only three firms involved in the litigation to date and tasks were coordinated between the firms.

**1.      The Hours Expended and Hourly Rates Charged are Reasonable.**

**a)      The Hours Invested to Date are Reasonable.**

In making a determination as to the reasonableness of the hours comprising a lodestar, courts are to "focus on providing an award of attorneys' fees reasonably designed to fully compensate plaintiffs' attorneys for the services provided." *Horsford v. Board of Trustees of California State Univ.*, 132 Cal. App. 4th 359, 395 (2005). Courts do so by looking at "the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics." *Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal. App. 4th 440, 445 (2000). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD         Case No. 17-cv-01825-JD

- 10 -

1    on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City*

2    *of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

3        As set forth in the accompanying Declarations of Class Counsel (Exh.'s 2, 3, 4 to Jt. Decl.),

4    the lodestar analysis here is comprised of 1,385 hours of attorneys' billable time expended at hourly

5    rates ranging from $595 to $850, excluding paralegal work that is billed at lesser hourly rate of $225.

6    These hours and rates are reasonable in light of the work performed, results obtained, and counsel's

7    experience level and qualifications. As a general matter, the total hours expended by Plaintiffs'

8    Counsel compares favorably to hours approved in other class actions involving automobile defects.

9    Some of the hours expended were devoted to Plaintiffs' research and understanding of complex

10   automotive engine concepts that were at play in investigating and analyzing the alleged defects,

11   which was critical to resolving the case. *See Kearney v. Hyundai Motor Am.*, No. 09-1298, 2013

12   U.S. Dist. LEXIS 91636, **27-*28 (C.D. Cal. June 28, 2013) (crediting plaintiff's counsel for

13   "analysis of complex technical systems" in awarding counsel's full lodestar for completed work).

14       In light of the unique challenges faced by Class Counsel, the extensive settlement

15   negotiations and post-settlement work is reasonable and compares favorably to other cases. For

16   example, in *Browne v. American Honda Motor Co.*, No. 09-06750, 2010 U.S. Dist. LEXIS 144823,

17   at *5 (C.D. Cal. Oct. 5, 2010), "class counsel contacted Honda not long after the action commenced

18   to assess whether an early settlement would be possible. After several months of negotiation, the

19   parties agreed to a settlement." Even though *Browne* settled soon after the filing of the complaint,

20   the court nonetheless evaluated the activities in the case, and approved plaintiffs' counsel's reported

21   3,210 hours, most of which were devoted to pre-filing investigation, settlement negotiations and

22   approval. *Id.*at *32-35. In comparison, *Browne* centered on far less technologically complex

23   allegations regarding premature wear on brake pads. Other approved automotive class action

24   settlements entailed a similar number of lodestar-approved hours that yielded settlement terms

25   comparable to the one achieved here. *See Sadowska*, *18 n.10 (court credited 3,115 hours to

26   plaintiffs' counsel in a case with no contested motions).

27       Class Counsel herein has been and continues to expect to devote significant time to fielding

28   Class Member inquiries up to and even after final approval, as Class Counsel's obligation to the

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD                        Case No. 17-cv-01825-JD

- 11 -

1    Class continues after final approval of the Settlement. *Barboza v. West Coast Digital GSM, Inc.*,

2    179 Cal. App. 4th 540, 546-547 (2009) ("[C]lass counsel must represent all of the absent class

3    members' interests throughout the litigation to the extent there are class issues."); Jt. Decl., ¶¶ 35-

4    36. Plaintiffs' Counsel have been responding to multiple phone calls per day from Class Members

5    since the mailing of the Class Notice on December 2, 2019, and expect many more such inquiries

6    in the future. *Id.* Additionally, Plaintiffs' Counsel must continuously monitor the performance of

7    the Claims Administrator, and potentially tend to post-approval disputes that Class Members may

8    have regarding the implementation of the future repair program. Based on the foregoing, the total

9    number of hours billed or will be billed by Plaintiffs' Counsel is reasonable.

10                  **b)**        **The Rates of Counsel Are Reasonable.**

11       The hourly rates billed by counsel as part of their lodestar, range from $595 for associates

12    to $850 for attorney's time. For example, Mr. Graifman's billing rate is $850 per hour and Mr.

13    Sobran's billing rate is $750 an hour. Both attorneys have had these hourly rates approved recently

14    in *In re VW Timing Chain Litig.*, *supra*, in which Mr. Graifman was co-lead counsel and Mr. Sobran

15    was on the executive committee. Both have extensive experience litigating automotive defect

16    consumer class actions in this district and throughout the nation (e.g., See Graifman Decl. at ¶¶ 10,

17    11, 12 and Exh. C p. 9) and Sobran Decl. at Exh. C)). *See also, In* re *Nissan Radiator Transmission*

18    *Cooler Litig.*, 2013 WL 4080946 at *17 (S.D.N.Y. May 30, 2013) (where fees included attorney

19    Gary Graifman's $785 hourly rate as of 2013, noting that "[T]he Court finds the rates charged fall

20    within the prevailing market rates 'for similar services by lawyers of reasonably comparable skill,

21    expertise and reputation.'") (citing *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).

22       California federal and state courts have approved hourly rates in this range for plaintiffs' law

23    firms in California. Recently, this Court approved fee awards in two cases in which the billing

24    partners' rates were in the $900-$1,025 per hour range and associates were in the $500-$600 range.

25    *See*, *Huntsman v. Southwest Airlines Co.*, 3:17-cv-03972-JD, Dkt. 57 and 49-1 (N.D. Cal. Oct. 4,

26    2019) (granting award of fee application which sought up to $900 per hour for partner billing rate);

27    *In re Resistors Antitrust Litig.*, 3:15-cv-03820-JD (N.D. Cal. Nov. 21, 2019) (granting award of fee

28    application which sought up to $900-1025 per hour for partners' billing rates). The order approving

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD       Case No. 17-cv-01825-JD

- 12 -

1   the application in *In re Resistors* was initially denied without prejudice to resubmit, but was publicly

2   reported as approved on November 21, 2019, although a search of the docket indicates that no order

3   has been entered. *See*, Law360, at "*Hagens Berman, Cohen Milstein Get $10M Fees on 2nd Try*" at:

4   https://www.law360.com/articles/1222421/hagens-berman-cohen-milstein-get-10m-fees-on-2nd-try.

5               **2.       The Modest Lodestar Multiplier Is Also Justified.**

6               After determining the lodestar, the Court must determine whether there should be an

7   enhancement or reduction by applying a multiplier. Courts within the Ninth Circuit have considered

8   additional factors in considering the fairness of the award, including the application of a multiplier.

9   These factors include: (1) the results achieved; (2) the risks of further litigation and the complexity

10  of the case; (3) the contingent nature of the fee; (4) awards made in similar cases; and (5) a

11  percentage cross-check. *Vizcaino*, 290 F.3d at 1048-50; *accord, In re Consumer Privacy Cases*, 175

12  Cal. App. 4th 545, 551 (2009). While no single factor is determinative of reasonableness, these

13  factors, discussed *supra*, also support the fee request. *See Vizcaino*, 290 F.3d at 1049-1050 (finding

14  by Ninth Circuit that a multiplier of "3-4 range" is common after conducting a survey of cases).

15  This Court has referred to the Ninth Circuit survey of multipliers to note that lodestar multipliers of

16  up to 4.0 are "typically awarded" in common fund cases. *Kakani v. Oracle Corp.*, 2007 U.S. Dist.

17  LEXIS 95496 (N.D. Cal. Dec. 21, 2007). Here, the multiplier being sought if the Court were to rely

18  on the lodestar method and the current lodestar amounts to a modest 2.29 multiplier. That multiplier

19  will obviously be reduced at the final fairness hearing.

20              As also noted above, the risks counsel undertook in commencing and prosecuting this matter

21  were significant and the contingent nature of the fee, based upon success, demonstrates the justified

22  basis for a multiplier. Not only has the Settlement resulted in an excellent outcome for the Class,

23  but Class Counsel litigated the case entirely on a contingent fee basis, foregoing any payment or

24  assurance of payment for approximately two (2) years. The risk of non-payment brought about by

25  the contingent nature of the fee arrangement is so significant by itself that this Court and the Ninth

26  Circuit have approved of awarding a 2.0 multiplier to account for the "return expected by lawyers."

27  *Fadhl v. City and County of San Francisco*, 859 F.3d 649, 650 (9th Cir. 1988); *see also Crommie v.*

28  *Public Utils. Comm'n*, 840 F. Supp. 719 (N.D. Cal. 1994).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD                    Case No. 17-cv-01825-JD

1   The superior results obtained and the comparison to awards in other cases justify the

2   multiplier requested under the lodestar analysis.

3       **C.     The Costs and Expenses for Which Reimbursement is Sought are Reasonable,
           and Should be Approved**

4

5       As detailed in the accompanying Jt. Decl. and firm Declarations, Class Counsel expended

6   $40,537.44 in reasonable and necessary expenses to litigate this matter. *See* Jt. Decl., at ¶ 37. These

7   expenses were incurred for such tasks as traveling to and from Court appearances, court reporters,

8   Court transcript costs, copying, consulting experts, as well as for data use fees for legal research

9   done specifically for this case. For these expenses, the rule is that prevailing parties may recover, as

10  part of statutory attorneys' fees, "litigation expenses . . . when it is 'the prevailing practice in the

11  given community' for lawyers to bill those costs separate from their hourly rates." *Trustees. of the*

12  *Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258

13  (9th Cir. 2006) (citation omitted). The foregoing categories of expenses are assuredly the type of

14  expenses that attorneys in California bill their clients when the costs are incurred. *See Johnson v.*

15  *General Mills, Inc.*, No. 10-00061-CJC, 2013 U.S. Dist. LEXIS 90338, at *20-*21 (C.D. Cal. June

16  17, 2013) (quoting *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007)).

17      **D.     The Service Awards Sought Should Also Be Approved**

18      A payment of a service award to class representatives is permissible and often awarded as

19  compensation for an individual undertaking the risk and expending time in working with plaintiffs'

20  counsel to advance Class Members' interests. *See Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 958-

21  59 (9th Cir. 2009). Courts routinely approve incentive awards to compensate named plaintiffs for

22  the services they provided and the risks incurred during the court of the class action litigation. *See*

23  *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 490 (E.D. Cal. 2010).

24      Defendant has agreed, subject to Court approval, to a modest service award of $2,500.00 to

25  each of the three named Plaintiffs. No service award granted by the Court will affect the award of

26  any other Class member and the overall settlement consideration is not subject to any aggregate cap.

27  Moreover, under the Settlement Agreement, VWGoA bears the cost of the class notice, claims

28  administration, and approved reasonable attorneys' fees and expenses. *See* SA at ¶¶IV(A) and (B).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD          Case No. 17-cv-01825-JD

- 14 -

The Class Representatives fully participated in the litigation and settlement process. Class Representatives provided necessary documents and support to Class Counsel. Class Counsel were able to understand the nature of the defect alleged herein because of, in part, the valuable input from the Class Representatives, and their imparting the circumstances surrounding their respective failures and providing the invoices and repair information to counsel. Class Representatives reviewed the Amended Complaint and provided input thereto and reviewed the opposition to Defendant's motion to dismiss See Declarations of Gregory Coffeng, Mark Glaser and Jordan Wilson annexed to the Jt. Decl. as Exhibits "5," "6," and "7" respectively.

Class Counsel is mindful of this Court's previous decisions on incentive awards. However, counsel believes that a modest incentive award is warranted in this matter and is in line with incentive awards approved in this District. *See Bellinghausen v. Tractor Supply Co.*, No. 13-cv-2377-JSC, 2015 WL 1289342, at *17 (N.D. Cal. Mar. 20, 2015) (awarding named class plaintiff $15,000 incentive award "in light of the time and effort Plaintiff expended for the benefit of the class."); *Navarro v. Servisair*, No. 08-cv-2716, MHP, 2010 WL 1729538, at *4 (N.D. Cal. Apr. 27, 2010) ("Based on this active participation, an incentive award of $10,000.00 is reasonable."); *see also Seifi v. Mercedes Benz U.S.A., LLC*, Case No. 12-cv-05493-TEH (N.D. Cal. Aug. 8, 2015), Dkt. 208 at 4 (awarding incentive awards of $9,000 each to class representatives and holding "The incentive awards sought are justified and in line with incentive awards approved by this Court.).

## III.   CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion.

STULL, STULL & BRODY

Dated:  December 16, 2019               By:  *s/ Patrice L. Bishop*
                                             Patrice L. Bishop
                                             STULL, STULL & BRODY
                                             8383 Wilshire Blvd., Suite 800
                                             Beverly Hills, CA  90211
                                             Tel:    (323) 456-8638
                                             Fax:    (323) 456-8601
                                             Email:  pbishop@ssbla.com

                                             *Local Counsel for Plaintiffs Gregory Coffeng, Mark Glaser and Jordan Wilson and the Putative Class*

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD               Case No. 17-cv-01825-JD

- 15 -

Gary S. Graifman (admitted *pro hac vice*)
KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel:    (845) 356-2570
Fax:    (845) 356-4335
Email: ggraifman@kgglaw.com
          jbrody@kgglaw.com

Thomas P. Sobran (admitted *pro hac vice*)
THOMAS P. SOBRAN, P.C.
7 Evergreen Lane
Hingham, MA 02043
Tel:    (781) 741-6075
Fax:    (781) 741-6074
Email: tsobran@sobranlaw.com

*Lead Counsel for Plaintiffs Gregory Coffeng, Mark
Glaser and Jordan Wilson and the Putative Class*

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND SERVICE AWARD                    Case No. 17-cv-01825-JD

- 16 -