UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY COFFENG, MARK GLASER and JORDAN WILSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 17-cv-01825-JD<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT**<br><br>JUDGE:　Hon. James Donato<br>CRTRM:　11, 19th Floor |

1. Having considered the Joint Motion for Final Approval (the "Motion", Dkt. No. 84) of the Class Settlement ("Settlement") between the Class Representatives, Plaintiffs Gregory Coffeng, Mark Glaser, and Jordan Wilson (collectively, "Plaintiffs" or "Class Representatives") and Defendant Volkswagen Group of America, Inc. ("VWGoA" or "Defendant"); the supporting Joint Declaration of Gary S. Graifman and Thomas P. Sobran ("Joint Declaration") (Dkt. No. 86) and exhibits annexed thereto including the Second Amended Settlement Agreement ("Settlement Agreement"); the Declaration (Dkt. No. 84 Att. 1) and Supplemental Declaration (Dkt. No. 93 Att. 2) of Cameron R. Azari and exhibits annexed thereto; the objections to the Settlement (Dkt. Nos. 89, 90, 91 and 101); the Brief in Further Support of Final Approval on behalf of Defendant (Dkt. No. 92); the Reply in Support of Motion for Final Approval (Dkt. No. 93) and exhibits thereto; and the Court, having held a fairness hearing on May 14, 2020 and having carefully considered all of the submissions and arguments with respect to the Motion; and having provisionally certified, by the Court's prior Preliminary Approval Order dated August 29, 2019 (Dkt. 82) (the "Preliminary Approval Order"), a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and directed the dissemination of Class Notice pursuant to the approved Notice Plan; and the Court being fully advised in the premises, the Court finds and orders as follows:

    1. **Certification of the Class**. The Court finds that, for purposes of Settlement, the applicable prerequisites for class action treatment under FED. R. CIV. P 23(a) and 23(b)(3) are satisfied, to wit: The Class or Settlement Class as defined in Paragraph I (Q) of the Settlement Agreement and also defined below, consisting of approximately 1,765,180 Settlement Class Members, is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class, the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

    2. **Notice of the Class Action Settlement**. The Court finds that, as demonstrated by the Declaration and Supplemental Declaration of Cameron Azari, and counsel's submissions, Notice

to the Settlement Class was timely and properly effectuated in accordance with FED. R. CIV. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

3. **CAFA Notice**. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Claims Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where class members reside, thereby satisfying the requirements of CAFA. None of the Attorneys General filed objections to the Settlement.

4. **Defined Terms of the Settlement Agreement.** Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

5. **The Settlement is Fair, Reasonable and Adequate.** The Court finds that the Settlement is fair, reasonable, and adequate and in all respects satisfies the requirements for a class settlement under Rule 23. The Settlement provides substantial benefits to the Class such as:

> (A) an extended warranty for (i) repair or replacement of a failed primary engine water pump of a Settlement Class Vehicle, free of charge, by an authorized Volkswagen or Audi dealer (depending on the brand of Settlement Class Vehicle), after December 6, 2019 (the "Notice Date") and during a period of 10 years or 100,000 miles (whichever occurs first) from the In-service Date of the Settlement Class Vehicle, subject to all terms, conditions, requirements and limitations set forth in Sections I(M) and II(A) of the Settlement Agreement, and (ii) a percentage of the cost of repair or replacement, by an authorized Volkswagen or Audi dealer, of a failed or damaged engine of a Settlement Class Vehicle that was caused by a primary engine water pump failure, during said period of 10 years or 100,000 miles (whichever occurs first) from the vehicle's In-Service Date, based on the percentages set forth in Table 1 at Section II(A) of the Settlement Agreement as applicable to the

1  Settlement Class Vehicle, and subject to all terms, conditions, requirements and limitations
2  set forth in Sections I(M) and II(A) of the Settlement Agreement; and

3  (B) reimbursement of (i) out-of-pocket expenses that were paid by a Settlement Class
4  member to repair or replace a failed primary engine water pump of a Settlement Class Vehicle
5  prior to December 26, 2019 and within 10 years or 100,000 miles (whichever occurred first)
6  from the Settlement Class Vehicle's In-Service Date, at (a) 100% reimbursement of the paid
7  out-of-pocket expense if the repair or replacement was performed within 8 years or 80,000
8  miles (whichever occurred first) from the Settlement Class Vehicle's In-Service Date, subject
9  to a maximum reimbursement of $950 if the repair or replacement was performed by an
10 independent service center, or (b) 70% reimbursement of the paid out-of-pocket expense if
11 the repair or replacement was performed from 8 years and one day or 80,001 miles (whichever
12 occurred first) up to 10 years or 100,000 miles (whichever occurred first) from said vehicle's
13 In-Service Date, subject to a maximum reimbursement of $665 if the repair or replacement
14 was performed by an independent service center, subject to all terms, conditions,
15 requirements and limitations set forth in Sections I(M), II(B) and II(C) of the Settlement
16 Agreement, and (ii) reimbursement of a percentage of the out-of-pocket expenses that were
17 paid by a Settlement Class Member for repair or replacement of a failed or damaged engine
18 of a Settlement Class Vehicle that was directly caused by a primary engine water pump failure
19 that was performed prior to December 26, 2019 and within 10 years or 100,000 miles
20 (whichever occurred first) from the vehicle's In-Service Date, based on the percentages set
21 forth in Table 1 at Section II(C) of the Settlement Agreement, subject to a maximum
22 reimbursement of $4,000 if the repair or replacement was performed by an independent
23 service center, and subject to all terms, conditions, requirements and limitations set forth in
24 Sections I(M), II (B) and (C) of the Settlement Agreement.

25  6.  The Court finds that the Settlement is fair, reasonable and adequate, and in all
26 respects satisfied FED. R. CIV. P. 23, especially considering the facts and circumstances of this
27 case, the claims and defenses asserted, and the risks of non-recovery or reduced recovery, non-class
28 certification and potential delays of recovery associated with the continued litigation of these claims.

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD

- 3 -

1  There are approximately 1,765,180 Settlement Class Members for approximately 874,781
2  Settlement Class Vehicles.

3  7.   The Court also finds that the Settlement was entered as a result of extensive arm's-
4  length negotiations of disputed claims among experienced counsel, and that there was no collusion.
5  The Settlement was entered into with a sufficient understanding by counsel of the strengths and
6  weaknesses of their respective cases, and of the potential risks versus benefits of continued
7  litigation, including but not limited to the ability to establish and/or extent of establishing liability,
8  damages, class certification, and maintenance of class certification through trial and potential
9  appeals.  These factors have been explained to the Court's satisfaction in the parties' submissions.

10  8.   As set forth in the Settlement Agreement, the Court finds that the Settlement does
11  not and shall not constitute any admission, acknowledgement or evidence of any wrongdoing or
12  liability on the part of Defendant or any Released Party, or of the merit of any claim or allegation
13  that was or could have been asserted in this Litigation.

14  9.   Of the 1,765,180 Settlement Class Members, only four (4) objections were received
15  and only 302 Settlement Class Members submitted timely and valid requests for exclusion from the
16  Settlement.  The Court finds that this demonstrates an extremely favorable reaction of the Class to
17  the Settlement, which further supports the finding herein that the Settlement is fair, reasonable and
18  adequate.

19  10.  The Court has reviewed the parties' submissions and hereby approves and accepts
20  the settlements and withdrawals of the objections of Marla S. Hyde (Dkt. No.89) and Karen King
21  (Dkt. No.90).  These objections are hereby deemed withdrawn.  The Court further these objections
22  to be without merit in any event.

23  11.  The Court, having carefully considered the objections of Cynthia Middlebrooks (Dkt.
24  No. 91) and Cindy Bascoe (Dkt. No. 101), including all related submissions and arguments, finds
25  that these objections lack merit.  These objections are hereby overruled.

26  12.  The Court has considered the following requests for exclusion and finds them to be
27  invalid for failure to provide one or more of the required information set forth in the Preliminary
28  Approval Order and explained in the Class Notice: Jacquieline Haines, Patricia Young, James

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD

1  Bergstrom and Martha Vega (failure to provide VIN of their vehicles, as required), Judith Smith,
2  Virginia Wiepking, Robert Wiepking and Rober Willard (failure to provide their phone numbers, as
3  required), Veronica Gray and Marilyn Claus (failure to provide multiple required information
4  including the models, model years and VINs of their vehicles).

5        13.    The Court appreciates the fact that because any reimbursement pursuant to the
6  Settlement was contingent upon the issuance of a final approval order, the process of reviewing the
7  Settlement Class Member reimbursement claims for completeness and/or validity has only now
8  begun. However, the Court is aware and satisfied that, as of the date of the final fairness hearing,
9  approximately 27,140 reimbursement claims have been received by the Claims Administrator.

10        14.    The Parties and Settlement Class Members have irrevocably submitted to the
11  exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of
12  Settlement.

13        15.    It is in the best interests of the Parties and the Settlement Class Members and
14  consistent with principles of judicial economy that any dispute between any Settlement Class
15  Member (including any dispute as to whether any person is a Settlement Class Member) and any
16  Released Party which in any way relates to the applicability, scope and/or interpretation of the
17  Settlement Agreement or this Final Order and Judgment, should be presented exclusively to this
18  Court for resolution by this Court.

19  **IT IS THEREFORE ORDERED AND ADJUDGED THAT:**

20  The Court certifies, for the purpose of this Settlement, a Settlement Class consisting of the
21  following:

> All persons or entities who purchased or leased a Settlement Class Vehicle defined as certain 2008 through 2014 model and model year VW and Audi vehicles, as more particularly designated by Vehicle Identification Number ("VIN") listed on Exhibit 4 of the Settlement Agreement, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "the Settlement Class").
>
> Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage (other than to the Settlement Class Vehicle itself) and/or subrogation; (b) all Judges who have presided over this matter and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members;

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD

(d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class, as listed in Exhibit A.

16. The Settlement Agreement submitted by the Parties is, in all respects, finally approved pursuant to FED. R. CIV. P. Rule 23(e) as fair, reasonable, adequate, and in the best interests of the Settlement Class.

17. The settlements and withdrawals of the objections of Marla S. Hyde and Karen King are hereby approved and accepted, and those objections are hereby deemed withdrawn. The Court further finds these objections to be without merit.

18. The Objections of Cindy Bascoe (Dkt. 101) and Cynthia Middlebrooks (Dkt. 91) have been duly considered and are hereby overruled.

19. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the 302 Settlement Class Members who are listed on Exhibit A annexed hereto. Any other requests for exclusion are hereby rejected as untimely or as otherwise failing to provide information required by this Court.

20. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

21. The Parties and each person or entity within the definition of the Settlement Class are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the release of claims contained therein, except for those identified in Exhibit A annexed hereto, who have duly and timely excluded themselves from the Settlement.

22. The Action is hereby dismissed, with prejudice and without costs.

23. This Final Approval Order and Judgment has been entered without any admission by any Party as to the merits of any allegation in this Action and shall not constitute a finding of either

1  fact or law as to the merits of any claim or defense that was or could have been asserted in the
2  Action. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the
3  proceedings, or any documents, filings or statements related thereto, is or shall be deemed or
4  construed to be an admission, or evidence, of any liability or wrongdoing on the part of the
5  Defendant, or of any allegation or claim asserted in this action, all of which are expressly denied by
6  Defendant.

7      24.     The Released Claims, as set forth in the Settlement Agreement, are hereby fully and
8  finally deemed released, discharged, compromised, settled and dismissed with prejudice against
9  Defendant and all Released Parties.

10     25.     Members of the Settlement Class and their successors and assigns are hereby
11 permanently barred and enjoined from asserting, commencing, prosecuting, maintaining or
12 continuing to prosecute or maintain, either directly or indirectly, any Released Claim against any of
13 the Released Parties in any forum, whether judicial, administrative or otherwise, with the exception
14 of any Settlement Class Members who have duly and timely excluded themselves from the
15 Settlement, as listed for purposes of identification on Exhibit A annexed hereto.

16     26.     The Court appoints Plaintiffs Gregory Coffeng, Mark Glaser and Jordan Wilson as
17 representatives of the Settlement Class, and approves a service award of two thousand five hundred
18 dollars ($2,500.00) to each of the said Plaintiffs as a reasonable payment for his efforts, expenses
19 and risk in bringing this action, which shall be paid by Defendant as provided in the Settlement
20 Agreement.

21     27.     The law firms of Kantrowitz Goldhamer & Graifman, P.C., Stull, Stull and Brody,
22 and Thomas B. Sobran, P.C., previously appointed as Interim Class Counsel for the Settlement Class
23 in the Preliminary Approval Order (Dkt. No. 82), are hereby confirmed and appointed as Class
24 Counsel for the Settlement Class.

25     28.     Based upon Class Counsel's submissions and arguments, including Class Counsel's
26 lodestar, costs and expenses, and Settlement value estimate, the Court hereby approves Class
27 Counsel's request for an award of reasonable attorney fees, costs and expenses in the collective
28 combined total amount of two million four hundred thousand dollars ($2,400,000.00), consisting of

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD

1  $40,754.66 for all costs and expenses and $2,359,245.34 for all attorney fees (collectively, the "fee and expense award"), which amounts shall be paid by Defendant in the manner set forth in the Settlement Agreement.  The Court finds said fee and expense award to be reasonable and consistent with applicable law.

29.  The Court further directs that of the aforesaid fee and expense award, the $2,359,245.34 attributed to the Class Counsel's collective attorney fees Counsel shall be paid as follows:  (i) seventy-five percent (75%), or $1,769,434, shall be paid pursuant to the terms of the Settlement Agreement, and (ii) the remaining twenty-five percent (25%), or $589,811.34, shall be paid within ten (10) business days after Class Counsel's submission, to the Court, of the post-distribution accounting required under the Northern District Procedural Guidance for Class Action Settlements.  Said payments are to be made to the Class Counsel designee set forth in the Settlement Agreement, and shall constitute satisfaction in full of any and all obligations of Defendant with respect to the payment of attorney fees, costs and expenses in connection with this action and controversy.

30.  The Court also confirms the approval of Epiq Class Action & Claims Solutions, Inc. as Claims Administrator to effectuate the duties and responsibilities set forth in the Settlement Agreement.

31.  Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement.

///

///

///

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD

- 8 -

32.     The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

IT IS SO ORDERED.

Dated: _____                    _____
                                                Honorable James Donato
                                                United States District Judge

Respectfully submitted by:

Patrice L. Bishop
Stull, Stull & Brody
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA  90211
Tel:    (323) 456-8638
Fax:    (323) 456-8601
Email:  pbishop@ssbla.com

*Local Counsel for Plaintiff Gregory Coffeng*

Gary S. Graifman
Jay I. Brody
Kantrowitz, Goldhamer & Graifman, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel:    (845) 356-2570
Fax:    (845) 356-4335
Email:  ggraifman@kgglaw.com

Thomas P. Sobran
Thomas P. Sobran, P.C.
7 Evergreen Lane
Hingham, MA 02043
Tel:    (781) 741-6075
Fax:    (781) 741-6074
Email:  tsobran@sobranlaw.com

*Counsel for Plaintiffs Gregory Coffeng,
Mark Glaser, and Jordan Wilson*

Michael B. Gallub
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
Tel:    (212) 471-8536
Email:  mgallub@herzfeld-rubin.com

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD

Craig L. Winterman
Herzfeld & Rubin LLP
10866 Wilshire Boulevard, Suite 800
Los Angeles CA 90024
Tel:	(310) 553-0451
Fax:	(310) 553-0648
Email:	cwinterman@hrllp-law.com

*Attorneys for Defendant,
Volkswagen Group of America, Inc.*

[PROPOSED] FINAL ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT
Case No. 17-cv-01825-JD